COPY

1   John B. Sganga, Jr. (SBN 116,211)
    john.sganga@kmob.com
2   Douglas G. Muehlhauser (SBN 179,495)
    doug.muehlhauser@kmob.com
3   Perry D. Oldham (SBN 216,016)
    perry.oldham@kmob.com
4   Mark Lezama (SBN 253,479)
    mark.lezama@kmob.com
5   Alan G. Laquer (SBN 259,257)
    alan.laquer@kmob.com
6   KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street
7   Fourteenth Floor
    Irvine, CA 92614
8   Phone: (949) 760-0404
    Facsimile: (949) 760-9502
9
    Attorneys for Plaintiff
10  NOMADIX, INC.

11

12

13              IN THE UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                                  CV09-8441 CAS(JEMx)

16  NOMADIX, INC.,                  ) Civil Action No.
    a Delaware corporation,         )
17                                  )
              Plaintiff,            ) **COMPLAINT FOR PATENT**
18                                  ) **INFRINGEMENT OF U.S.**
         v.                         ) **PATENT NOS. 6,130,892,**
19                                  ) **7,088,727, 7,554,995, 6,636,894,**
    HEWLETT-PACKARD COMPANY,        ) **7,194,554, 6,868,399 AND**
20  a Delaware corporation,         ) **6,789,110**
                                    )
21  WAYPORT, INC.,                  )
    a Delaware corporation,         )
22                                  ) **DEMAND FOR JURY TRIAL**
    IBAHN CORPORATION,              )
23  a Delaware corporation,         )
                                    )
24  GUEST-TEK INTERACTIVE           )
    ENTERTAINMENT LTD.,             )
25  a Canadian corporation,         )
                                    )
26  GUEST-TEK INTERACTIVE           )
    ENTERTAINMENT INC.,             )
27  a California corporation,       )
                                    )
28                                  )

FILED
2009 NOV 17 PM 1:32
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

1

LODGENET INTERACTIVE
CORPORATION,
a Delaware corporation,

2

3

LODGENET STAYONLINE, INC.,
a Delaware corporation,

4

ON COMMAND CORPORATION,
a Delaware corporation,

5

6

ARUBA NETWORKS, INC.,
a Delaware corporation,

7

SUPERCLICK, INC.,
a Washington corporation,

8

9

SUPERCLICK NETWORKS, INC.,
a Canadian corporation,

10

Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Nomadix, Inc. ("Nomadix") hereby complains of Defendants

2    • Hewlett-Packard Company ("HP"),

3    • Wayport, Inc. ("Wayport"),

4    • iBAHN Corporation ("iBAHN"),

5    • Guest-Tek Interactive Entertainment Ltd., Guest-Tek Interactive

6    Entertainment Inc. (collectively, "Guest-Tek"),

7    • LodgeNet Interactive Corporation, LodgeNet StayOnline, Inc., On

8    Command Corporation (collectively, "LodgeNet"),

9    • Aruba Networks, Inc. ("Aruba"),

10   • Superclick, Inc. and Superclick Networks, Inc. (collectively,

11   "Superclick"),

12   and alleges as follows:

13   ## JURISDICTION AND VENUE

14   1.    This Complaint states causes of action for patent infringement

15   arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and,

16   more particularly, 35 U.S.C. §§ 271 and 281.  This Court has subject matter

17   jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18   2.    Upon information and belief, HP, Wayport, iBAHN, Guest-Tek,

19   LodgeNet, Aruba and Superclick each conduct business throughout the United

20   States, including in this judicial district, and have each committed the acts

21   complained of in this judicial district and elsewhere.

22   3.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)

23   and (c) and 1400(b).

24   ## PARTIES

25   4.    Nomadix is a Delaware corporation having its principal place of

26   business at 1100 Business Center Circle, Suite 100, Newbury Park, California

27   91320.

28   5.    Upon information and belief, HP is a Delaware corporation having

-1-

its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

6.     Upon information and belief, Wayport is a Delaware corporation having its principal place of business at 4509 Freidrich Lane, Building III, Suite 300, Austin, Texas 78744.

7.     Upon information and belief, iBAHN is a Delaware corporation having its principal place of business at 10757 S. River Front Parkway, Suite 300, Salt Lake City, Utah 84095.

8.     Upon information and belief, Guest-Tek Interactive Entertainment Ltd. is an Alberta, Canada corporation having its principal place of business at Suite 240, 3030 - 3rd Avenue N.E., Calgary, Alberta T2A 6T7.

9.     Upon information and belief, Guest-Tek Interactive Entertainment Inc. is a California corporation having its principal place of business at 3 Goodyear, Suite B, Irvine, California 92618.  Upon information and belief, Guest-Tek Interactive Entertainment Inc. is a wholly owned subsidiary of Guest-Tek Interactive Entertainment Ltd.

10.     Upon information and belief, LodgeNet Interactive Corporation is a Delaware corporation having its principal place of business at 3900 West Innovation Street, Sioux Falls, South Dakota 57107.

11.     Upon information and belief, LodgeNet StayOnline, Inc. is a Delaware corporation having its principal place of business at 3900 West Innovation Street, Sioux Falls, South Dakota 57107.  Upon information and belief, LodgeNet StayOnline, Inc. is a wholly owned subsidiary of LodgeNet Interactive Corporation.

12.     Upon information and belief, On Command Corporation is a Delaware corporation having its principal place of business at 3900 West Innovation Street, Sioux Falls, South Dakota 57107.  Upon information and belief, On Command Corporation is a subsidiary of LodgeNet Interactive

1    Corporation.

2        13.    Upon information and belief, Aruba is a Delaware corporation

3    having its principal place of business at 1344 Crossman Avenue, Sunnyvale,

4    California 94089.

5        14.    Upon information and belief, Superclick, Inc. is a Washington

6    corporation having a principal place of business at 10222 St-Michel Boulevard,

7    Suite 300, Montreal, Quebec, H1H 5H1.

8        15.    Upon information and belief, Superclick Networks, Inc. is a

9    Quebec, Canada corporation having its principal place of business at 10222 St-

10   Michel Boulevard, Suite 300, Montreal, Quebec, H1H 5H1.  Upon information

11   and belief, Superclick Networks, Inc. is a wholly owned subsidiary of

12   Superclick, Inc.

13                  **ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

14       16.    On October 10, 2000, the United States Patent and Trademark

15   Office duly and lawfully issued U.S. Patent No. 6,130,892 ("the '892 patent"),

16   titled "Nomadic Translator or Router."   Nomadix owns the '892 patent by

17   assignment.   A copy of the '892 patent is attached hereto as Exhibit 1.

18   Reexamination of the '892 patent was requested on or around February 15,

19   2005.  As part of the reexamination proceedings, the United States Patent and

20   Trademark Office has issued a Notice of Intent to Issue *Ex Parte* Reexamination

21   Certificate in which it indicated its intent to confirm the patentability, without

22   amendment, of Claims 1–8 of the '892 patent.  A copy of the Notice of Intent to

23   Issue *Ex Parte* Reexamination Certificate is attached hereto as Exhibit 2.

24       17.    On August 8, 2006, the United States Patent and Trademark Office

25   duly and lawfully issued U.S. Patent No. 7,088,727 ("the '727 patent"), titled

26   "System and Method for Establishing Network Connection with Unknown

27   Network and/or User Device."  Nomadix owns the '727 patent by assignment.  A

28   copy of the '727 patent is attached hereto as Exhibit 3.

18.   On June 30, 2009, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,554,995 ("the '995 patent"), titled "System and Method for Establishing Network Connection with Unknown Network and/or User Device."  Nomadix owns the '995 patent by assignment.  A copy of the '995 patent is attached hereto as Exhibit 4.

19.   On October 21, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,636,894 ("the '894 patent"), titled "Systems and Methods for Redirecting Users Having Transparent Computer Access to a Network Using a Gateway Device Having Redirection Capability."  Nomadix owns the '894 patent by assignment.  A copy of the '894 patent is attached hereto as Exhibit 5.  Reexamination of the '894 patent was requested on or around September 24, 2004, and the ensuing reexamination resulted in confirmation of the patentability, without amendment, of Claims 1–11 of the '894 patent.  A copy of the *Ex Parte* Reexamination Certificate for the '894 patent is attached hereto as Exhibit 6.

20.   On March 20, 2007, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,194,554 ("the '554 patent"), titled "Systems and Methods for Providing Dynamic Network Authorization Authentication and Accounting."   Nomadix owns the '554 patent by assignment.  A copy of the '554 patent is attached hereto as Exhibit 7.

