1  I. Neel Chatterjee (SBN 173985)
   nchatterjee@orrick.com
2  Fabio E. Marino (SBN 183825)
   fmarino@orrick.com
3  Qudus B. Olaniran (SBN 267838)
   olaniran@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
5  Menlo Park, CA  94025
   Telephone:  (650) 614-7400
6  Facsimile:   (650) 614-7401

7  Robert W. Dickerson (SBN 89367)
   rdickerson@orrick.com
8  Benjamin J. Hofileña (SBN 227117)
   bhofilena@orrick.com
9  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
10 Los Angeles, CA  90017
   Telephone:  213-629-2020
11 Facsimile:   213-612-2499

12 Attorneys for Defendant and Counterclaimant
   IBAHN CORPORATION

13

14              IN THE UNITED STATES DISTRICT COURT

15          FOR THE CENTRAL DISTRICT OF CALIFORNIA

16                     WESTERN DIVISION

17  NOMADIX, INC.,                          Case No.  CV-09-08441-DDP (VBKx)

18              Plaintiff,                  **IBAHN CORPORATION'S FIRST
                                            AMENDED ANSWER TO
19      v.                                  PLAINTIFF'S COMPLAINT AND
                                            COUNTERCLAIMS**
20  HEWLETT-PACKARD COMPANY,
    WAYPORT, INC.,
21  IBAHN CORPORATION,                      **DEMAND FOR JURY TRIAL**
    GUEST-TEK INTERACTIVE
22  ENTERTAINMENT LTD.,
    GUEST-TEK INTERACTIVE
23  ENTERTAINMENT INC.,                     Judge: Hon. Dean D. Pregerson
    LODGENET INTERACTIVE
24  CORPORATION,
    LODGENET STAYONLINE, INC.,
25  ON COMMAND CORPORATION,
    ARUBA NETWORKS, INC.,
26  SUPERCLICK, INC.,
    SUPERCLICK NETWORKS, INC.,
27
                Defendants.
28

1

2

3

4

5

6

IBAHN CORPORATION,

                Counterclaimant,

    v.

NOMADIX, INC.,

                Counter-defendant.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IBAHN CORPORATION'S FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant iBAHN Corporation ("iBAHN") hereby submits its Answer, including defenses and counterclaims, as to the Complaint for Patent Infringement of Plaintiff Nomadix, Inc. ("Nomadix") as follows:

## JURISDICTION AND VENUE

1.     iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  iBAHN, however, denies the merits of the claims asserted against it.

2.     For the purposes of this action, iBAHN does not deny that the Court has personal jurisdiction over it.  To the extent any remaining allegations of paragraph 2 are directed to iBAHN, they are denied.  To the extent the allegations of paragraph 2 are directed to other entities, iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.     iBAHN admits that venue is proper in this district as to iBAHN, but denies having committed any wrongful acts upon which venue allegedly is based.  To the extent the allegations of paragraph 3 are directed to other entities, iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

## PARTIES

4.     iBAHN lacks knowledge or information sufficient to form a belief about the truth of allegations of paragraph 4.

5.     iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.     iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.     iBAHN Corporation admits it is a corporation organized under the laws of the state of Delaware with its principal place of business at 10757 S. River Front Parkway, Suite 300, Salt Lake City, Utah 84095.

8.     iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.     iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.    iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.    iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.    iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14.    iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.    iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

**ALLEGATIONS FOR ALL CLAIMS OF RELIEF**

16.    iBAHN admits that on its face the United States Patent No. 6,130,892 ("the '892 patent") states that it issued on October 10, 2000, and that it is entitled "Nomadic Translator or Router."  iBAHN further admits that what appears to be a copy of the '892 patent is attached to the Complaint as Exhibit 1.  iBAHN further admits that what appears to be a copy of the Notice of Intent to Issue *Ex Parte* Reexamination Certificate is attached to the Complaint as Exhibit 2.  iBAHN lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 16.

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

17.   iBAHN admits that on its face the United States Patent No. 7,088,727 ("the '727 patent") states that it issued on August 8, 2006, and that it is entitled "System and Method for Establishing Network Connection with Unknown Network and/or User Device."  iBAHN further admits that what appears to be a copy of the '727 patent is attached to the Complaint as Exhibit 3.  iBAHN lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 17.

18.   iBAHN admits that on its face the United States Patent No. 7,554,995 ("the '995 patent") states that it issued on June 30, 2009, and that it is entitled "System and Method for Establishing Network Connection with Unknown Network and/or User Device."  iBAHN further admits that what appears to be a copy of the '995 patent is attached to the Complaint as Exhibit 4.  iBAHN lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 18.

19.   iBAHN admits that on its face the United States Patent No. 6,636,894 ("the '894 patent") states that it issued on October 21, 2003, and that it is entitled "Systems and Methods for Redirecting Users Having Transparent Computer Access to a Network Using a Gateway Device Having Redirection Capability."  iBAHN further admits that what appears to be a copy of the '894 patent is attached to the Complaint as Exhibit 5.  iBAHN further admits that what appears to be a copy of the *Ex Parte* Reexamination Certificate is attached to the Complaint as Exhibit 6. iBAHN lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 19.

20.   iBAHN admits that on its face the United States Patent No. 7,194,554 ("the '554 patent")  states that it issued on March 20, 2007, and that it is entitled "Systems and Methods for Providing Dynamic Network Authorization Authentication and Accounting."  iBAHN further admits that what appears to be a copy of the '554 patent is attached to the Complaint as Exhibit 7.  iBAHN lacks

1  knowledge or information sufficient to form a belief about the truth of the

2  remaining allegations of paragraph 20.

3      21.   iBAHN admits that on its face the United States Patent No. 6,868,399

4  ("the '399 patent") states that it issued on March 15, 2005, and that it is entitled

5  "Systems and Methods for Integrating a Network Gateway Device with

6  Management Systems."  iBAHN further admits that what appears to be a copy of

7  the '399 patent is attached to the Complaint as Exhibit 8.  iBAHN lacks knowledge

8  or information sufficient to form a belief about the truth of the remaining

9  allegations of paragraph 21 the complaint.

