John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NOMADIX, INC.

FILED
2010 APR 15 PM 2:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Civil Action No. <br><br> CV09-08441 DDP (VBKx) <br><br> **NOMADIX, INC.'S ANSWER TO IBAHN CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS** <br><br> **NOMADIX, INC'S COUNTERCLAIMS** <br><br> Honorable Dean D. Pregerson |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Plaintiff-Counterdefendant Nomadix, Inc. ("Nomadix") hereby answers iBAHN Corporation's ("iBAHN") First Amended Answer and Counterclaims (Docket No. 124) ("First Amended Counterclaims"). The numbered paragraphs of this Answer correspond to the numbered paragraphs of iBAHN's First Amended Counterclaims.

## COUNTERCLAIMS

## PARTIES

8. Upon information and belief, Nomadix admits the allegations in paragraph 8 of iBAHN's Counterclaims.

9. In response to paragraph 9 of iBAHN's First Amended Counterclaims, Nomadix admits that it is a Delaware corporation. Nomadix further admits that its Complaint states that Nomadix has a principal place of business at 1100 Business Center Circle, Suite 100, Newbury Park, California 91320. Except for these specific admissions, Nomadix denies iBAHN's allegations in paragraph 9. Nomadix has a new principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

## JURISDICTION AND VENUE

10. In response to paragraph 10 of iBAHN's First Amended Counterclaims, Nomadix admits that, to the extent that iBAHN has standing to bring its counterclaims, the Court has jurisdiction over the subject matter of iBAHN's counterclaims under 28 U.S.C. §§ 1331 and 1338(a). Nomadix further admits that, to the extent that iBAHN has standing to bring its counterclaims, the Court has jurisdiction over the subject matter of iBAHN's counterclaims for declaratory judgment under 28 U.S.C. § 1367(a). Except for these specific admissions, Nomadix denies iBAHN's allegations in paragraph 10.

/ / /

11. In response to paragraph 11 of iBAHN's First Amended Counterclaims, Nomadix admits that the Court may exercise personal jurisdiction over Nomadix with respect to iBAHN's counterclaims. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 11.

12. In response to paragraph 12 of iBAHN's First Amended Counterclaims, Nomadix admits that, as to iBAHN's counterclaims, venue is proper in this judicial district. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 12.

## COUNT ONE – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

13. In response to paragraph 13 of iBAHN's First Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 8 through 12 of iBAHN's First Amended Counterclaims with the same force and effect as if fully set forth here. Nomadix denies the allegations incorporated from paragraphs 1 through 7 of iBAHN's Affirmative and Other Defenses. To the extent that iBAHN intended to incorporate the text from paragraphs 1 through 285 of its First Amended Answer or its response to Nomadix's prayer for relief, no response is required because those paragraphs do not state any allegations. To the extent that paragraphs 1 through 285 of iBAHN's First Amended Answer and iBAHN's response to Nomadix's prayer for relief state any allegations, Nomadix denies such allegations.

14. Nomadix admits the allegations in paragraph 14 of iBAHN's First Amended Counterclaims.

15. In response to paragraph 15 of iBAHN's First Amended Counterclaims, Nomadix admits that iBAHN requests a declaration from the Court that iBAHN has not infringed any valid claim of U.S. Patent Nos. 6,130,892, 7,008,727, 7,554,995, 6,636,894 or 6,868,399, but denies that

iBAHN is entitled to such a declaration or any other relief. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 15.

## COUNT TWO – DECLARATORY JUDGMENT OF INVALIDITY

16. In response to paragraph 16 of iBAHN's First Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 8 through 15 of iBAHN's First Amended Counterclaims with the same force and effect as if fully set forth here. Nomadix denies the allegations incorporated from paragraphs 1 through 7 of iBAHN's Affirmative and Other Defenses. To the extent that iBAHN intended to incorporate the text from paragraphs 1 through 285 of its First Amended Answer or its response to Nomadix's prayer for relief, no response is required because those paragraphs do not state any allegations. To the extent that paragraphs 1 through 285 of iBAHN's First Amended Answer and iBAHN's response to Nomadix's prayer for relief state any allegations, Nomadix denies such allegations.

17. Nomadix admits the allegations in paragraph 17 of iBAHN's First Amended Counterclaims.

18. In response to paragraph 18 of iBAHN's First Amended Counterclaims, Nomadix admits that iBAHN requests a declaration from the Court that each of the claims of U.S. Patent Nos. 6,130,892, 7,008,727, 7,554,995, 6,636,894 or 6,868,399 are invalid, but denies that iBAHN is entitled to such a declaration or any other relief. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 18.