21.   On March 15, 2005, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,868,399 ("the '399 patent"), titled "Systems and Methods for Integrating a Network Gateway Device with Management Systems."  Nomadix owns the '399 patent by assignment.  A copy of the '399 patent is attached hereto as Exhibit 8.

22.   On September 7, 2004, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,789,110 ("the '110 patent"), titled "Information and Control Console for Use with a Network Gateway

1   Interface." Nomadix owns the '110 patent by assignment. A copy of the '110
2   patent is attached hereto as Exhibit 9.

3        23.    Nomadix has marked the gateway devices it has manufactured and
4   sold under the '892, '727, '894, '554, '399 and '110 patents with the numbers of
5   those patents in accordance with 35 U.S.C. § 287(a).

6   **I. CLAIMS AGAINST HP**
7   **CLAIM 1: CLAIM FOR INFRINGEMENT OF**
8   **U.S. PATENT NO. 6,130,892 BY HP**

9        24.    Nomadix repeats, realleges and incorporates by reference the
10  allegations set forth in paragraphs 1–23 of this Complaint.

11       25.    This is a claim for patent infringement arising under the patent laws
12  of the United States, Title 35 of the United States Code.

13       26.    Without authority, HP, through its agents, employees and servants,
14  has manufactured, used, promoted, offered for sale, and/or sold within the United
15  States, and/or imported into the United States products covered by one or more
16  claims of the '892 patent, has actively induced others to do the same and/or has
17  contributed to others' performance of the same. HP has thereby infringed,
18  actively induced others to infringe and/or contributed to others' infringement of
19  one or more claims of the '892 patent in violation of 35 U.S.C. § 271, including 35
20  U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The
21  products relating to HP's infringement include network gateway devices in HP's
22  Colubris and ProCurve product lines and/or other network gateway devices that
23  connect computers and mobile devices to networks.

24       27.    Without authority, Colubris Networks Inc., through its agents,
25  employees and servants, manufactured, used, promoted, offered for sale, and/or
26  sold within the United States, and/or imported into the United States products
27  covered by one or more claims of the '892 patent, actively induced others to do
28  the same and/or contributed to others' performance of the same. Colubris

Networks Inc. thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '892 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). The products relating to Colubris Networks Inc.'s infringement include the Colubris MSC products and/or other network gateway devices that connect computers and mobile devices to networks.

28.    By no later than September 9, 2008, Nomadix had given Colubris Networks Inc. written notice of its infringement of the '892 patent.

29.    HP acquired Colubris Networks Inc. on or around October 1, 2008. Upon information and belief, Colubris Networks Inc. merged into HP upon or shortly after being acquired by HP. Upon information and belief, since the merger, HP has maintained and used and continues to maintain and use assets, facilities and/or personnel belonging to or employed by Colubris Networks Inc. before the merger. HP is liable for Colubris Networks Inc.'s infringement of the '892 patent due to, *inter alia*, successor liability. Upon information and belief, after its acquisition of and merger with Colubris Networks Inc., HP supported and continues to support the products related to Colubris Networks Inc.'s infringement of the '892 patent, thereby actively inducing others to infringe and/or contributing to others' infringement of the '892 patent.

30.    Upon information and belief, HP's infringement of at least the '892 patent has been and continues to be deliberate and willful.

31.    Upon information and belief, HP's infringement of the '892 patent will continue unless enjoined by this Court.

32.    Upon information and belief, HP has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '892 patent in an amount that is not presently known to Nomadix. Upon information and belief, Colubris Networks Inc. derived and received gains, profits and advantages from the aforesaid acts of infringement of

1  the '892 patent in an amount that is not presently known to Nomadix.  Due to the

2  infringement of the '892 patent by HP and Colubris Networks Inc., Nomadix has

3  been damaged and is entitled to monetary relief in an amount to be determined at

4  trial.

5      33.    Unless HP is enjoined from infringing the '892 patent, Nomadix will

6  continue to suffer irreparable injury for which it has no adequate remedy at law.

7      **CLAIM 2: CLAIM FOR INFRINGEMENT OF**

8      **U.S. PATENT NO. 7,088,727 BY HP**

9      34.    Nomadix repeats, realleges and incorporates by reference the

10  allegations set forth in paragraphs 1–23 of this Complaint.

11      35.    This is a claim for patent infringement arising under the patent laws

12  of the United States, Title 35 of the United States Code.

13      36.    Without authority, HP, through its agents, employees and servants,

14  has manufactured, used, promoted, offered for sale, and/or sold within the United

15  States, and/or imported into the United States products covered by one or more

16  claims of the '727 patent, has actively induced others to do the same and/or has

17  contributed to others' performance of the same.  HP has thereby infringed,

18  actively induced others to infringe and/or contributed to others' infringement of

19  one or more claims of the '727 patent in violation of 35 U.S.C. § 271, including 35

20  U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The

21  products relating to HP's infringement include network gateway devices in HP's

22  Colubris and ProCurve product lines and/or other network gateway devices that

23  connect computers and mobile devices to networks.

24      37.    Without authority, Colubris Networks Inc., through its agents,

25  employees and servants, manufactured, used, promoted, offered for sale, and/or

26  sold within the United States, and/or imported into the United States products

27  covered by one or more claims of the '727 patent, actively induced others to do

28  the same and/or contributed to others' performance of the same.  Colubris

Networks Inc. thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '727 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). The products relating to Colubris Networks Inc.'s infringement include the Colubris MSC products and/or other network gateway devices that connect computers and mobile devices to networks.

38.     By no later than September 9, 2008, Nomadix had given Colubris Networks Inc. written notice of its infringement of the '727 patent.

39.     HP acquired Colubris Networks Inc. on or around October 1, 2008. Upon information and belief, Colubris Networks Inc. merged into HP upon or shortly after being acquired by HP. Upon information and belief, since the merger, HP has maintained and used and continues to maintain and use assets, facilities and/or personnel belonging to or employed by Colubris Networks Inc. before the merger. HP is liable for Colubris Networks Inc.'s infringement of the '727 patent due to, *inter alia*, successor liability. Upon information and belief, after its acquisition of and merger with Colubris Networks Inc., HP supported and continues to support the products related to Colubris Networks Inc.'s infringement of the '727 patent, thereby actively inducing others to infringe and/or contributing to others' infringement of the '727 patent.

40.     Upon information and belief, HP's infringement of at least the '727 patent has been and continues to be deliberate and willful.

41.     Upon information and belief, HP's infringement of the '727 patent will continue unless enjoined by this Court.

42.     Upon information and belief, HP has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '727 patent in an amount that is not presently known to Nomadix. Upon information and belief, Colubris Networks Inc. derived and received gains, profits and advantages from the aforesaid acts of infringement of

1   the '727 patent in an amount that is not presently known to Nomadix.  Due to the

2   infringement of the '727 patent by HP and Colubris Networks Inc., Nomadix has

3   been damaged and is entitled to monetary relief in an amount to be determined at

4   trial.

5        43.    Unless HP is enjoined from infringing the '727 patent, Nomadix will

6   continue to suffer irreparable injury for which it has no adequate remedy at law.

7   **CLAIM 3: CLAIM FOR INFRINGEMENT OF**

8   **U.S. PATENT NO. 7,554,995 BY HP**

9        44.    Nomadix repeats, realleges and incorporates by reference the

10  allegations set forth in paragraphs 1–23 of this Complaint.

11       45.    This is a claim for patent infringement arising under the patent laws

12  of the United States, Title 35 of the United States Code.

13       46.    Without authority, HP, through its agents, employees and servants,

14  has manufactured, used, promoted, offered for sale, and/or sold within the United

15  States, and/or imported into the United States products covered by one or more

16  claims of the '995 patent, has actively induced others to do the same and/or has

17  contributed to others' performance of the same.  HP has thereby infringed,

18  actively induced others to infringe and/or contributed to others' infringement of

19  one or more claims of the '995 patent in violation of 35 U.S.C. § 271, including 35

20  U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The

21  products relating to HP's infringement include network gateway devices in HP's

22  Colubris and ProCurve product lines and/or other network gateway devices that

23  connect computers and mobile devices to networks.

24       47.    Without authority, Colubris Networks Inc., through its agents,

25  employees and servants, manufactured, used, promoted, offered for sale, and/or

26  sold within the United States, and/or imported into the United States products

27  covered by one or more claims of the '995 patent, actively induced others to do

28  the same and/or contributed to others' performance of the same.  Colubris

Networks Inc. thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '995 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). The products relating to Colubris Networks Inc.'s infringement include the Colubris MSC products and/or other network gateway devices that connect computers and mobile devices to networks.

48. By no later than September 9, 2008, Nomadix had given Colubris Networks Inc. written notice of its infringement of the published patent application (Patent Application Publication No. 2005/0188092 A1) containing the allowed claims of the '995 patent.