10      22.   iBAHN admits that on its face the United States Patent No. 6,789,110

11  ("the '110 patent") states that it issued on September 7, 2004, and that it is entitled

12  "Information and Control Console for Use with a Network Gateway Interface."

13  iBAHN further admits that what appears to be a copy of the '110 patent is attached

14  to the Complaint as Exhibit 9.  iBAHN lacks knowledge or information sufficient to

15  form a belief about the truth of the remaining allegations of paragraph 22.

16      23.   iBAHN lacks knowledge or information sufficient to form a belief

17  about the truth of allegations of paragraph 23.

18  **I. CLAIMS AGAINST HP**

19  **CLAIM 1: CLAIM FOR INFRINGEMENT OF**

20  **U.S. PATENT NO. 6,130,892 BY HP**

21      24.   iBAHN repeats and incorporates by reference its responses to the

22  allegations in paragraphs 1 through 23.

23      25.   iBAHN admits that Nomadix purports to bring this claim under the

24  patent laws of the United States.

25      26.   The allegations of paragraph 26 are not directed to iBAHN, and

26  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

27  to form a belief as to the truth of the allegations of paragraph 26.

28      27.   The allegations of paragraph 27 are not directed to iBAHN, and

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.    The allegations of paragraph 28 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.    The allegations of paragraph 29 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.    The allegations of paragraph 30 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.    The allegations of paragraph 31 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.    The allegations of paragraph 32 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.    The allegations of paragraph 33 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

## CLAIM 2: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 7,088,727 BY HP

34.    iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

35.    iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

36.    The allegations of paragraph 36 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

1   to form a belief as to the truth of the allegations of paragraph 36.

2        37.    The allegations of paragraph 37 are not directed to iBAHN, and

3   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

4   to form a belief as to the truth of the allegations of paragraph 37.

5        38.    The allegations of paragraph 38 are not directed to iBAHN, and

6   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

7   to form a belief as to the truth of the allegations of paragraph 38.

8        39.    The allegations of paragraph 39 are not directed to iBAHN, and

9   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

10   to form a belief as to the truth of the allegations of paragraph 39.

11        40.    The allegations of paragraph 40 are not directed to iBAHN, and

12   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

13   to form a belief as to the truth of the allegations of paragraph 40.

14        41.    The allegations of paragraph 41 are not directed to iBAHN, and

15   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

16   to form a belief as to the truth of the allegations of paragraph 41.

17        42.    The allegations of paragraph 42 are not directed to iBAHN, and

18   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

19   to form a belief as to the truth of the allegations of paragraph 42.

20        43.    The allegations of paragraph 43 are not directed to iBAHN, and

21   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

22   to form a belief as to the truth of the allegations of paragraph 43.

23   <u>**CLAIM 3: CLAIM FOR INFRINGEMENT OF**</u>

24   <u>**U.S. PATENT NO. 7,554,995 BY HP**</u>

25        44.    iBAHN repeats and incorporates by reference its responses to the

26   allegations in paragraphs 1 through 23.

27        45.    iBAHN admits that Nomadix purports to bring this claim under the

28   patent laws of the United States.

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

46.   The allegations of paragraph 46 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.   The allegations of paragraph 47 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.   The allegations of paragraph 48 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.   The allegations of paragraph 49 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50.   The allegations of paragraph 50 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51.   The allegations of paragraph 51 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52.   The allegations of paragraph 52 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.   The allegations of paragraph 53 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

## CLAIM 4: CLAIM FOR INFRINGEMENT OF

## U.S. PATENT NO. 6,636,894 BY HP

54.   iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

55.   iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

56.   The allegations of paragraph 56 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.   The allegations of paragraph 57 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.   The allegations of paragraph 58 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.   The allegations of paragraph 59 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.   The allegations of paragraph 60 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.   The allegations of paragraph 61 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.   The allegations of paragraph 62 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.   The allegations of paragraph 63 are not directed to iBAHN, and

1 therefore no answer is required. iBAHN lacks knowledge or information sufficient
2 to form a belief as to the truth of the allegations of paragraph 63.

3           **CLAIM 5: CLAIM FOR INFRINGEMENT OF**
4           **U.S. PATENT NO. 7,194,554 BY HP**

5           64.   iBAHN repeats and incorporates by reference its responses to the
6 allegations in paragraphs 1 through 23.

7           65.   iBAHN admits that Nomadix purports to bring this claim under the
8 patent laws of the United States.

9           66.   The allegations of paragraph 66 are not directed to iBAHN, and
10 therefore no answer is required. iBAHN lacks knowledge or information sufficient
11 to form a belief as to the truth of the allegations of paragraph 66.

12           67.   The allegations of paragraph 67 are not directed to iBAHN, and
13 therefore no answer is required. iBAHN lacks knowledge or information sufficient
14 to form a belief as to the truth of the allegations of paragraph 67.

15           68.   The allegations of paragraph 68 are not directed to iBAHN, and
16 therefore no answer is required. iBAHN lacks knowledge or information sufficient
17 to form a belief as to the truth of the allegations of paragraph 68.

18           69.   The allegations of paragraph 69 are not directed to iBAHN, and
19 therefore no answer is required. iBAHN lacks knowledge or information sufficient
20 to form a belief as to the truth of the allegations of paragraph 69.

21           70.   The allegations of paragraph 70 are not directed to iBAHN, and
22 therefore no answer is required. iBAHN lacks knowledge or information sufficient
23 to form a belief as to the truth of the allegations of paragraph 70.

24           71.   The allegations of paragraph 71 are not directed to iBAHN, and
25 therefore no answer is required. iBAHN lacks knowledge or information sufficient
26 to form a belief as to the truth of the allegations of paragraph 71.

27

28

1
2

## CLAIM 6: CLAIM FOR INFRINGEMENT OF

## U.S. PATENT NO. 6,868,399 BY HP

3      72.   iBAHN repeats and incorporates by reference its responses to the

4   allegations in paragraphs 1 through 23.

5      73.   iBAHN admits that Nomadix purports to bring this claim under the

6   patent laws of the United States.

7      74.   The allegations of paragraph 74 are not directed to iBAHN, and

8   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

9   to form a belief as to the truth of the allegations of paragraph 74.