## COUNT THREE – PATENT INFRINGEMENT

19. In response to paragraph 19 of iBAHN's First Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 8 through 18 of iBAHN's First Amended Counterclaims with the same force and effect as if fully set forth here. Nomadix

denies the allegations incorporated from paragraphs 1 through 7 of iBAHN's Affirmative and Other Defenses. To the extent that iBAHN intended to incorporate the text from paragraphs 1 through 285 of its First Amended Answer or its response to Nomadix's prayer for relief, no response is required because those paragraphs do not state any allegations. To the extent that paragraphs 1 through 285 of iBAHN's First Amended Answer and iBAHN's response to Nomadix's prayer for relief state any allegations, Nomadix denies such allegations.

20. In response to paragraph 20 of iBAHN's First Amended Counterclaims, Nomadix admits that Exhibit 1 to iBAHN's First Amended Counterclaims purports to be a copy of U.S. Patent No. 6,934,754 ("the '754 patent"), is entitled "Methods and Apparatus for Processing Network Data Transmissions" and bears an issue date of August 23, 2005. Nomadix denies that iBAHN is the assignee of all rights, title, and interest in and to the '754 patent. Except for this specific admission and this specific denial, Nomadix lacks knowledge or information sufficient to form a belief about the truth of iBAHN's allegations in paragraph 20 and on that basis denies those allegations.

21. In response to paragraph 21 of iBAHN's First Amended Counterclaims, Nomadix admits that it sells products designated AG 3100, AG 5500, and AG 5500 with Metro Bundle and that it sells some such products in the Central District of California. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 21.

22. Nomadix denies the allegations in paragraph 22 of iBAHN's First Amended Counterclaims.

23. Nomadix denies the allegations in paragraph 23 of iBAHN's First Amended Counterclaims.

24. In response to paragraph 24 of iBAHN's First Amended Counterclaims, Nomadix admits that, on March 29, 2010, iBAHN's counsel e-

mailed a copy of iBAHN's First Amended Counterclaims to Nomadix's counsel and that such copy of iBAHN's First Amended Counterclaims identified the '754 patent. Except for this specific admission, Nomadix denies the allegations in paragraph 24 of iBAHN's First Amended Counterclaims.

25. Nomadix denies the allegations in paragraph 25 of iBAHN's First Amended Counterclaims.

26. Nomadix denies the allegations in paragraph 26 of iBAHN's First Amended Counterclaims.

## EXCEPTIONAL CASE

27. Nomadix denies the allegations in paragraph 27 of iBAHN's First Amended Counterclaims.

## RESERVATION OF RIGHTS

28. In response to paragraph 28 of iBAHN's First Amended Counterclaims, Nomadix admits that iBAHN states that it reserves its right to supplement with additional defenses as discovery proceeds in this matter. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 28.

## PRAYER

iBAHN's prayer does not state any allegations for which a responsive pleading is required. To the extent that it does state such an allegation, Nomadix denies that iBAHN is entitled to any relief and denies any allegations in iBAHN's prayer for which a responsive pleading is required.

## DEFENSES

Without assuming any burden that it would not otherwise bear, Nomadix asserts the following defenses.

## FIRST DEFENSE: NONINFRINGEMENT

29. Nomadix has not infringed, induced others to infringe or contributed to the infringement of any claim of the '754 patent.

## SECOND DEFENSE: INVALIDITY

30. One or more claims of the '754 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

## THIRD DEFENSE: LACHES

31. iBAHN's patent infringement claim as set forth in its First Amended Counterclaims is barred, in whole or in part, by laches.

## FOURTH DEFENSE: ESTOPPEL

32. iBAHN's patent infringement claim as set forth in its First Amended Counterclaims is barred, in whole or in part, by estoppel.

## FIFTH DEFENSE: WAIVER

33. iBAHN's patent infringement claim as set forth in its First Amended Counterclaims is barred, in whole or in part, by waiver.

## SIXTH DEFENSE: UNCLEAN HANDS

34. iBAHN's patent infringement claim as set forth in its First Amended Counterclaims is barred, in whole or in part, by unclean hands.

## SEVENTH DEFENSE: OWNERSHIP

35. iBAHN's patent infringement claim as set forth in its First Amended Counterclaims is barred, in whole or in part, because iBAHN does not own the '754 patent.

## EIGHTH DEFENSE: LACK OF STANDING

36. On information and belief, this Court does not have subject matter jurisdiction over iBAHN's patent infringement claim as set forth in its First Amended Counterclaims because iBAHN does not have standing to bring the claim.

## NINTH DEFENSE: ASSERTION OF PATENT WITH INVALID CLAIM

37. iBAHN's patent infringement claim as set forth in its First Amended Counterclaims is barred, in whole or in part, under 35 U.S.C. § 288.