49. HP acquired Colubris Networks Inc. on or around October 1, 2008. Upon information and belief, Colubris Networks Inc. merged into HP upon or shortly after being acquired by HP. Upon information and belief, since the merger, HP has maintained and used and continues to maintain and use assets, facilities and/or personnel belonging to or employed by Colubris Networks Inc. before the merger. HP is liable for Colubris Networks Inc.'s infringement of the '995 patent due to, *inter alia*, successor liability. Upon information and belief, after its acquisition of and merger with Colubris Networks Inc., HP supported and continues to support the products related to Colubris Networks Inc.'s infringement of the '995 patent, thereby actively inducing others to infringe and/or contributing to others' infringement of the '995 patent.

50. Upon information and belief, HP's infringement of at least the '995 patent has been and continues to be deliberate and willful.

51. Upon information and belief, HP's infringement of the '995 patent will continue unless enjoined by this Court.

52. Upon information and belief, HP has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '995 patent in an amount that is not presently known to

Nomadix.  Upon information and belief, Colubris Networks Inc. derived and received gains, profits and advantages from the aforesaid acts of infringement of the '995 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '995 patent by HP and Colubris Networks Inc., Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

53.     Unless HP is enjoined from infringing the '995 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 4: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,636,894 BY HP

54.     Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

55.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

56.     Without authority, HP, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '894 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  HP has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '894 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to HP's infringement include network gateway devices in HP's Colubris and ProCurve product lines and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, redirection.

57.     Without authority, Colubris Networks Inc., through its agents, employees and servants, manufactured, used, promoted, offered for sale, and/or

1  sold within the United States, and/or imported into the United States products
2  covered by one or more claims of the '894 patent, actively induced others to do
3  the same and/or contributed to others' performance of the same.   Colubris
4  Networks Inc. thereby infringed, actively induced others to infringe and/or
5  contributed to others' infringement of one or more claims of the '894 patent in
6  violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).   The
7  products relating to Colubris Networks Inc.'s infringement include the Colubris
8  MSC products and/or other network gateway devices that connect computers and
9  mobile devices to networks, and that facilitate related functions including, *inter*
10 *alia*, redirection.

11         58.    By no later than September 9, 2008, Nomadix had given Colubris
12 Networks Inc. written notice of its infringement of the '894 patent.

13         59.    HP acquired Colubris Networks Inc. on or around October 1, 2008.
14 Upon information and belief, Colubris Networks Inc. merged into HP upon or
15 shortly after being acquired by HP.   Upon information and belief, since the
16 merger, HP has maintained and used and continues to maintain and use assets,
17 facilities and/or personnel belonging to or employed by Colubris Networks Inc.
18 before the merger.   HP is liable for Colubris Networks Inc.'s infringement of the
19 '894 patent due to, *inter alia*, successor liability.   Upon information and belief,
20 after its acquisition of and merger with Colubris Networks Inc., HP supported and
21 continues to support the products related to Colubris Networks Inc.'s infringement
22 of the '894 patent, thereby actively inducing others to infringe and/or contributing
23 to others' infringement of the '894  patent.

24         60.    Upon information and belief, HP's infringement of at least the '894
25 patent has been and continues to be deliberate and willful.

26         61.    Upon information and belief, HP's infringement of the '894 patent
27 will continue unless enjoined by this Court.

28         62.    Upon information and belief, HP has derived, received, and will

1  continue to derive and receive gains, profits and advantages from the aforesaid
2  acts of infringement of the '894 patent in an amount that is not presently known to
3  Nomadix.   Upon information and belief, Colubris Networks Inc. derived and
4  received gains, profits and advantages from the aforesaid acts of infringement of
5  the '894 patent in an amount that is not presently known to Nomadix.  Due to the
6  infringement of the '894 patent by HP and Colubris Networks Inc., Nomadix has
7  been damaged and is entitled to monetary relief in an amount to be determined at
8  trial.

9      63.    Unless HP is enjoined from infringing the '894 patent, Nomadix will
10 continue to suffer irreparable injury for which it has no adequate remedy at law.

11          **CLAIM 5: CLAIM FOR INFRINGEMENT OF**
12          **U.S. PATENT NO. 7,194,554 BY HP**

13     64.    Nomadix repeats, realleges and incorporates by reference the
14 allegations set forth in paragraphs 1–23 of this Complaint.

15     65.    This is a claim for patent infringement arising under the patent laws
16 of the United States, Title 35 of the United States Code.

17     66.    Without authority, HP, through its agents, employees and servants,
18 has manufactured, used, promoted, offered for sale, and/or sold within the United
19 States, and/or imported into the United States products covered by one or more
20 claims of the '554 patent, has actively induced others to do the same and/or has
21 contributed to others' performance of the same.   HP has thereby infringed,
22 actively induced others to infringe and/or contributed to others' infringement of
23 one or more claims of the '554 patent in violation of 35 U.S.C. § 271, including 35
24 U.S.C. §§ 271(a), (b) and/or (c).   This infringement is currently ongoing.   The
25 products relating to HP's infringement include network gateway devices in HP's
26 Colubris and ProCurve product lines and/or other network gateway devices that
27 connect computers and mobile devices to networks, and that facilitate related
28 functions including, *inter alia*, authentication.

67.     Without authority, Colubris Networks Inc., through its agents, employees and servants, manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '554 patent, actively induced others to do the same and/or contributed to others' performance of the same.   Colubris Networks Inc. thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '554 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).   The products relating to Colubris Networks Inc.'s infringement include the Colubris MSC products and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, authentication.

68.     HP acquired Colubris Networks Inc. on or around October 1, 2008. Upon information and belief, Colubris Networks Inc. merged into HP upon or shortly after being acquired by HP.   Upon information and belief, since the merger, HP has maintained and used and continues to maintain and use assets, facilities and/or personnel belonging to or employed by Colubris Networks Inc. before the merger.   HP is liable for Colubris Networks Inc.'s infringement of the '554 patent due to, *inter alia*, successor liability.   Upon information and belief, after its acquisition of and merger with Colubris Networks Inc., HP supported and continues to support the products related to Colubris Networks Inc.'s infringement of the '554 patent, thereby actively inducing others to infringe and/or contributing to others' infringement of the '554  patent.

69.     Upon information and belief, HP's infringement of the '554 patent will continue unless enjoined by this Court.

70.     Upon information and belief, HP has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '554 patent in an amount that is not presently known to

-14-

Nomadix.   Upon information and belief, Colubris Networks Inc. derived and received gains, profits and advantages from the aforesaid acts of infringement of the '554 patent in an amount that is not presently known to Nomadix.   Due to the infringement of the '554 patent by HP and Colubris Networks Inc., Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

71.   Unless HP is enjoined from infringing the '554 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 6: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,868,399 BY HP

72.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

73.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

74.   Without authority, HP, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '399 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.   HP has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '399 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).   This infringement is currently ongoing.   The products relating to HP's infringement include network gateway devices in HP's Colubris and ProCurve product lines and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, integrated billing.

75.   Without authority, Colubris Networks Inc., through its agents, employees and servants, manufactured, used, promoted, offered for sale, and/or

sold within the United States, and/or imported into the United States products covered by one or more claims of the '399 patent, actively induced others to do the same and/or contributed to others' performance of the same.   Colubris Networks Inc. thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '399 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).   The products relating to Colubris Networks Inc.'s infringement include the Colubris MSC products and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, integrated billing.

76.   By no later than September 9, 2008, Nomadix had given Colubris Networks Inc. written notice of its infringement of the '399 patent.

77.   HP acquired Colubris Networks Inc. on or around October 1, 2008. Upon information and belief, Colubris Networks Inc. merged into HP upon or shortly after being acquired by HP.   Upon information and belief, since the merger, HP has maintained and used and continues to maintain and use assets, facilities and/or personnel belonging to or employed by Colubris Networks Inc. before the merger.   HP is liable for Colubris Networks Inc.'s infringement of the '399 patent due to, *inter alia*, successor liability.   Upon information and belief, after its acquisition of and merger with Colubris Networks Inc., HP supported and continues to support the products related to Colubris Networks Inc.'s infringement of the '399 patent, thereby actively inducing others to infringe and/or contributing to others' infringement of the '399 patent.

78.   Upon information and belief, HP's infringement of at least the '399 patent has been and continues to be deliberate and willful.