10      75.   The allegations of paragraph 75 are not directed to iBAHN, and

11   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

12   to form a belief as to the truth of the allegations of paragraph 75.

13      76.   The allegations of paragraph 76 are not directed to iBAHN, and

14   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

15   to form a belief as to the truth of the allegations of paragraph 76.

16      77.   The allegations of paragraph 77 are not directed to iBAHN, and

17   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

18   to form a belief as to the truth of the allegations of paragraph 77.

19      78.   The allegations of paragraph 78 are not directed to iBAHN, and

20   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

21   to form a belief as to the truth of the allegations of paragraph 78.

22      79.   The allegations of paragraph 79 are not directed to iBAHN, and

23   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

24   to form a belief as to the truth of the allegations of paragraph 79.

25      80.   The allegations of paragraph 80 are not directed to iBAHN, and

26   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

27   to form a belief as to the truth of the allegations of paragraph 80.

28      81.   The allegations of paragraph 81 are not directed to iBAHN, and

1   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
2   to form a belief as to the truth of the allegations of paragraph 81.

3   ## II. CLAIM AGAINST WAYPORT
4   ## CLAIM 7: CLAIM FOR INFRINGEMENT OF
5   ## U.S. PATENT NO. 6,130,892 BY WAYPORT

6   82.   iBAHN repeats and incorporates by reference its responses to the
7   allegations in paragraphs 1 through 23.

8   83.   iBAHN admits that Nomadix purports to bring this claim under the
9   patent laws of the United States.

10   84.   The allegations of paragraph 84 are not directed to iBAHN, and
11   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
12   to form a belief as to the truth of the allegations of paragraph 84.

13   85.   The allegations of paragraph 85 are not directed to iBAHN, and
14   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
15   to form a belief as to the truth of the allegations of paragraph 85.

16   86.   The allegations of paragraph 86 are not directed to iBAHN, and
17   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
18   to form a belief as to the truth of the allegations of paragraph 86.

19   87.   The allegations of paragraph 87 are not directed to iBAHN, and
20   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
21   to form a belief as to the truth of the allegations of paragraph 87.

22   ## CLAIM 8: CLAIM FOR INFRINGEMENT OF
23   ## U.S. PATENT NO. 7,088,727 BY WAYPORT

24   88.   iBAHN repeats and incorporates by reference its responses to the
25   allegations in paragraphs 1 through 23.

26   89.   iBAHN admits that Nomadix purports to bring this claim under the
27   patent laws of the United States.

28   90.   The allegations of paragraph 90 are not directed to iBAHN, and

1  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
2  to form a belief as to the truth of the allegations of paragraph 90.

3      91.   The allegations of paragraph 91 are not directed to iBAHN, and
4  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
5  to form a belief as to the truth of the allegations of paragraph 91.

6      92.   The allegations of paragraph 92 are not directed to iBAHN, and
7  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
8  to form a belief as to the truth of the allegations of paragraph 92.

9      93.   The allegations of paragraph 93 are not directed to iBAHN, and
10 therefore no answer is required.  iBAHN lacks knowledge or information sufficient
11 to form a belief as to the truth of the allegations of paragraph 93.

12 ## CLAIM 9: CLAIM FOR INFRINGEMENT OF
13 ## U.S. PATENT NO. 7,554,995 BY WAYPORT

14     94.   iBAHN repeats and incorporates by reference its responses to the
15 allegations in paragraphs 1 through 23.

16     95.   iBAHN admits that Nomadix purports to bring this claim under the
17 patent laws of the United States.

18     96.   The allegations of paragraph 96 are not directed to iBAHN, and
19 therefore no answer is required.  iBAHN lacks knowledge or information sufficient
20 to form a belief as to the truth of the allegations of paragraph 96.

21     97.   The allegations of paragraph 97 are not directed to iBAHN, and
22 therefore no answer is required.  iBAHN lacks knowledge or information sufficient
23 to form a belief as to the truth of the allegations of paragraph 97.

24     98.   The allegations of paragraph 98 are not directed to iBAHN, and
25 therefore no answer is required.  iBAHN lacks knowledge or information sufficient
26 to form a belief as to the truth of the allegations of paragraph 98.

27     99.   The allegations of paragraph 99 are not directed to iBAHN, and
28 therefore no answer is required.  iBAHN lacks knowledge or information sufficient

1    to form a belief as to the truth of the allegations of paragraph 99.

2    ## CLAIM 10: CLAIM FOR INFRINGEMENT OF

3    ## U.S. PATENT NO. 6,636,894 BY WAYPORT

4    100.  iBAHN repeats and incorporates by reference its responses to the

5    allegations in paragraphs 1 through 23.

6    101.  iBAHN admits that Nomadix purports to bring this claim under the

7    patent laws of the United States.

8    102.  The allegations of paragraph 102 are not directed to iBAHN, and

9    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

10   to form a belief as to the truth of the allegations of paragraph 102.

11   103.  The allegations of paragraph 103 are not directed to iBAHN, and

12   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

13   to form a belief as to the truth of the allegations of paragraph 103.

14   104.  The allegations of paragraph 104 are not directed to iBAHN, and

15   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

16   to form a belief as to the truth of the allegations of paragraph 104.

17   105.  The allegations of paragraph 105 are not directed to iBAHN, and

18   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

19   to form a belief as to the truth of the allegations of paragraph 105.

20   ## CLAIM 11: CLAIM FOR INFRINGEMENT OF

21   ## U.S. PATENT NO. 7,194,554 BY WAYPORT

22   106.  iBAHN repeats and incorporates by reference its responses to the

23   allegations in paragraphs 1 through 23.

24   107.  iBAHN admits that Nomadix purports to bring this claim under the

25   patent laws of the United States.

26   108.  The allegations of paragraph 108 are not directed to iBAHN, and

27   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

28   to form a belief as to the truth of the allegations of paragraph 108.