/ / /

# COUNTERCLAIMS

Pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure, Plaintiff-Counterdefendant Nomadix, Inc. ("Nomadix") complains of Defendant-Counterclaimant iBAHN Corporation ("iBAHN") and alleges as follows:

## JURISDICTION AND VENUE

1. Nomadix asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory judgments under the patent laws of the United States, Title 35 of the United States Code, that the patent asserted by iBAHN is not infringed and is invalid. As iBAHN has asserted the patent against Nomadix in its First Amended Answer and Counterclaims (Docket No. 124) ("First Amended Counterclaims"), these counterclaims are based on an actual controversy. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367(a).

2. iBAHN is subject to the personal jurisdiction of this Court with respect to Nomadix's counterclaims because iBAHN failed to contest the Court's exercise of personal jurisdiction over it with respect to Nomadix's claims of patent infringement. Additionally, iBAHN is subject to the personal jurisdiction of this Court with respect to Nomadix's counterclaims by virtue of filing its patent infringement claim against Nomadix in the present action.

3. Venue is proper in this district with respect to Nomadix's counterclaims because iBAHN failed to contest the propriety of venue with respect to Nomadix's claims of patent infringement. Additionally, venue is proper to the extent it is proper with respect to iBAHN's claims against Nomadix as set forth in iBAHN's First Amended Counterclaims.

/ / /

/ / /

## PARTIES

4. Nomadix is a Delaware corporation having a principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

5. On information and belief, iBAHN is a Delaware corporation having its principal place of business at 10757 S. River Front Parkway, Suite 300, Salt Lake City, Utah 84095.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

6. Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 of these Counterclaims.

7. iBAHN alleges in its First Amended Counterclaims that it is the assignee of all rights, title, and interest in and to the '754 patent and that it possesses all rights of recovery under the '754 patent, including the right to sue for infringement and recover past damages.

8. iBAHN has asserted in its First Amended Counterclaims a claim of patent infringement against Nomadix based on the '754 patent and Nomadix has denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Nomadix and iBAHN with respect to the '754 patent.

9. Nomadix has not engaged in any conduct constituting infringement of the '754 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

10. Nomadix requests and is entitled to declaratory judgment that it does not infringe one or more claims of the '754 patent.

/ / /

/ / /

-8-

## SECOND CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF INVALIDITY

11. Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 and 7 of these Counterclaims.

12. iBAHN has asserted in its First Amended Counterclaims a claim of patent infringement against Nomadix based on the '754 patent and Nomadix has asserted a defense of invalidity with respect to the '754 patent. Thus, an immediate, real and justiciable controversy now exists between Nomadix and iBAHN with respect to the alleged invalidity of the '754 patent.

13. One or more claims of the '754 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

14. Nomadix requests and is entitled to declaratory judgment that one or more claims of the '754 patent are invalid.

## PRAYER FOR RELIEF

As to its counterclaims against iBAHN, Nomadix respectfully prays for:

A. A declaration that Nomadix does not infringe and has not infringed directly, by inducement, or contributorily, the '754 patent, either literally or under the doctrine of equivalents;

B. A declaration that one or more claims of the '754 patent are invalid;

C. An order adjudging that this action is an exceptional case within the provision of 35 U.S.C. § 285 and that Nomadix is entitled to a recovery of its reasonable attorneys' fees incurred in this action;

D. An award to Nomadix of its reasonable attorneys' fees incurred in this action;

E. An order dismissing with prejudice all claims against Nomadix and denying all relief requested by iBAHN; and

/ / /

-9-

F. Such other and further relief in Nomadix's favor as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 15, 2010         By: /s/ Perry Oldham
                              John B. Sganga, Jr.
                              Douglas G. Muehlhauser
                              Perry D. Oldham
                              Mark Lezama
                              Alan G. Laquer

Attorneys for Plaintiff
NOMADIX, INC.

## PROOF OF SERVICE

I am a citizen of the United States of America, and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, 14th Floor, Irvine, California. I am readily familiar with the firm's business practices for the collection and processing of correspondence for mailing, and that mail so processed will be deposited the same day during the ordinary course of business.

On April 15, 2010, I served the within NOMADIX, INC.'S ANSWER TO IBAHN CORPORATION'S FIRST AMENDED ANSWER AND COUNTERCLAIMS; NOMADIX, INC'S COUNTERCLAIMS on the parties or their counsel shown below, by placing it in a sealed envelope addressed as set forth in the attached Service List:

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 15, 2010 at Irvine, California.