79.   Upon information and belief, HP's infringement of the '399 patent will continue unless enjoined by this Court.

80.   Upon information and belief, HP has derived, received, and will

continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '399 patent in an amount that is not presently known to Nomadix.   Upon information and belief, Colubris Networks Inc. derived and received gains, profits and advantages from the aforesaid acts of infringement of the '399 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '399 patent by HP and Colubris Networks Inc., Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

81.     Unless HP is enjoined from infringing the '399 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## II. CLAIMS AGAINST WAYPORT
## CLAIM 7: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,130,892 BY WAYPORT

82.     Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

83.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

84.     Without authority, Wayport, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '892 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Wayport has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '892 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.   The products relating to Wayport's infringement include network gateway devices that connect computers and mobile devices to networks.

85.     Upon information and belief, Wayport's infringement of the '892

-17-

1  patent will continue unless enjoined by this Court.

2        86.   Upon information and belief, Wayport has derived, received, and

3  will continue to derive and receive gains, profits and advantages from the

4  aforesaid acts of infringement of the '892 patent in an amount that is not presently

5  known to Nomadix.  Due to the infringement of the '892 patent by Wayport,

6  Nomadix has been damaged and is entitled to monetary relief in an amount to be

7  determined at trial.

8        87.   Unless Wayport is enjoined from infringing the '892 patent,

9  Nomadix will continue to suffer irreparable injury for which it has no adequate

10  remedy at law.

11  **CLAIM 8: CLAIM FOR INFRINGEMENT OF**

12  **U.S. PATENT NO. 7,088,727 BY WAYPORT**

13        88.   Nomadix repeats, realleges and incorporates by reference the

14  allegations set forth in paragraphs 1–23 of this Complaint.

15        89.   This is a claim for patent infringement arising under the patent laws

16  of the United States, Title 35 of the United States Code.

17        90.   Without authority, Wayport, through its agents, employees and

18  servants, has manufactured, used, promoted, offered for sale, and/or sold within

19  the United States, and/or imported into the United States products covered by one

20  or more claims of the '727 patent, has actively induced others to do the same

21  and/or has contributed to others' performance of the same.  Wayport has thereby

22  infringed, actively induced others to infringe and/or contributed to others'

23  infringement of one or more claims of the '727 patent in violation of 35 U.S.C. §

24  271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently

25  ongoing.  The products relating to Wayport's infringement include network

26  gateway devices that connect computers and mobile devices to networks.

27        91.   Upon information and belief, Wayport's infringement of the '727

28  patent will continue unless enjoined by this Court.

92.     Upon information and belief, Wayport has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '727 patent in an amount that is not presently known to Nomadix.   Due to the infringement of the '727 patent by Wayport, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

93.     Unless Wayport is enjoined from infringing the '727 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 9: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,554,995 BY WAYPORT

94.     Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

95.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

96.     Without authority, Wayport, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '995 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.   Wayport has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '995 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).   This infringement is currently ongoing.   The products relating to Wayport's infringement include network gateway devices that connect computers and mobile devices to networks.

97.     Upon information and belief, Wayport's infringement of the '995 patent will continue unless enjoined by this Court.

98.     Upon information and belief, Wayport has derived, received, and

-19-

1  will continue to derive and receive gains, profits and advantages from the
2  aforesaid acts of infringement of the '995 patent in an amount that is not presently
3  known to Nomadix.  Due to the infringement of the '995 patent by Wayport,
4  Nomadix has been damaged and is entitled to monetary relief in an amount to be
5  determined at trial.

6        99.    Unless Wayport is enjoined from infringing the '995 patent,
7  Nomadix will continue to suffer irreparable injury for which it has no adequate
8  remedy at law.

9              **CLAIM 10: CLAIM FOR INFRINGEMENT OF**
10             **U.S. PATENT NO. 6,636,894 BY WAYPORT**

11       100.   Nomadix repeats, realleges and incorporates by reference the
12  allegations set forth in paragraphs 1–23 of this Complaint.

13       101.   This is a claim for patent infringement arising under the patent laws
14  of the United States, Title 35 of the United States Code.

15       102.   Without authority, Wayport, through its agents, employees and
16  servants, has manufactured, used, promoted, offered for sale, and/or sold within
17  the United States, and/or imported into the United States products covered by one
18  or more claims of the '894 patent, has actively induced others to do the same
19  and/or has contributed to others' performance of the same.  Wayport has thereby
20  infringed, actively induced others to infringe and/or contributed to others'
21  infringement of one or more claims of the '894 patent in violation of 35 U.S.C. §
22  271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently
23  ongoing.  The products relating to Wayport's infringement include network
24  gateway devices that connect computers and mobile devices to networks, and that
25  facilitate related functions including, *inter alia*, redirection.

26       103.   Upon information and belief, Wayport's infringement of the '894
27  patent will continue unless enjoined by this Court.

28       104.   Upon information and belief, Wayport has derived, received, and

will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '894 patent in an amount that is not presently known to Nomadix. Due to the infringement of the '894 patent by Wayport, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

105. Unless Wayport is enjoined from infringing the '894 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 11: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,194,554 BY WAYPORT

106. Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

107. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

108. Without authority, Wayport, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '554 patent, has actively induced others to do the same and/or has contributed to others' performance of the same. Wayport has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '554 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to Wayport's infringement include network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, authentication.

109. Upon information and belief, Wayport's infringement of the '554 patent will continue unless enjoined by this Court.

110. Upon information and belief, Wayport has derived, received, and

1  will continue to derive and receive gains, profits and advantages from the
2  aforesaid acts of infringement of the '554 patent in an amount that is not presently
3  known to Nomadix.  Due to the infringement of the '554 patent by Wayport,
4  Nomadix has been damaged and is entitled to monetary relief in an amount to be
5  determined at trial.

6      111.  Unless Wayport is enjoined from infringing the '554 patent,
7  Nomadix will continue to suffer irreparable injury for which it has no adequate
8  remedy at law.

9      **CLAIM 12: CLAIM FOR INFRINGEMENT OF**
10     **U.S. PATENT NO. 6,868,399 BY WAYPORT**

11     112.  Nomadix repeats, realleges and incorporates by reference the
12  allegations set forth in paragraphs 1–23 of this Complaint.

13     113.  This is a claim for patent infringement arising under the patent laws
14  of the United States, Title 35 of the United States Code.

15     114.  Without authority, Wayport, through its agents, employees and
16  servants, has manufactured, used, promoted, offered for sale, and/or sold within
17  the United States, and/or imported into the United States products covered by one
18  or more claims of the '399 patent, has actively induced others to do the same
19  and/or has contributed to others' performance of the same.  Wayport has thereby
20  infringed, actively induced others to infringe and/or contributed to others'
21  infringement of one or more claims of the '399 patent in violation of 35 U.S.C. §
22  271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently
23  ongoing.  The products relating to Wayport's infringement include network
24  gateway devices that connect computers and mobile devices to networks, and that
25  facilitate related functions including, *inter alia*, integrated billing.

26     115.  Upon information and belief, Wayport's infringement of the '399
27  patent will continue unless enjoined by this Court.

28     116.  Upon information and belief, Wayport has derived, received, and

-22-

1  will continue to derive and receive gains, profits and advantages from the
2  aforesaid acts of infringement of the '399 patent in an amount that is not presently
3  known to Nomadix.  Due to the infringement of the '399 patent by Wayport,
4  Nomadix has been damaged and is entitled to monetary relief in an amount to be
5  determined at trial.

6      117.  Unless Wayport is enjoined from infringing the '399 patent,
7  Nomadix will continue to suffer irreparable injury for which it has no adequate
8  remedy at law.

9              **III. CLAIMS AGAINST IBAHN**
10         **CLAIM 13: CLAIM FOR INFRINGEMENT OF**
11           **U.S. PATENT NO. 6,130,892 BY IBAHN**

12     118.  Nomadix repeats, realleges and incorporates by reference the
13  allegations set forth in paragraphs 1–23 of this Complaint.

14     119.  This is a claim for patent infringement arising under the patent laws
15  of the United States, Title 35 of the United States Code.

16     120.  Without authority, iBAHN, through its agents, employees and
17  servants, has manufactured, used, promoted, offered for sale, and/or sold within
18  the United States, and/or imported into the United States products covered by one
19  or more claims of the '892 patent, has actively induced others to do the same
20  and/or has contributed to others' performance of the same.  iBAHN has thereby
21  infringed, actively induced others to infringe and/or contributed to others'
22  infringement of one or more claims of the '892 patent in violation of 35 U.S.C. §
23  271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently
24  ongoing.  The products relating to iBAHN's infringement include network
25  gateway devices that iBAHN refers to as Head-End Processors and/or other
26  network gateway devices that connect computers and mobile devices to networks.

27     121.  By no later than May 19, 2009, Nomadix gave iBAHN written notice
28  that it infringes the '892 patent.

122.   Upon information and belief, iBAHN's infringement of at least the '892 patent has been and continues to be deliberate and willful.