- 13 -

109.  The allegations of paragraph 109 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109.

110.  The allegations of paragraph 110 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110.

111.  The allegations of paragraph 111 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111.

## CLAIM 12: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,868,399 BY WAYPORT

112.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

113.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

114.  The allegations of paragraph 114 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114.

115.  The allegations of paragraph 115 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115.

116.  The allegations of paragraph 116 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116.

117.  The allegations of paragraph 117 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117.

### III. CLAIMS AGAINST IBAHN

### CLAIM 13: CLAIM FOR INFRINGEMENT OF

### U.S. PATENT NO. 6,130,892 BY IBAHN

118.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

119.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

120.  iBAHN denies all of the allegations of paragraph 120 of the complaint.

121.  iBAHN admits that it received a letter from Nomadix that purports to assert infringement of the '892 patent.  iBAHN denies the remaining allegations of paragraph 121 of the complaint.

122.  iBAHN denies all of the allegations of paragraph 122 of the complaint.

123.  iBAHN denies all of the allegations of paragraph 123 of the complaint.

124.  iBAHN denies all of the allegations of paragraph 124 of the complaint.

125.  iBAHN denies all of the allegations of paragraph 125 of the complaint.

### CLAIM 14: CLAIM FOR INFRINGEMENT OF

### U.S. PATENT NO. 7,088,727 BY IBAHN

126.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

127.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

128.  iBAHN denies all of the allegations of paragraph 128 of the complaint.

129.  iBAHN admits that it received a letter from Nomadix that purports to assert infringement of the '727 patent.  iBAHN denies the remaining allegations of paragraph 129 of the complaint.

130.  iBAHN denies all of the allegations of paragraph 130 of the complaint.

131.  iBAHN denies all of the allegations of paragraph 131 of the complaint.

132.  iBAHN denies all of the allegations of paragraph 132 of the complaint.

1    133. iBAHN denies all of the allegations of paragraph 133 of the complaint.

2    **CLAIM 15: CLAIM FOR INFRINGEMENT OF**

3    **U.S. PATENT NO. 7,554,995 BY IBAHN**

4    134. iBAHN repeats and incorporates by reference its responses to the

5    allegations in paragraphs 1 through 23.

6    135. iBAHN admits that Nomadix purports to bring this claim under the

7    patent laws of the United States.

8    136. iBAHN denies all of the allegations of paragraph 136 of the complaint.

9    137. iBAHN admits that it received a letter from Nomadix that purports to

10   assert infringement of the '995 patent.  iBAHN denies the remaining allegations of

11   paragraph 137 of the complaint.

12   138. iBAHN denies all of the allegations of paragraph 138 of the complaint.

13   139. iBAHN denies all of the allegations of paragraph 139 of the complaint.

14   140. iBAHN denies all of the allegations of paragraph 140 of the complaint.

15   141. iBAHN denies all of the allegations of paragraph 141 of the complaint.

16   **CLAIM 16: CLAIM FOR INFRINGEMENT OF**

17   **U.S. PATENT NO. 6,636,894 BY IBAHN**

18   142. iBAHN repeats and incorporates by reference its responses to the

19   allegations in paragraphs 1 through 23.

20   143. iBAHN admits that Nomadix purports to bring this claim under the

21   patent laws of the United States.

22   144. iBAHN denies all of the allegations of paragraph 144 of the complaint.

23   145. iBAHN admits that it received a letter from Nomadix that purports to

24   assert infringement of the '894 patent.  iBAHN denies the remaining allegations of

25   paragraph 145 of the complaint.

26   146. iBAHN denies all of the allegations of paragraph 146 of the complaint.

27   147. iBAHN denies all of the allegations of paragraph 147 of the complaint.

28   148. iBAHN denies all of the allegations of paragraph 148 of the complaint.

149. iBAHN denies all of the allegations of paragraph 149 of the complaint.

**CLAIM 17: CLAIM FOR INFRINGEMENT OF**

**U.S. PATENT NO. 6,868,399 BY IBAHN**

150. iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

151. iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

152. iBAHN denies all of the allegations of paragraph 152 of the complaint.

153. iBAHN admits that it received a letter from Nomadix that purports to assert infringement of the '399 patent.  iBAHN denies the remaining allegations of paragraph 153 of the complaint.

154. iBAHN denies all of the allegations of paragraph 154 of the complaint.

155. iBAHN denies all of the allegations of paragraph 155 of the complaint.

156. iBAHN denies all of the allegations of paragraph 156 of the complaint.

157. iBAHN denies all of the allegations of paragraph 157 of the complaint.

**IV. CLAIMS AGAINST GUEST-TEK**

**CLAIM 18: CLAIM FOR INFRINGEMENT OF**

**U.S. PATENT NO. 6,130,892 BY GUEST-TEK**

158. iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

159. iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

160. The allegations of paragraph 160 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160.

161. The allegations of paragraph 161 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161.

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

1    162.  The allegations of paragraph 162 are not directed to iBAHN, and

2    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

3    to form a belief as to the truth of the allegations of paragraph 162.

4    163.  The allegations of paragraph 163 are not directed to iBAHN, and

5    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

6    to form a belief as to the truth of the allegations of paragraph 163.

7    164.  The allegations of paragraph 164 are not directed to iBAHN, and

8    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

9    to form a belief as to the truth of the allegations of paragraph 164.

10    165.  The allegations of paragraph 165 are not directed to iBAHN, and

11    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

12    to form a belief as to the truth of the allegations of paragraph 165.

13    **CLAIM 19: CLAIM FOR INFRINGEMENT OF**

14    **U.S. PATENT NO. 7,088,727 BY GUEST-TEK**

15    166.  iBAHN repeats and incorporates by reference its responses to the

16    allegations in paragraphs 1 through 23.

17    167.  iBAHN admits that Nomadix purports to bring this claim under the

18    patent laws of the United States.

19    168.  The allegations of paragraph 168 are not directed to iBAHN, and

20    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

21    to form a belief as to the truth of the allegations of paragraph 168.

22    169.  The allegations of paragraph 169 are not directed to iBAHN, and

23    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

24    to form a belief as to the truth of the allegations of paragraph 169.

25    170.  The allegations of paragraph 170 are not directed to iBAHN, and

26    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

27    to form a belief as to the truth of the allegations of paragraph 170.

28    171.  The allegations of paragraph 171 are not directed to iBAHN, and

- 18 -

1  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
2  to form a belief as to the truth of the allegations of paragraph 171.