_____
Claire A. Stoneman

## SERVICE LIST

| Counsel | Party |
|---|---|
| Michael K. Plimack<br>COVINGTON & BURLING LLP<br>One Front Street<br>San Francisco, CA  94111-5356<br>mplimack@cov.com<br>Covington - Nomadix v. HP Distribution List<br>(hpvnomadix@cov.com) | Defendant Hewlett-Packard Company |
| Michael Wickey<br>COVINGTON & BURLING LLP<br>333 Twin Dolphin Drive<br>Suite 700<br>Redwood Shores, CA  94065<br>mwickey@cov.com | Defendant Hewlett-Packard Company |
| Neel Chatterjee<br>Fabio E. Marino<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>nchatterjee@orrick.com<br>fmarino@orrick.com | Defendant iBAHN Corporation |
| Robert W. Dickerson<br>Benjamin J. Hofileña<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, CA  90017<br>rdickerson@orrick.com<br>bhofilena@orrick.com | Defendant iBAHN Corporation |
| Paul D. Tripodi, II<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street<br>Suite 4000<br>Los Angeles, CA  90013<br>ptripodi@sidley.com | Defendant Wayport, Inc. |

| Counsel | Party |
|---|---|
| Hugh A. Abrams<br>Lisa A. Schneider<br>David T. Pritikin<br>Benedict F. Frey<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL  60603<br>habrams@sidley.com<br>lschneider@sidley.com<br>dpritikin@sidley.com<br>bfrey@sidley.com | Defendant Wayport, Inc. |
| Charles M. Stern<br>KATTEN MUCHIN ROSENMAN LLP<br>2029 Century Park East<br>Suite 2600<br>Los Angeles, CA  90067<br>charles.stern@kattenlaw.com | Defendants Guest-Tek Interactive Entertainment Inc. and Guest-Tek Interactive Entertainment Ltd. |
| Michael J. Swope<br>WOODCOCK WASHBURN LLP<br>999 Third Ave.<br>Suite 3600<br>Seattle, WA  98104<br>swope@woodcock.com | Defendants Guest-Tek Interactive Entertainment Inc. and Guest-Tek Interactive Entertainment Ltd. |
| Dale M. Heist<br>Henrik D. Parker<br>John F. Murphy<br>WOODCOCK WASHBURN LLP<br>Cira Centre – 12th Floor<br>2929 Arch Street<br>Philadelphia, PA  19104<br>heist@woodcock.com<br>parker@woodcock.com<br>jmurphy@woodcock.com | Defendants Guest-Tek Interactive Entertainment Inc. and Guest-Tek Interactive Entertainment Ltd. |
| Sean M. Kneafsey<br>Michele B. Friend<br>Shaun Swiger<br>KNEAFSEY& FRIEND LLP<br>800 Wilshire Blvd.<br>Suite 710<br>Los Angeles, CA  90017<br>skneafsey@kneafseyfriend.com<br>mfriend@kneafseyfriend.com<br>sswiger@kneafseyfriend.com | Defendant Aruba Networks, Inc. |

| Counsel | Party |
|---|---|
| Paul Torchia<br>Etai Lahav<br>Nicholas Groombridge<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Ave.<br>New York, NY 10153<br>paul.torchia@weil.com<br>nicholas.groombridge@weil.com<br>etai.lahav@weil.com | Defendant Aruba Networks, Inc. |
| Anthony B. Leuin<br>James P. Martin<br>Simone M. Katz-O'Neill<br>SHARTSIS FRIESE LLP<br>One Maritime Plaza<br>18th Floor<br>San Francisco, CA 94111<br>aleuin@sflaw.com<br>jmartin@sflaw.com<br>skatz@sflaw.com | Defendants LodgeNet Interactive Corporation, LodgeNet StayOnline, Inc., and On Command Corporation |
| Michael G. Taylor<br>Kevin D. Conneely<br>Gabriel K. Holloway<br>Erik M. Drange<br>LEONARD, STREET AND DEINARD, PROFESSIONAL ASSOCIATION<br>150 South Fifth Street<br>Suite 2300<br>Minneapolis, MN 55402<br>gabriel.holloway@leonard.com<br>kevin.conneely@leonard.com<br>erik.drange@leonard.com<br>michael.taylor@leonard.com | Defendants LodgeNet Interactive Corporation, LodgeNet StayOnline, Inc., and On Command Corporation |
| Michael J. Sacksteder<br>David M. Lacy Kusters<br>FENWICK & WEST LLP<br>555 California Street<br>12th Floor<br>San Francisco, CA 94104<br>msacksteder@fenwick.com<br>dlacykusters@fenwick.com | Defendants Superclick, Inc. and Superclick Networks, Inc. |

8868283