123.   Upon information and belief, iBAHN's infringement of the '892 patent will continue unless enjoined by this Court.

124.   Upon information and belief, iBAHN has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '892 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '892 patent by iBAHN, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

125.   Unless iBAHN is enjoined from infringing the '892 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 14: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,088,727 BY IBAHN

126.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

127.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

128.   Without authority, iBAHN, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '727 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  iBAHN has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '727 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.   The products relating to iBAHN's infringement include network

-24-

gateway devices that iBAHN refers to as Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks.

129.   By no later than May 19, 2009, Nomadix gave iBAHN written notice that it infringes the '727 patent.

130.   Upon information and belief, iBAHN's infringement of at least the '727 patent has been and continues to be deliberate and willful.

131.   Upon information and belief, iBAHN's infringement of the '727 patent will continue unless enjoined by this Court.

132.   Upon information and belief, iBAHN has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '727 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '727 patent by iBAHN, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

133.   Unless iBAHN is enjoined from infringing the '727 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 15: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,554,995 BY IBAHN

134.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

135.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

136.   Without authority, iBAHN, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '995 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  iBAHN has thereby

infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '995 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to iBAHN's infringement include network gateway devices that iBAHN refers to as Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks.

137. By no later than May 19, 2009, Nomadix gave iBAHN written notice that it infringes the published patent application (Patent Application Publication No. 2005/0188092 A1) containing the allowed claims of the '995 patent.

138. Upon information and belief, iBAHN's infringement of at least the '995 patent has been and continues to be deliberate and willful.

139. Upon information and belief, iBAHN's infringement of the '995 patent will continue unless enjoined by this Court.

140. Upon information and belief, iBAHN has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '995 patent in an amount that is not presently known to Nomadix. Due to the infringement of the '995 patent by iBAHN, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

141. Unless iBAHN is enjoined from infringing the '995 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

**CLAIM 16: CLAIM FOR INFRINGEMENT OF**
**U.S. PATENT NO. 6,636,894 BY IBAHN**

142. Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

143. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

144.   Without authority, iBAHN, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '894 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  iBAHN has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '894 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.   The products relating to iBAHN's infringement include network gateway devices that iBAHN refers to as Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, redirection.

145.   By no later than May 19, 2009, Nomadix gave iBAHN written notice that it infringes the '894 patent.

146.   Upon information and belief, iBAHN's infringement of at least the '894 patent has been and continues to be deliberate and willful.

147.   Upon information and belief, iBAHN's infringement of the '894 patent will continue unless enjoined by this Court.

148.   Upon information and belief, iBAHN has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '894 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '894 patent by iBAHN, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

149.   Unless iBAHN is enjoined from infringing the '894 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

/ / /

## CLAIM 17: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,868,399 BY IBAHN

150.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

151.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

152.   Without authority, iBAHN, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '399 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  iBAHN has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '399 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.   The products relating to iBAHN's infringement include network gateway devices that iBAHN refers to as Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, integrated billing.

153.   By no later than May 19, 2009, Nomadix gave iBAHN written notice that it infringes the '399 patent.

154.   Upon information and belief, iBAHN's infringement of at least the '399 patent has been and continues to be deliberate and willful.

155.   Upon information and belief, iBAHN's infringement of the '399 patent will continue unless enjoined by this Court.

156.   Upon information and belief, iBAHN has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '399 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '399 patent by iBAHN, Nomadix has

-28-

1  been damaged and is entitled to monetary relief in an amount to be determined at

2  trial.

3       157.   Unless iBAHN is enjoined from infringing the '399 patent, Nomadix

4  will continue to suffer irreparable injury for which it has no adequate remedy at

5  law.

### IV. CLAIMS AGAINST GUEST-TEK

6

### CLAIM 18: CLAIM FOR INFRINGEMENT OF

7

### U.S. PATENT NO. 6,130,892 BY GUEST-TEK

8

9       158.   Nomadix repeats, realleges and incorporates by reference the

10  allegations set forth in paragraphs 1–23 of this Complaint.

11       159.   This is a claim for patent infringement arising under the patent laws

12  of the United States, Title 35 of the United States Code.

13       160.   Without authority, Guest-Tek, through its agents, employees and

14  servants, has manufactured, used, promoted, offered for sale, and/or sold within

15  the United States, and/or imported into the United States products covered by one

16  or more claims of the '892 patent, has actively induced others to do the same

17  and/or has contributed to others' performance of the same.  Guest-Tek has thereby

18  infringed, actively induced others to infringe and/or contributed to others'

19  infringement of one or more claims of the '892 patent in violation of 35 U.S.C. §

20  271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently

21  ongoing.  The products relating to Guest-Tek's infringement include network

22  gateway devices used, upon information and belief, with Guest-Tek's OneView

23  Internet services and/or other network gateway devices that connect computers

24  and mobile devices to networks.

25       161.   By no later than May 21, 2009, Nomadix gave Guest-Tek written

26  notice that it infringes the '892 patent.

27       162.   Upon information and belief, Guest-Tek's infringement of at least the

28  '892 patent has been and continues to be deliberate and willful.

163.   Upon information and belief, Guest-Tek's infringement of the '892 patent will continue unless enjoined by this Court.

164.   Upon information and belief, Guest-Tek has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '892 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '892 patent by Guest-Tek, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

165.   Unless Guest-Tek is enjoined from infringing the '892 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 19: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,088,727 BY GUEST-TEK

166.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

167.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

168.   Without authority, Guest-Tek, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '727 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Guest-Tek has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '727 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to Guest-Tek's infringement include network gateway devices used, upon information and belief, with Guest-Tek's OneView Internet services and/or other network gateway devices that connect computers

-30-

and mobile devices to networks.

169.   By no later than May 21, 2009, Nomadix gave Guest-Tek written notice that it infringes the '727 patent.

170.   Upon information and belief, Guest-Tek's infringement of at least the '727 patent has been and continues to be deliberate and willful.

171.   Upon information and belief, Guest-Tek's infringement of the '727 patent will continue unless enjoined by this Court.

172.   Upon information and belief, Guest-Tek has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '727 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '727 patent by Guest-Tek, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

173.   Unless Guest-Tek is enjoined from infringing the '727 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 20: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,554,995 BY GUEST-TEK

174.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

175.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

176.   Without authority, Guest-Tek, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '995 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Guest-Tek has thereby infringed, actively induced others to infringe and/or contributed to others'

infringement of one or more claims of the '995 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.   The products relating to Guest-Tek's infringement include network gateway devices used, upon information and belief, with Guest-Tek's OneView Internet services and/or other network gateway devices that connect computers and mobile devices to networks.

177.   By no later than May 21, 2009, Nomadix gave Guest-Tek written notice that it infringes the published patent application (Patent Application Publication No. 2005/0188092 A1) containing the allowed claims of the '995 patent.

178.   Upon information and belief, Guest-Tek's infringement of at least the '995 patent has been and continues to be deliberate and willful.

179.   Upon information and belief, Guest-Tek's infringement of the '995 patent will continue unless enjoined by this Court.

180.   Upon information and belief, Guest-Tek has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '995 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '995 patent by Guest-Tek, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

181.   Unless Guest-Tek is enjoined from infringing the '995 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 21: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,636,894 BY GUEST-TEK

182.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

183.   This is a claim for patent infringement arising under the patent laws

-32-

of the United States, Title 35 of the United States Code.

184.   Without authority, Guest-Tek, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '894 patent, has actively induced others to do the same and/or has contributed to others' performance of the same. Guest-Tek has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '894 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c). This infringement is currently ongoing. The products relating to Guest-Tek's infringement include network gateway devices used, upon information and belief, with Guest-Tek's OneView Internet services and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, redirection.

185.   By no later than May 21, 2009, Nomadix gave Guest-Tek written notice that it infringes the '894 patent.

186.   Upon information and belief, Guest-Tek's infringement of at least the '894 patent has been and continues to be deliberate and willful.

187.   Upon information and belief, Guest-Tek's infringement of the '894 patent will continue unless enjoined by this Court.

188.   Upon information and belief, Guest-Tek has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '894 patent in an amount that is not presently known to Nomadix. Due to the infringement of the '894 patent by Guest-Tek, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

189.   Unless Guest-Tek is enjoined from infringing the '894 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate

1    remedy at law.

2              **CLAIM 22: CLAIM FOR INFRINGEMENT OF**

3              **U.S. PATENT NO. 6,868,399 BY GUEST-TEK**

4              190.   Nomadix repeats, realleges and incorporates by reference the

5    allegations set forth in paragraphs 1–23 of this Complaint.

6              191.   This is a claim for patent infringement arising under the patent laws

7    of the United States, Title 35 of the United States Code.