3      172.  The allegations of paragraph 172 are not directed to iBAHN, and
4  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
5  to form a belief as to the truth of the allegations of paragraph 172.

6      173.  The allegations of paragraph 173 are not directed to iBAHN, and
7  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
8  to form a belief as to the truth of the allegations of paragraph 173.

9              **CLAIM 20: CLAIM FOR INFRINGEMENT OF**
10             **U.S. PATENT NO. 7,554,995 BY GUEST-TEK**

11     174.  iBAHN repeats and incorporates by reference its responses to the
12  allegations in paragraphs 1 through 23.

13     175.  iBAHN admits that Nomadix purports to bring this claim under the
14  patent laws of the United States.

15     176.  The allegations of paragraph 176 are not directed to iBAHN, and
16  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
17  to form a belief as to the truth of the allegations of paragraph 176.

18     177.  The allegations of paragraph 177 are not directed to iBAHN, and
19  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
20  to form a belief as to the truth of the allegations of paragraph 177.

21     178.  The allegations of paragraph 178 are not directed to iBAHN, and
22  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
23  to form a belief as to the truth of the allegations of paragraph 178.

24     179.  The allegations of paragraph 179 are not directed to iBAHN, and
25  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
26  to form a belief as to the truth of the allegations of paragraph 179.

27     180.  The allegations of paragraph 180 are not directed to iBAHN, and
28  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

1   to form a belief as to the truth of the allegations of paragraph 180.

2       181.  The allegations of paragraph 181 are not directed to iBAHN, and

3   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

4   to form a belief as to the truth of the allegations of paragraph 181.

5   ## CLAIM 21: CLAIM FOR INFRINGEMENT OF

6   ## U.S. PATENT NO. 6,636,894 BY GUEST-TEK

7       182.  iBAHN repeats and incorporates by reference its responses to the

8   allegations in paragraphs 1 through 23.

9       183.  iBAHN admits that Nomadix purports to bring this claim under the

10  patent laws of the United States.

11      184.  The allegations of paragraph 184 are not directed to iBAHN, and

12  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

13  to form a belief as to the truth of the allegations of paragraph 184.

14      185.  The allegations of paragraph 185 are not directed to iBAHN, and

15  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

16  to form a belief as to the truth of the allegations of paragraph 185.

17      186.  The allegations of paragraph 186 are not directed to iBAHN, and

18  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

19  to form a belief as to the truth of the allegations of paragraph 186.

20      187.  The allegations of paragraph 187 are not directed to iBAHN, and

21  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

22  to form a belief as to the truth of the allegations of paragraph 187.

23      188.  The allegations of paragraph 188 are not directed to iBAHN, and

24  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

25  to form a belief as to the truth of the allegations of paragraph 188.

26      189.  The allegations of paragraph 189 are not directed to iBAHN, and

27  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

28  to form a belief as to the truth of the allegations of paragraph 189.

## CLAIM 22: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,868,399 BY GUEST-TEK

190.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

191.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

192.  The allegations of paragraph 192 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 192.

193.  The allegations of paragraph 193 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 193.

194.  The allegations of paragraph 194 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194.

195.  The allegations of paragraph 195 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195.

196.  The allegations of paragraph 196 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196.

197.  The allegations of paragraph 197 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197.

## CLAIM 23: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,789,110 BY GUEST-TEK

198.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

199.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

200.  The allegations of paragraph 200 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200.

201.  The allegations of paragraph 201 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201.

202.  The allegations of paragraph 202 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202.

203.  The allegations of paragraph 203 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 203.

## V. CLAIMS AGAINST LODGENET
## CLAIM 24: CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,130,892 BY LODGENET

204.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

205.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

206.  The allegations of paragraph 206 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 206.

207.  The allegations of paragraph 207 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 207.

208.  The allegations of paragraph 208 are not directed to iBAHN, and

1    therefore no answer is required.  iBAHN lacks knowledge or information sufficient
2    to form a belief as to the truth of the allegations of paragraph 208.

3        209.  The allegations of paragraph 209 are not directed to iBAHN, and
4    therefore no answer is required.  iBAHN lacks knowledge or information sufficient
5    to form a belief as to the truth of the allegations of paragraph 209.

6               **CLAIM 25: CLAIM FOR INFRINGEMENT OF**
7            **U.S. PATENT NO. 7,088,727 BY LODGENET**

8        210.  iBAHN repeats and incorporates by reference its responses to the
9    allegations in paragraphs 1 through 23.

10       211.  iBAHN admits that Nomadix purports to bring this claim under the
11   patent laws of the United States.

12       212.  The allegations of paragraph 212 are not directed to iBAHN, and
13   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
14   to form a belief as to the truth of the allegations of paragraph 212.

15       213.  The allegations of paragraph 213 are not directed to iBAHN, and
16   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
17   to form a belief as to the truth of the allegations of paragraph 213.

18       214.  The allegations of paragraph 214 are not directed to iBAHN, and
19   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
20   to form a belief as to the truth of the allegations of paragraph 214.

21       215.  The allegations of paragraph 215 are not directed to iBAHN, and
22   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
23   to form a belief as to the truth of the allegations of paragraph 215.

24               **CLAIM 26: CLAIM FOR INFRINGEMENT OF**
25           **U.S. PATENT NO. 7,554,995 BY LODGENET**

26       216.  iBAHN repeats and incorporates by reference its responses to the
27   allegations in paragraphs 1 through 23.

28       217.  iBAHN admits that Nomadix purports to bring this claim under the

1  patent laws of the United States.

2      218.  The allegations of paragraph 218 are not directed to iBAHN, and

3  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

4  to form a belief as to the truth of the allegations of paragraph 218.

5      219.  The allegations of paragraph 219 are not directed to iBAHN, and

6  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

7  to form a belief as to the truth of the allegations of paragraph 219.

8      220.  The allegations of paragraph 220 are not directed to iBAHN, and

9  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

10  to form a belief as to the truth of the allegations of paragraph 220.

11      221.  The allegations of paragraph 221 are not directed to iBAHN, and

12  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

13  to form a belief as to the truth of the allegations of paragraph 221.

14  ### CLAIM 27 CLAIM FOR INFRINGEMENT OF

15  ### U.S. PATENT NO. 6,636,894 BY LODGENET

16      222.  iBAHN repeats and incorporates by reference its responses to the

17  allegations in paragraphs 1 through 23.