8              192.   Without authority, Guest-Tek, through its agents, employees and

9    servants, has manufactured, used, promoted, offered for sale, and/or sold within

10   the United States, and/or imported into the United States products covered by one

11   or more claims of the '399 patent, has actively induced others to do the same

12   and/or has contributed to others' performance of the same.  Guest-Tek has thereby

13   infringed, actively induced others to infringe and/or contributed to others'

14   infringement of one or more claims of the '399 patent in violation of 35 U.S.C. §

15   271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently

16   ongoing.   The products relating to Guest-Tek's infringement include network

17   gateway devices used, upon information and belief, with Guest-Tek's OneView

18   Internet services and/or other network gateway devices that connect computers

19   and mobile devices to networks, and that facilitate related functions including,

20   *inter alia*, integrated billing.

21             193.   By no later than May 21, 2009, Nomadix gave Guest-Tek written

22   notice that it infringes the '399 patent.

23             194.   Upon information and belief, Guest-Tek's infringement of at least the

24   '399 patent has been and continues to be deliberate and willful.

25             195.   Upon information and belief, Guest-Tek's infringement of the '399

26   patent will continue unless enjoined by this Court.

27             196.   Upon information and belief, Guest-Tek has derived, received, and

28   will continue to derive and receive gains, profits and advantages from the

aforesaid acts of infringement of the '399 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '399 patent by Guest-Tek, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

197.  Unless Guest-Tek is enjoined from infringing the '399 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

**CLAIM 23: CLAIM FOR INFRINGEMENT OF**

**U.S. PATENT NO. 6,789,110 BY GUEST-TEK**

198.  Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

199.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

200.  Without authority, Guest-Tek, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '110 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Guest-Tek has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '110 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to Guest-Tek's infringement include network gateway devices used, upon information and belief, with Guest-Tek's OneView Internet services and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, session control.

201.  Upon information and belief, Guest-Tek's infringement of the '110 patent will continue unless enjoined by this Court.

202.   Upon information and belief, Guest-Tek has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '110 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '110 patent by Guest-Tek, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

203.   Unless Guest-Tek is enjoined from infringing the '110 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## V. CLAIMS AGAINST LODGENET
## CLAIM 24: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,130,892 BY LODGENET

204.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

205.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

206.   Without authority, LodgeNet, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '892 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  LodgeNet has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '892 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to LodgeNet's infringement include network gateway devices used, upon information and belief, with LodgeNet's Guestroom Manager and/or LodgeNet360 services, and/or other network gateway devices that connect computers and mobile devices to networks.

207.   Upon information and belief, LodgeNet's infringement of the '892 patent will continue unless enjoined by this Court.

208.   Upon information and belief, LodgeNet has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '892 patent in an amount that is not presently known to Nomadix.   Due to the infringement of the '892 patent by LodgeNet, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

209.   Unless LodgeNet is enjoined from infringing the '892 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 25: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,088,727 BY LODGENET

210.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

211.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

212.   Without authority, LodgeNet, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '727 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.   LodgeNet has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '727 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).   This infringement is currently ongoing.   The products relating to LodgeNet's infringement include network gateway devices used, upon information and belief, with LodgeNet's Guestroom Manager and/or LodgeNet360 services, and/or other network gateway devices that

1    connect computers and mobile devices to networks.

2    213.   Upon information and belief, LodgeNet's infringement of the '727

3    patent will continue unless enjoined by this Court.

4    214.   Upon information and belief, LodgeNet has derived, received, and

5    will continue to derive and receive gains, profits and advantages from the

6    aforesaid acts of infringement of the '727 patent in an amount that is not presently

7    known to Nomadix.  Due to the infringement of the '727 patent by LodgeNet,

8    Nomadix has been damaged and is entitled to monetary relief in an amount to be

9    determined at trial.

10   215.   Unless LodgeNet is enjoined from infringing the '727 patent,

11   Nomadix will continue to suffer irreparable injury for which it has no adequate

12   remedy at law.

13                 **CLAIM 26: CLAIM FOR INFRINGEMENT OF**

14                 **U.S. PATENT NO. 7,554,995 BY LODGENET**

15   216.   Nomadix repeats, realleges and incorporates by reference the

16   allegations set forth in paragraphs 1–23 of this Complaint.

17   217.   This is a claim for patent infringement arising under the patent laws

18   of the United States, Title 35 of the United States Code.

19   218.   Without authority, LodgeNet, through its agents, employees and

20   servants, has manufactured, used, promoted, offered for sale, and/or sold within

21   the United States, and/or imported into the United States products covered by one

22   or more claims of the '995 patent, has actively induced others to do the same

23   and/or has contributed to others' performance of the same.  LodgeNet has thereby

24   infringed, actively induced others to infringe and/or contributed to others'

25   infringement of one or more claims of the '995 patent in violation of 35 U.S.C. §

26   271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently

27   ongoing.   The products relating to LodgeNet's infringement include network

28   gateway devices used, upon information and belief, with LodgeNet's Guestroom

                                      -38-

1  Manager and/or LodgeNet360 services, and/or other network gateway devices that
2  connect computers and mobile devices to networks.

3      219.   Upon information and belief, LodgeNet's infringement of the '995
4  patent will continue unless enjoined by this Court.

5      220.   Upon information and belief, LodgeNet has derived, received, and
6  will continue to derive and receive gains, profits and advantages from the
7  aforesaid acts of infringement of the '995 patent in an amount that is not presently
8  known to Nomadix.   Due to the infringement of the '995 patent by LodgeNet,
9  Nomadix has been damaged and is entitled to monetary relief in an amount to be
10  determined at trial.

11      221.  Unless LodgeNet is enjoined from infringing the '995 patent,
12  Nomadix will continue to suffer irreparable injury for which it has no adequate
13  remedy at law.

14                    **CLAIM 27: CLAIM FOR INFRINGEMENT OF**
15                    **U.S. PATENT NO. 6,636,894 BY LODGENET**

16      222.   Nomadix repeats, realleges and incorporates by reference the
17  allegations set forth in paragraphs 1–23 of this Complaint.

18      223.   This is a claim for patent infringement arising under the patent laws
19  of the United States, Title 35 of the United States Code.

20      224.   Without authority, LodgeNet, through its agents, employees and
21  servants, has manufactured, used, promoted, offered for sale, and/or sold within
22  the United States, and/or imported into the United States products covered by one
23  or more claims of the '894 patent, has actively induced others to do the same
24  and/or has contributed to others' performance of the same.   LodgeNet has thereby
25  infringed, actively induced others to infringe and/or contributed to others'
26  infringement of one or more claims of the '894 patent in violation of 35 U.S.C. §
27  271, including 35 U.S.C. §§ 271(a), (b) and/or (c).   This infringement is currently
28  ongoing.   The products relating to LodgeNet's infringement include network

gateway devices used, upon information and belief, with LodgeNet's Guestroom Manager and/or LodgeNet360 services, and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, redirection.

225.   Upon information and belief, LodgeNet's infringement of the '894 patent will continue unless enjoined by this Court.

226.   Upon information and belief, LodgeNet has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '894 patent in an amount that is not presently known to Nomadix.   Due to the infringement of the '894 patent by LodgeNet, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

227.   Unless LodgeNet is enjoined from infringing the '894 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 28: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,868,399 BY LODGENET

228.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

229.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

230.   Without authority, LodgeNet, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '399 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.   LodgeNet has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '399 patent in violation of 35 U.S.C. §

271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.   The products relating to LodgeNet's infringement include network gateway devices used, upon information and belief, with LodgeNet's Guestroom Manager and/or LodgeNet360 services, and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, integrated billing.

231.   Upon information and belief, LodgeNet's infringement of the '399 patent will continue unless enjoined by this Court.

232.   Upon information and belief, LodgeNet has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '399 patent in an amount that is not presently known to Nomadix.   Due to the infringement of the '399 patent by LodgeNet, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

233.   Unless LodgeNet is enjoined from infringing the '399 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## VI. CLAIM AGAINST ARUBA
## CLAIM 29: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,636,894 BY ARUBA

234.   Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

235.   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

236.   Without authority, Aruba, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '894 patent, has actively induced others to do the same

1   and/or has contributed to others' performance of the same.  Aruba has thereby
2   infringed, actively induced others to infringe and/or contributed to others'
3   infringement of one or more claims of the '894 patent in violation of 35 U.S.C. §
4   271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently
5   ongoing.  The products relating to Aruba's infringement include Aruba's Mobility
6   and Branch Office Controllers and/or other network gateway devices that connect
7   computers and mobile devices to networks and that facilitate related functions
8   including, *inter alia*, redirection.