18      223.  iBAHN admits that Nomadix purports to bring this claim under the

19  patent laws of the United States.

20      224.  The allegations of paragraph 224 are not directed to iBAHN, and

21  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

22  to form a belief as to the truth of the allegations of paragraph 224.

23      225.  The allegations of paragraph 225 are not directed to iBAHN, and

24  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

25  to form a belief as to the truth of the allegations of paragraph 225.

26      226.  The allegations of paragraph 226 are not directed to iBAHN, and

27  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

28  to form a belief as to the truth of the allegations of paragraph 226.

227.  The allegations of paragraph 227 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 227.

**CLAIM 28 CLAIM FOR INFRINGEMENT OF**

**U.S. PATENT NO. 6,868,399 BY LODGENET**

228.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

229.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

230.  The allegations of paragraph 230 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 230.

231.  The allegations of paragraph 231 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 231.

232.  The allegations of paragraph 232 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 232.

233.  The allegations of paragraph 233 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 233.

**VI. CLAIM AGAINST ARUBA**

**CLAIM 29 CLAIM FOR INFRINGEMENT OF**

**U.S. PATENT NO. 6,636,894 BY ARUBA**

234.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

235.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

IBAHN CORPORATION'S FIRST AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

236.  The allegations of paragraph 236 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 236.

237.  The allegations of paragraph 237 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 237.

238.  The allegations of paragraph 238 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238.

239.  The allegations of paragraph 239 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 239.

## VII. CLAIMS AGAINST SUPERCLICK
## CLAIM 30 CLAIM FOR INFRINGEMENT OF
## U.S. PATENT NO. 6,130,891 BY SUPERCLICK

240.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

241.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

242.  The allegations of paragraph 242 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 242.

243.  The allegations of paragraph 243 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243.

244.  The allegations of paragraph 244 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 244.

245.  The allegations of paragraph 245 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 245.

246.  The allegations of paragraph 246 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 246.

247.  The allegations of paragraph 247 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 247.

### CLAIM 31 CLAIM FOR INFRINGEMENT OF
### U.S. PATENT NO. 7,088,727 BY SUPERCLICK

248.  iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

249.  iBAHN admits that Nomadix purports to bring this claim under the patent laws of the United States.

250.  The allegations of paragraph 250 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 250.

251.  The allegations of paragraph 251 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 251.

252.  The allegations of paragraph 252 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 252.

253.  The allegations of paragraph 253 are not directed to iBAHN, and therefore no answer is required.  iBAHN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 253.

254.  The allegations of paragraph 254 are not directed to iBAHN, and

1   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

2   to form a belief as to the truth of the allegations of paragraph 254.

3        255.  The allegations of paragraph 255 are not directed to iBAHN, and

4   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

5   to form a belief as to the truth of the allegations of paragraph 255.

6        **CLAIM 32 CLAIM FOR INFRINGEMENT OF**

7        **U.S. PATENT NO. 7,554,995 BY SUPERCLICK**

8        256.  iBAHN repeats and incorporates by reference its responses to the

9   allegations in paragraphs 1 through 23.

10       257.  iBAHN admits that Nomadix purports to bring this claim under the

11  patent laws of the United States.

12       258.  The allegations of paragraph 258 are not directed to iBAHN, and

13  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

14  to form a belief as to the truth of the allegations of paragraph 258.

15       259.  The allegations of paragraph 259 are not directed to iBAHN, and

16  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

17  to form a belief as to the truth of the allegations of paragraph 259.

18       260.  The allegations of paragraph 260 are not directed to iBAHN, and

19  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

20  to form a belief as to the truth of the allegations of paragraph 260.

21       261.  The allegations of paragraph 261 are not directed to iBAHN, and

22  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

23  to form a belief as to the truth of the allegations of paragraph 261.

24       262.  The allegations of paragraph 262 are not directed to iBAHN, and

25  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

26  to form a belief as to the truth of the allegations of paragraph 262.

27       263.  The allegations of paragraph 263 are not directed to iBAHN, and

28  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

1   to form a belief as to the truth of the allegations of paragraph 263.

2                    **CLAIM 33: CLAIM FOR INFRINGEMENT OF**

3                    **U.S. PATENT NO. 6,636,894 BY SUPERCLICK**

4          264.  iBAHN repeats and incorporates by reference its responses to the

5   allegations in paragraphs 1 through 23.

6          265.  iBAHN admits that Nomadix purports to bring this claim under the

7   patent laws of the United States.

8          266.  The allegations of paragraph 266 are not directed to iBAHN, and

9   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

10  to form a belief as to the truth of the allegations of paragraph 266.

11         267.  The allegations of paragraph 267 are not directed to iBAHN, and

12  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

13  to form a belief as to the truth of the allegations of paragraph 267.

14         268.  The allegations of paragraph 268 are not directed to iBAHN, and

15  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

16  to form a belief as to the truth of the allegations of paragraph 268.

17         269.  The allegations of paragraph 269 are not directed to iBAHN, and

18  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

19  to form a belief as to the truth of the allegations of paragraph 269.

20         270.  The allegations of paragraph 270 are not directed to iBAHN, and

21  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

22  to form a belief as to the truth of the allegations of paragraph 270.

23         271.  The allegations of paragraph 271 are not directed to iBAHN, and

24  therefore no answer is required.  iBAHN lacks knowledge or information sufficient

25  to form a belief as to the truth of the allegations of paragraph 271.

26                    **CLAIM 34: CLAIM FOR INFRINGEMENT OF**

27                    **U.S. PATENT NO. 7,194,554 BY SUPERCLICK**

28         272.  iBAHN repeats and incorporates by reference its responses to the

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

1    allegations in paragraphs 1 through 23.

2         273.  iBAHN admits that Nomadix purports to bring this claim under the

3    patent laws of the United States.

4         274.  The allegations of paragraph 274 are not directed to iBAHN, and

5    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

6    to form a belief as to the truth of the allegations of paragraph 274.

7         275.  The allegations of paragraph 275 are not directed to iBAHN, and

8    therefore no answer is required.  iBAHN lacks knowledge or information sufficient

9    to form a belief as to the truth of the allegations of paragraph 275.