9       237.   Upon information and belief, Aruba's infringement will continue
10  unless enjoined by this Court.

11      238.   Upon information and belief, Aruba has derived, received, and will
12  continue to derive and receive gains, profits and advantages from the aforesaid
13  acts of infringement in an amount that is not presently known to Nomadix.  Due to
14  Aruba's infringement of the '894 patent, Nomadix has been damaged and is
15  entitled to monetary relief in an amount to be determined at trial.

16      239.   Unless Aruba is enjoined from infringing the '894 patent, Nomadix
17  will continue to suffer irreparable injury for which it has no adequate remedy at
18  law.

19              **VII. CLAIMS AGAINST SUPERCLICK**
20          **CLAIM 30: CLAIM FOR INFRINGEMENT OF**
21          **U.S. PATENT NO. 6,130,892 BY SUPERCLICK**

22      240.   Nomadix repeats, realleges and incorporates by reference the
23  allegations set forth in paragraphs 1–23 of this Complaint.

24      241.   This is a claim for patent infringement arising under the patent laws
25  of the United States, Title 35 of the United States Code.

26      242.   Without authority, Superclick, through its agents, employees and
27  servants, has manufactured, used, promoted, offered for sale, and/or sold within
28  the United States, and/or imported into the United States products covered by one

or more claims of the '892 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Superclick has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '892 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to Superclick's infringement include network gateway devices that connect computers and mobile devices to networks.

243.  By no later than June 9, 2009, Nomadix gave Superclick written notice that it infringes the '892 patent.

244.  Upon information and belief, Superclick's infringement of at least the '892 patent has been and continues to be deliberate and willful.

245.  Upon information and belief, Superclick's infringement of the '892 patent will continue unless enjoined by this Court.

246.  Upon information and belief, Superclick has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '892 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '892 patent by Superclick, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

247.  Unless Superclick is enjoined from infringing the '892 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 31: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,088,727 BY SUPERCLICK

248.  Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

249.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

-43-

250.   Without authority, Superclick, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '727 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Superclick has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '727 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.   The products relating to Superclick's infringement include network gateway devices that connect computers and mobile devices to networks.

251.   By no later than June 9, 2009, Nomadix gave Superclick written notice that it infringes the '727 patent.

252.   Upon information and belief, Superclick's infringement of at least the '727 patent has been and continues to be deliberate and willful.

253.   Upon information and belief, Superclick's infringement of the '727 patent will continue unless enjoined by this Court.

254.   Upon information and belief, Superclick has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '727 patent in an amount that is not presently known to Nomadix.   Due to the infringement of the '727 patent by Superclick, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

255.   Unless Superclick is enjoined from infringing the '727 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 32: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,554,995 BY SUPERCLICK

256.   Nomadix repeats, realleges and incorporates by reference the

-44-

1    allegations set forth in paragraphs 1–23 of this Complaint.

2        257.   This is a claim for patent infringement arising under the patent laws

3    of the United States, Title 35 of the United States Code.

4        258.   Without authority, Superclick, through its agents, employees and

5    servants, has manufactured, used, promoted, offered for sale, and/or sold within

6    the United States, and/or imported into the United States products covered by one

7    or more claims of the '995 patent, has actively induced others to do the same

8    and/or has contributed to others' performance of the same.  Superclick has thereby

9    infringed, actively induced others to infringe and/or contributed to others'

10   infringement of one or more claims of the '995 patent in violation of 35 U.S.C. §

11   271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently

12   ongoing.  The products relating to Superclick's infringement include network

13   gateway devices that connect computers and mobile devices to networks.

14       259.   By no later than June 9, 2009, Nomadix gave Superclick written

15   notice that it infringes the published patent application (Patent Application

16   Publication No. 2005/0188092 A1) containing the allowed claims of the '995

17   patent.

18       260.   Upon information and belief, Superclick's infringement of at least

19   the '995 patent has been and continues to be deliberate and willful.

20       261.   Upon information and belief, Superclick's infringement of the '995

21   patent will continue unless enjoined by this Court.

22       262.   Upon information and belief, Superclick has derived, received, and

23   will continue to derive and receive gains, profits and advantages from the

24   aforesaid acts of infringement of the '995 patent in an amount that is not presently

25   known to Nomadix.  Due to the infringement of the '995 patent by Superclick,

26   Nomadix has been damaged and is entitled to monetary relief in an amount to be

27   determined at trial.

28       263.   Unless Superclick is enjoined from infringing the '995 patent,

-45-

Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

## CLAIM 33: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,636,894 BY SUPERCLICK

264.    Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

265.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

266.    Without authority, Superclick, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '894 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Superclick has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '894 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to Superclick's infringement include network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, redirection.

267.    By no later than June 9, 2009, Nomadix gave Superclick written notice that it infringes the '894 patent.

268.    Upon information and belief, Superclick's infringement of at least the '894 patent has been and continues to be deliberate and willful.

269.    Upon information and belief, Superclick's infringement of the '894 patent will continue unless enjoined by this Court.

270.    Upon information and belief, Superclick has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '894 patent in an amount that is not presently

1  known to Nomadix.  Due to the infringement of the '894 patent by Superclick,
2  Nomadix has been damaged and is entitled to monetary relief in an amount to be
3  determined at trial.

4      271.  Unless Superclick is enjoined from infringing the '894 patent,
5  Nomadix will continue to suffer irreparable injury for which it has no adequate
6  remedy at law.

7              **CLAIM 34: CLAIM FOR INFRINGEMENT OF**
8              **U.S. PATENT NO. 7,194,554 BY SUPERCLICK**

9      272.  Nomadix repeats, realleges and incorporates by reference the
10  allegations set forth in paragraphs 1–23 of this Complaint.

11      273.  This is a claim for patent infringement arising under the patent laws
12  of the United States, Title 35 of the United States Code.

13      274.  Without authority, Superclick, through its agents, employees and
14  servants, has manufactured, used, promoted, offered for sale, and/or sold within
15  the United States, and/or imported into the United States products covered by one
16  or more claims of the '554 patent, has actively induced others to do the same
17  and/or has contributed to others' performance of the same.  Superclick has thereby
18  infringed, actively induced others to infringe and/or contributed to others'
19  infringement of one or more claims of the '554 patent in violation of 35 U.S.C. §
20  271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently
21  ongoing.  The products relating to Superclick's infringement include network
22  gateway devices that connect computers and mobile devices to networks, and that
23  facilitate related functions including, *inter alia*, authentication.

24      275.  Upon information and belief, Superclick's infringement of the '554
25  patent will continue unless enjoined by this Court.

26      276.  Upon information and belief, Superclick has derived, received, and
27  will continue to derive and receive gains, profits and advantages from the
28  aforesaid acts of infringement of the '554 patent in an amount that is not presently

                                    -47-

known to Nomadix.  Due to the infringement of the '554 patent by Superclick, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

277.  Unless Superclick is enjoined from infringing the '554 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

**CLAIM 35: CLAIM FOR INFRINGEMENT OF**

**U.S. PATENT NO. 6,868,399 BY SUPERCLICK**

278.  Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1–23 of this Complaint.

279.  This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

280.  Without authority, Superclick, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '399 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  Superclick has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '399 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) and/or (c).  This infringement is currently ongoing.  The products relating to Superclick's infringement include network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, integrated billing.

281.  By no later than June 9, 2009, Nomadix gave Superclick written notice that it infringes the '399 patent.

282.  Upon information and belief, Superclick's infringement of at least the '399 patent has been and continues to be deliberate and willful.

283.  Upon information and belief, Superclick's infringement of the '399

1   patent will continue unless enjoined by this Court.

2   284.   Upon information and belief, Superclick has derived, received, and

3   will continue to derive and receive gains, profits and advantages from the

4   aforesaid acts of infringement of the '399 patent in an amount that is not presently

5   known to Nomadix.  Due to the infringement of the '399 patent by Superclick,

6   Nomadix has been damaged and is entitled to monetary relief in an amount to be

7   determined at trial.

8   285.  Unless Superclick is enjoined from infringing the '399 patent,

9   Nomadix will continue to suffer irreparable injury for which it has no adequate

10  remedy at law.