10        276.  The allegations of paragraph 276 are not directed to iBAHN, and

11   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

12   to form a belief as to the truth of the allegations of paragraph 276.

13        277.  The allegations of paragraph 277 are not directed to iBAHN, and

14   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

15   to form a belief as to the truth of the allegations of paragraph 277.

16        **CLAIM 35: CLAIM FOR INFRINGEMENT OF**

17        **U.S. PATENT NO. 6,868,399 BY SUPERCLICK**

18        278.  iBAHN repeats and incorporates by reference its responses to the

19   allegations in paragraphs 1 through 23.

20        279.  iBAHN admits that Nomadix purports to bring this claim under the

21   patent laws of the United States.

22        280.  The allegations of paragraph 280 are not directed to iBAHN, and

23   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

24   to form a belief as to the truth of the allegations of paragraph 280.

25        281.  The allegations of paragraph 281 are not directed to iBAHN, and

26   therefore no answer is required.  iBAHN lacks knowledge or information sufficient

27   to form a belief as to the truth of the allegations of paragraph 281.

28        282.  The allegations of paragraph 282 are not directed to iBAHN, and

1   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
2   to form a belief as to the truth of the allegations of paragraph 282.

3       283.  The allegations of paragraph 283 are not directed to iBAHN, and
4   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
5   to form a belief as to the truth of the allegations of paragraph 283.

6       284.  The allegations of paragraph 284 are not directed to iBAHN, and
7   therefore no answer is required.  iBAHN lacks knowledge or information sufficient
8   to form a belief as to the truth of the allegations of paragraph 284.

9       285.  The allegations of paragraph 285 are not directed to iBAHN, and
10  therefore no answer is required.  iBAHN lacks knowledge or information sufficient
11  to form a belief as to the truth of the allegations of paragraph 285.

12                          **PRAYER FOR RELIEF**

13          These paragraphs set forth the statement of relief requested by the
14  Plaintiff to which no response is required.  To the extent the statement is directed to
15  iBAHN, iBAHN denies that it has infringed and/or induced or contributed to the
16  infringement of any claims of the '892, '727, '995, '894, or '399 patents.  iBAHN
17  further denies that Plaintiff is entitled to any of the relief it requests against iBAHN.

18

19                   **AFFIRMATIVE AND OTHER DEFENSES**

20          Subject to the responses above, iBAHN alleges and asserts the following
21  defenses in response to the allegations, undertaking the burden of proof only as to
22  those defenses deemed affirmative defenses by law, regardless of how such
23  defenses are denominated herein.  In addition to the defenses described below,
24  subject to its responses above, iBAHN reserves the right to modify, amend, and/or
25  expand upon these defenses as discovery proceeds, and to allege additional
26  defenses that become known through the course of discovery.

27                   **First Defense: Noninfringement**

28          1.   iBAHN has not and does not willfully or otherwise infringe, contribute

- 31 -

1   to the infringement of, or actively induce others to infringe, any claim of the '892,

2   '727, '995, '894, or '399 patents.

3   ## Second Defense: Invalidity

4       2.     The '892, '727, '995, '894, or '399 patents are invalid for failing to

5   comply with one or more requirements of the patent laws of the United States,

6   including, but not limited to, the conditions for patentability set forth in 35 U.S.C.

7   §§ 101, 102, 103 and 112.

8   ## Defense: Estoppel

9       3.     On information and belief, Plaintiff is estopped by representations or

10  actions taken during the prosecution of the '892, '727, '995, '894, or '399 patents,

11  which limits the literal and equivalent scope of the claims of those patents under the

12  doctrines of prosecution disclaimer and prosecution history estoppel.

13  ## Defense: Laches

14      4.     On information and belief, Plaintiff's claims are barred in whole or in

15  part from asserting the '892, '727, '995, '894, or '399 patents against iBAHN by

16  the doctrine of laches, or waiver, or both.

17  ## Defense: Unclean Hands

18      5.     On information and belief, the claims of the '892, '727, '995, '894, or

19  '399 patents are unenforceable due to unclean hands.

20  ## Defense: Limitation on Damages

21      6.     On information and belief, Plaintiff's alleged damages are limited

22  and/or barred under 35 U.S.C. §§ 286 and/or 287.

23  ## Defense: 28 U.S.C. 1498

24      7.     To the extent that certain products accused of infringing the '892,

25  '727, '995, '894, or '399 patents are used by and/or manufactured for the United

26  States Government, Plaintiff's claims against iBAHN with respect to such products

27  may not be pursued and are subject to other limitations pursuant to 28 U.S.C. §

28  1498.

1

## COUNTERCLAIMS

2

iBAHN asserts counterclaims against Plaintiff as follows:

3

## PARTIES

4

8.    iBAHN Corporation is an entity organized under the laws of the state

5

of Delaware with its principal place of business at 10757 S. River Front Parkway,

6

Suite 300, Salt Lake City, Utah 84095.

7

9.    According to the Complaint, Nomadix is a Delaware corporation

8

having its principal place of business at 1100 Business Center Circle, Suite 100,

9

Newbury Park, California 91320.

10

## JURISDICTION AND VENUE

11

10.    Subject to iBAHN's defenses and denials, iBAHN alleges that the

12

Court has jurisdiction over the subject matter of these Counterclaims under, without

13

limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201 and 2202.

14

11.    The Court has personal jurisdiction over Plaintiff.

15

12.    Venue as to these counterclaims is proper in this district because

16

Plaintiff has submitted to this Court's jurisdiction by the filing of the Complaint in

17

this action.

18

## COUNT ONE - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

19

13.    iBAHN incorporates here the foregoing admissions, denials, and

20

allegations.

21

14.    Based on the filing by Plaintiff of this suit and iBAHN's defenses, an

22

actual controversy has arisen and now exists between the parties as to whether

23

iBAHN infringes, contributes to the infringement of, or induces infringement of

24

any valid claim of the '892, '727, '995, '894, or '399 patents.

25

15.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201

26

*et seq.,* iBAHN requests a declaration from the Court that iBAHN has not infringed

27

any valid claim of the '892, '727, '995, '894, or '399 patents, either directly,

28

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

contributorily, or by inducement or either literally under the doctrine of equivalents.

## COUNT TWO - DECLARATORY JUDGMENT OF INVALIDITY

16.   iBAHN incorporates here the foregoing admissions, denials, and allegations.

17.   Based on the filing by Plaintiff of this suit and iBAHN's defenses, an actual controversy has arisen and now exists between the parties as to the validity of each of the claims of the '892, '727, '995, '894, or '399 patents.

18.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* iBAHN requests a declaration from the Court that each of the claims of the '892, '727, '995, '894, or '399 patents are invalid for failure to comply with the provisions of the patent laws, 35 U.S.C. § 100 *et seq.*, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT THREE – PATENT INFRINGEMENT

19.   iBAHN incorporates here the foregoing admissions, denials, and allegations.

20.   United States Patent No. 6,934,754 ("the '754 patent"), entitled "Methods and apparatus for processing network data transmissions," was duly and legally issued by the United States Patent and Trademark Office on August 23, 2005, after full and fair examination.  iBAHN is the assignee of all rights, title, and interest in and to the '754 patent and possess all rights of recovery under the '754 patent, including the right to sue for infringement and recover past damages.  A copy of the '754 patent is attached as Exhibit 1.

21.   Nomadix, sells and distributes, including, upon information and belief, sales and distribution within the Central District of California, gateway devices including but not limited to products sold under the name AG 3100, AG 5500, and AG 5500 Metro Bundle.

22.   Nomadix has infringed, and continues to infringe, the '754 patent by

1  making, using, offering to sell, selling (directly or through intermediaries) within the

2  United States, and/or importing into the United States products covered by one or

3  more claims of the '754 patent, and/or by contributorily infringing one or more claims

4  of the '754 patent, all without the authorization of iBAHN, including but not limited to

5  the products identified in paragraph 21.

6      23.   Upon information and belief, Nomadix has been and still is actively

7  inducing one or more third parties to infringe one or more claims of the '754 patent,

8  all without the authorization of iBAHN.

9      24.   Nomadix has constructive notice of the '754 patent and of their

10  infringement of the '754 patent.

11      25.   As a result of the infringement by Nomadix, iBAHN has suffered, and

12  will continue to suffer, damages.  iBAHN is entitled to recover from Nomadix the

13  damages sustained as a result of Nomadix's wrongful acts in an amount subject to

14  proof at trial.

15      26.   The infringement by Nomadix of iBAHN's rights under the '754 patent

16  will continue to damage iBAHN, causing irreparable harm for which there is no

17  adequate remedy at law, unless Nomadix is enjoined by this Court.

18  **EXCEPTIONAL CASE**

19      27.   To the extent this is an exceptional case under 35 U.S.C. § 285,

20  iBAHN is entitled to recover from Plaintiff iBAHN's attorneys' fees and costs

21  incurred in connection with this action.

22  **RESERVATION OF RIGHTS**

23      28.   iBAHN hereby reserves its right to supplement with additional

24  defenses as discovery proceeds in this matter.

25  **PRAYER**

26      WHEREFORE, iBAHN prays for judgment as follows:

27      1.   A judgment that Nomadix take nothing by its Complaint, and that its

28  Complaint against iBAHN be dismissed with prejudice;

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

1      2.    A judgment in favor of iBAHN on all of its Counterclaims;

2      3.    A declaration that iBAHN has not infringed, either directly or

3   indirectly, any valid and enforceable claim of the '892, '727, '995, '894, or '399

4   patents;

5      4.    A declaration that the '892, '727, '995, '894, or '399 patents are

6   invalid and/or unenforceable;

7      5.    A declaration that Nomadix has infringed, contributed to the

8   infringement of, and/or induced infringement of the '754 patent;

9      6.    A declaration that the '754 patent is valid and enforceable;

10     7.    A permanent injunction enjoining Nomadix, including its officers,

11   agents, servants, employees, and those persons acting in active concert or in

12   participation with Nomadix, from infringing the '754 patent;

13     8.    An accounting of all gains, profits, and advantages derived by

14   Nomadix's infringement of the '754 patent and an award of damages adequate to

15   compensate iBAHN for Nomadix's direct, contributory, and/or inducement of

16   infringement of the '754 patent, together with pre-judgment and post-judgment

17   interest;

18     9.    A declaration that this case is exceptional and an award to iBAHN of

19   its reasonable costs and expenses, including attorneys' fees and expert witness fees;

20     10.   Such other and further relief as the Court may deem proper.

1    Dated:    March 29, 2010              Respectfully submitted,

2                                          ORRICK, HERRINGTON & SUTCLIFFE LLP

3                                          *Ben Hofileña*

4                                          Benjamin J. Hofileña

5                                          I. Neel Chatterjee (SBN 173985)
                                           Fabio E. Marino (SBN 183825)
6                                          Qudus B. Olaniran (SBN 267838)
                                           1000 Marsh Road
7                                          Menlo Park, CA 94025
                                           Telephone:  (650) 614-7400
8                                          Facsimile:   (650) 614-7401

9                                          Robert W. Dickerson (SBN 89367)
                                           Benjamin J. Hofileña (SBN 227117)
10                                         777 South Figueroa Street, Suite 3200
                                           Los Angeles, CA 90017
11                                         Telephone:  213-629-2020
                                           Facsimile:   213-612-2499

12                                         Attorneys for Defendant and Counterclaimant
13                                         IBAHN CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant iBAHN Corporation hereby demands a trial by jury on all issues so triable.

Dated:     March 29, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

*Ben Hofileña*

Benjamin J. Hofileña

I. Neel Chatterjee (SBN 173985)
Fabio E. Marino (SBN 183825)
Qudus B. Olaniran (SBN 267838)
1000 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 614-7400
Facsimile:   (650) 614-7401

Robert W. Dickerson (SBN 89367)
Benjamin J. Hofileña (SBN 227117)
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

Attorneys for Defendant and Counterclaimant
IBAHN CORPORATION

OHS West:260885374.2

- 38 -

IBAHN CORPORATION'S FIRST AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS TO COMPLAINT
CV-09-08441-DDP (VBKx)