11  ### PRAYER FOR RELIEF

12  Nomadix respectfully prays for:

13  **I. HP**

14  A.     An order adjudging HP to have infringed each of the '892, '727,

15  '995, '894, '554 and '399 patents;

16  B.     A permanent injunction enjoining HP, as well as its officers, agents,

17  servants, employees, and attorneys and those persons in active concert or

18  participation with HP, from infringing the '892, '727, '995, '894, '554 and '399

19  patents;

20  C.     An accounting of all gains, profits, and advantages derived by HP's

21  infringement of the '892, '727, '995, '894, '554 and '399 patents and an award of

22  damages adequate to compensate Nomadix for HP's infringement of the '892,

23  '727, '995, '894, '554 and '399 patents;

24  D.     An order adjudging HP to have willfully infringed one or more of the

25  '892, '727, '995, '894 and '399 patents and declaring this to be an exceptional

26  case;

27  E.     An order trebling damages and/or for exemplary damages because of

28  HP's intentional and willful conduct;

-49-

1    F.    An award of pre-judgment and post-judgment interest and costs of
2  this action against HP;

3  **II. WAYPORT**

4    G.    An order adjudging Wayport to have infringed each of the '892,
5  '727, '995, '894, '554 and '399 patents;

6    H.    A permanent injunction enjoining Wayport, as well as its officers,
7  agents, servants, employees, and attorneys and those persons in active concert or
8  participation with Wayport, from infringing the '892, '727, '995, '894, '554 and
9  '399 patents;

10    I.    An accounting of all gains, profits, and advantages derived by
11  Wayport's infringement of the '892, '727, '995, '894, '554 and '399 patents and
12  an award of damages adequate to compensate Nomadix for Wayport's
13  infringement of the '892, '727, '995, '894, '554 and '399 patents;

14    J.    An award of pre-judgment and post-judgment interest and costs of
15  this action against Wayport;

16  **III. IBAHN**

17    K.    An order adjudging iBAHN to have infringed each of the '892,
18  '727, '995, '894 and '399 patents;

19    L.    A permanent injunction enjoining iBAHN, as well as its officers,
20  agents, servants, employees, and attorneys and those persons in active concert or
21  participation with iBAHN, from infringing the '892, '727, '995, '894 and '399
22  patents;

23    M.    An accounting of all gains, profits, and advantages derived by
24  iBAHN's infringement of the '892, '727, '995, '894 and '399 patents and an
25  award of damages adequate to compensate Nomadix for iBAHN's infringement of
26  the '892, '727, '995, '894 and '399 patents;

27    N.    An order adjudging iBAHN to have willfully infringed one or more
28  of the '892, '727, '995, '894 and '399 patents and declaring this to be an

1  exceptional case;

2      O.      An order trebling damages and/or for exemplary damages because of

3  iBAHN's intentional and willful conduct;

4      P.      An award of pre-judgment and post-judgment interest and costs of

5  this action against iBAHN;

6  **IV.  GUEST-TEK**

7      Q.      An order adjudging Guest-Tek to have infringed each of the '892,

8  '727, '995, '894, '399 and '110 patents;

9      R.      A permanent injunction enjoining Guest-Tek, as well as its officers,

10 agents, servants, employees, and attorneys and those persons in active concert or

11 participation with Guest-Tek, from infringing the '892, '727, '995, '894, '399 and

12 '110 patents;

13     S.      An accounting of all gains, profits, and advantages derived by Guest-

14 Tek's infringement of the '892, '727, '995, '894, '399 and '110 patents and an

15 award of damages adequate to compensate Nomadix for Guest-Tek's infringement

16 of the '892, '727, '995, '894, '399 and '110 patents;

17     T.      An order adjudging Guest-Tek to have willfully infringed one or

18 more of the '892, '727, '995, '894 and '399 patents and declaring this to be an

19 exceptional case;

20     U.      An order trebling damages and/or for exemplary damages because of

21 Guest-Tek's intentional and willful conduct;

22     V.      An award of pre-judgment and post-judgment interest and costs of

23 this action against Guest-Tek;

24 **V.  LODGENET**

25     W.      An order adjudging LodgeNet to have infringed each of the '892,

26 '727, '995, '894 and '399 patents;

27     X.      A permanent injunction enjoining LodgeNet, as well as its officers,

28 agents, servants, employees, and attorneys and those persons in active concert or

-51-

participation with LodgeNet, from infringing the '892, '727, '995, '894 and '399 patents;

Y.    An accounting of all gains, profits, and advantages derived by LodgeNet's infringement of the '892, '727, '995, '894 and '399 patents and an award of damages adequate to compensate Nomadix for LodgeNet's infringement of the '892, '727, '995, '894 and '399 patents;

Z.    An award of pre-judgment and post-judgment interest and costs of this action against LodgeNet;

**VI.  ARUBA**

AA.   An order adjudging Aruba to have infringed the '894 patent;

BB.   A permanent injunction enjoining Aruba, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Aruba, from infringing the '894 patent;

CC.   An accounting of all gains, profits, and advantages derived by Aruba's infringement of the '894 patent and an award of damages adequate to compensate Nomadix for Aruba's infringement of the '894 patent;

DD.   An award of pre-judgment and post-judgment interest and costs of this action against Aruba;

**VII.  SUPERCLICK**

EE.   An order adjudging Superclick to have infringed each of the '892, '727, '995, '894, '554 and '399 patents;

FF.   A permanent injunction enjoining Superclick, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Superclick, from infringing the '892, '727, '995, '894, '554 and '399 patents;

GG.   An accounting of all gains, profits, and advantages derived by Superclick's infringement of the '892, '727, '995, '894, '554 and '399 patents and an award of damages adequate to compensate Nomadix for Superclick's

1   infringement of the '892, '727, '995, '894, '554 and '399 patents;

2        HH.   An order adjudging Superclick to have willfully infringed one or

3   more of the '892, '727, '995, '894 and '399 patents and declaring this to be an

4   exceptional case;

5        II.   An order trebling damages and/or for exemplary damages because of

6   Superclick's intentional and willful conduct;

7        JJ.   An award of pre-judgment and post-judgment interest and costs of

8   this action against Superclick;

9   **VIII.  GENERAL**

10       KK.   An award to Nomadix of its attorneys' fees incurred in connection

11  with this action; and

12       LL.   Such other and further relief as the Court deems just and proper.

               Respectfully submitted,

               KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: _11/17/09_  By: _____

                 John B. Sganga, Jr.
                 Douglas G. Muehlhauser
                 Perry D. Oldham
                 Mark Lezama
                 Alan G. Laquer

1

## DEMAND FOR JURY TRIAL

2     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3  Nomadix, Inc. hereby demands a trial by jury on all issues so triable.

4                       Respectfully submitted,

5                 KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7

Dated:  __11/17/09__   By:_____

8                     John B. Sganga, Jr.

9                     Douglas G. Muehlhauser
                      Perry D. Oldham

10                   Mark Lezama
                      Alan G. Laquer

11

8126460

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV09- 8441 CAS  (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Douglas G. Muehlhauser (SBN 179,495)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC., a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation; (SEE ATTACHMENT A);<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-8441 CAS (JEMx)<br><br>SUMMONS |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Douglas Muehlhauser_____, whose address is _Knobbe, Martens, Olson & Bear, LLP, 2040 Main St., 14th Floor, Irvine, CA 92614_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___NOV 17 2009_____

By: _____
**NATALIE LONGORIA**
Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## ATTACHMENT A TO SUMMONS

**Additional Defendants:**

WAYPORT, INC.,
a Delaware corporation,

IBAHN CORPORATION,
a Delaware corporation,

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,
a Canadian corporation,

GUEST-TEK INTERACTIVE ENTERTAINMENT INC.,
a California corporation,

LODGENET INTERACTIVE CORPORATION,
a Delaware corporation,

LODGENET STAYONLINE, INC.,
a Delaware corporation,

ON COMMAND CORPORATION,
a Delaware corporation,

ARUBA NETWORKS, INC.,
a Delaware corporation,

SUPERCLICK, INC.,
a Washington corporation,

SUPERCLICK NETWORKS, INC.,
a Canadian corporation.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>NOMADIX, INC. | DEFENDANTS  Hewlett-Packard Company; Wayport, Inc.; iBAHN Corporation; Guest-Tek Interactive Entertainment Ltd.; Guest-Tek Interactive Entertainment Inc.; LodgeNet Interactive Corporation; LodgeNet StayOnline, Inc.; On Command Corporation; Aruba Networks, Inc.; Superclick, Inc.; Superclick Networks, Inc. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Douglas G. Muehlhauser<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main St., 14th Floor, Irvine, CA 92614 (949) 760-0404 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. Sections 100 et seq. - Patent Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:  **CV09-8441**

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s): CV07-1946 DDP (VBKx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    A.  Arise from the same or closely related transactions, happenings, or events; or
☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☑ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Guest-Tek Inc. - Orange County | Hewlett-Packard - Santa Clara County; Wayport - TX; iBAHN - UT; Guest-Tek Ltd. - Canada; LodgeNet Interactive, LodgeNet Stayonline & On Command - SD; Aruba - Santa Clara County; Superclick and Superclick Networks - Canada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All counties | All states |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  November 17, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC . | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |