John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NOMADIX, INC.

[SEE SIGNATURE PAGE FOR A COMPLETE LISTING OF COUNSEL FOR DEFENDANTS]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Civil Action No. |
| Plaintiff, | CV09-08441 DDP (VBKx) |
| v. | **RULE 26(f) REPORT** |
| HEWLETT-PACKARD COMPANY et al., | Scheduling Conference<br>Date: April 26, 2010<br>Time: 3:30 p.m.<br>Crtrm: 3 |
| Defendants. | Honorable Dean D. Pregerson |
| AND RELATED COUNTERCLAIMS | |

The Court's February 12, 2010 order (Docket No. 85) set this matter for an April 26, 2010 scheduling conference. Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1 and the Court's February 12, 2010 order, the parties began conferring on April 5, 2010 regarding a discovery plan and other topics that these rules contemplate. Accordingly, the parties submit the following Rule 26(f) Report.

## I. PROPOSED CASE SCHEDULE

In addition to the discovery plan set forth in sections II and III below, the parties respectfully propose the following annotated case schedule. The parties agree to follow the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California effective December 1, 2009 ("Patent Local Rules"), except for deadline dates and other modifications as specifically noted below.

| No. | Matter | Day | Date |
|---|---|---|---|
| 1. | Scheduling conference | Mon. | Apr. 26, 2010 3:30 P.M. |
| 2. | Lodge Stipulated Protective Order and Joint Stipulation on Discovery (The parties intend to discuss the filing of a Joint Stipulation.) | Mon. | May 10, 2010 |
| 3. | Disclosure of accused instrumentalities, asserted claims and infringement contentions | Mon. | May 24, 2010 |
| 4. | Deadline to amend pleadings or join additional parties without the Court's leave | Mon. | June 21, 2010 |
| 5. | Identification by name of accused instrumentalities and related or reasonably similar instrumentalities | Mon. | June 21, 2010 |
| 6. | Disclosure of prior art and invalidity contentions | Thur. | July 1, 2010 |
| 7. | Exchange of claim terms proposed for construction | Thur. | July 29, 2010 |
| 8. | Exchange of proposed claim constructions | Thur. | Aug. 19, 2010 |

| No. | Matter | Day | Date |
|---|---|---|---|
| 9. | Joint Claim Construction and Prehearing Statement including identification of up to a maximum of 10 terms per asserted patent whose construction will be most significant to the resolution of the case. | Mon. | Sept. 13, 2010 |
| 10. | Close of claim construction discovery; by this date, any party intending to rely upon a witness or declarant during the claim construction hearing or briefing must make such witness or declarant available for deposition | Wed. | Oct. 13, 2010 |
| 11. | Opening claim construction briefs by any party asserting a patent | Thur. | Oct. 28, 2010 |
| 12. | Responsive claim construction briefs by any party defending a patent infringement claim (such parties each permitted a separate responsive brief for each opening brief to which they are responding) | Wed. | Nov. 24, 2010 |
| 13. | Reply claim construction briefs by any party asserting a patent | Mon. | Dec. 13, 2010 |
| 14. | Claim construction hearing | Mon. | Jan. 10, 2011 |
| 15. | Non-judicial dispute resolution proceeding to be conducted | | 28 to 35 days after claim construction order |
| 16. | Deadline for parties to disclose whether they are relying on advice of counsel as part of a claim or defense, and, if so, to produce all documents and materials constituting or embodying such advice, to produce a written summary of any such oral advice, and to produce any additional documents and materials whose privilege and/or immunity protection is thereby waived | | 30 days after claim construction order |
| 17. | Identification of any experts expected to offer any opinion in a written expert report | Mon. | April 11, 2011 |

| No. | Matter | Day | Date |
|---|---|---|---|
| 18. | Close of fact discovery; the parties reserve the right to seek additional fact discovery if, e.g., an expert bases his or her opinion on factual bases for which there has not been sufficient discovery | Mon. | May 9, 2011 (but no less than 75 days after entry of claim construction order) |
| 19. | Exchange of opening expert witness reports for those parties with the burden of proof | Mon. | May 30, 2011 (but no less than 21 days after close of fact discovery) |
| 20. | Exchange of rebuttal expert witness reports | Mon. | June 20, 2011 (but no less than 21 days after service of opening expert reports) |
| 21. | Deadline for completing expert discovery | Mon. | Aug. 1, 2011 (but no less than 42 days after service of rebuttal expert reports) |
| 22. | Deadline for dispositive or partially dispositive motions (not including motions *in limine*) | Mon. | Aug. 29, 2011 (but no less than 28 days after close of expert discovery) |
| 23. | Deadline for motions *in limine* | Mon. | Oct. 31, 2011 |
| 24. | File memorandum of contentions of fact and law; joint exhibit list; witness list | Mon. | Jan. 9, 2012 |
| 25. | Lodge final pretrial conference order | Thur. | Jan. 19, 2012 |
| 26. | Proposed jury instructions; joint statement of the case | Mon. | Jan. 23, 2012 |
| 27. | Final pretrial conference | Mon. | Jan.30, 2012 11:00 A.M. |

| No. | Matter | Day | Date |
|-----|--------|-----|------|
| 28. | Start of trial | Mon. | Feb. 13, 2012 |

**Modifications To Patent Local Rules And Notes On Proposed Scheduled Matters**

**Patent Local Rule 3-1 And Item 3 (Infringement Contentions):** Infringement contentions under item 3 will be preliminary based on the information presently available to the party asserting patent infringement. For any accused instrumentality, if the party asserting patent infringement is unaware of the actual name of the accused instrumentality, it may identify, with specificity, a location where it observed allegedly infringing activity. The infringement contentions will otherwise comply with Rule 3-1.

Additionally, a party opposing a claim of patent infringement may not refuse to provide discovery seeking an identification of or description of instrumentalities (e.g., products, devices, apparatuses, systems, processes and/or methods) on the basis that infringement contentions have not yet been served or that such instrumentalities are not identified in infringement contentions. However, with respect to instrumentalities not yet accused of infringement, a party opposing a claim of patent infringement need only produce responsive descriptive documents and information, including, for example, data sheets, brochures, sales materials providing an overview of the instrumentalities' functionalities and the kind of information provided in such documents. Additionally, with respect to instrumentalities not yet accused of infringement, a party opposing a claim of patent infringement need not produce source code and need not produce information that would be unduly burdensome to produce due to the instrumentality not being accused of infringement yet. Furthermore, the defendants need not produce documents responsive to the requests in Nomadix's First Sets of Requests for Production before Nomadix serves its

initial infringement contentions on May 24, 2010. However, the defendants must still timely serve responses and any objections to such requests for production in accordance with the deadlines that the Federal Rules and Local Rules establish. Except as specifically provided above, nothing in this paragraph affects a party's ability to make valid objections to discovery requests.

The provisions of the previous paragraph shall be applied to interrogatories that are in Nomadix's First Sets of Interrogatories and that seek an identification of products as follows:

(a) the defendants need not provide any claim charts responsive to the interrogatories with respect to instrumentalities not yet accused by Nomadix of infringement; however, once Nomadix identifies an instrumentality in infringement contentions, the pertinent defendants must promptly supplement their responses to the interrogatories to provide any responsive claim charts for that instrumentality; and

(b) except as provided in part (a) above, the defendants may not withhold responsive information on the basis that Nomadix has not yet served infringement contentions or that Nomadix has not yet identified such products in infringement contentions, and, instead, subject to any other objections, must fully respond to the interrogatories.

To the extent that iBAHN or any other party asserting a claim of patent infringement serves discovery requests, the pertinent parties will agree to provisions analogous to the above provisions regarding Nomadix's discovery requests.

**Item 5 (Identification By Name Of Accused Instrumentalities And Related Or Reasonably Similar Instrumentalities):** If an accused instrumentality is identified by location under item 3 as provided above, item 5 requires the party opposing the pertinent claim of patent infringement to identify

the accused instrumentality by name.  The party must also identify by name (a) all other instrumentalities (e.g., products, devices, apparatuses, systems, processes and/or methods) that are part of the same product line as the accused instrumentality ("accused product line") and (b) all other instrumentalities or product lines that, with respect to the allegedly infringing activity identified in the infringement contentions, are reasonably similar to the accused product line or any instrumentalities in the accused product line.  The party must make this identification in a paper served on the party asserting the pertinent claim of patent infringement.  However, the identification in the served paper may be an identification of produced documents and/or information that is sufficiently specific to permit the party on whom the paper is served to determine which of the instrumentality names identified or mentioned in such produced documents and/or information is the name of the accused instrumentality, which are the names of instrumentalities described in (a) and (b) above (but the serving party need not distinguish between the instrumentalities described in (a) and (b)) and which are the instrumentalities that the serving party contends do not fall under the descriptions of either (a) or (b).  A party's compliance with item 5 shall not constitute any admission regarding infringement or operation of any instrumentality.

**Patent Local Rule 3-3 (Invalidity Contentions):**  Every instance of the phrase "asserted claim" in parts (a) through (d) of Rule 3-3 shall be replaced by "challenged claim," where a challenged claim is a patent claim that the party opposing a claim of patent infringement contends is invalid, whether as an affirmative defense or pursuant to a counterclaim for declaratory judgment of invalidity.

**Patent Local Rule 3-6 (Amendment To Contentions):**  The first sentence of Rule 3-6 is replaced by the following:  "Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by (i)

*1*   stipulation of the parties to which the Infringement Contentions or the Invalidity

*2*   Contentions pertain or (ii) order of the Court upon a timely showing of good

*3*   cause."  Additionally, a party opposing a claim of infringement will stipulate to

*4*   an amendment to infringement contentions where (1) it is timely made and (2)

*5*   the amendment (e.g., the addition of new accused instrumentalities) does not

*6*   change the infringement theories set forth in the prior infringement contentions.

*7*   However, the parties opposing claims of patent infringement reserve the right

*8*   not to stipulate and to instead oppose a motion for leave to amend whenever the

*9*   proposed amendment is untimely and/or would require additional or different

*10*  theories of infringement.

*11*  **Patent Local Rules 4-2, 4-3 and 4-4 (Claim Construction Statements**

*12*  **And Discovery):**   The term "witness" in Rules 4-2, 4-3 and 4-4 shall be

*13*  understood to include persons submitting declarations in support of a claim

*14*  construction brief and the term "testimony" in those rules shall be understood to

*15*  include statements made in such declarations.

*16*  / / /

*17*  / / /

*18*

*19*

*20*

*21*

*22*

*23*

*24*

*25*

*26*

*27*

*28*

## II. REPORT IN RESPONSE TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)

A.  **Initial Disclosures – Fed. R. Civ. P. 26(f)(3)(A)**

The parties propose that Initial Disclosures be exchanged by Monday, April 26, 2010.

B.  **Discovery – Fed. R. Civ. P. 26(f)(3)(B)**

1.  **Subjects On Which Discovery May Be Needed**

    a.  **Nomadix's Patent Infringement Claims And Defendants' Declaratory Judgment Claims**

With respect to Nomadix's claims of patent infringement, the parties expect that discovery will be needed on at least the following subjects: the identity of each of the defendants' accused products; the operation of the defendants' accused products; the defendants' knowledge of the asserted Nomadix patents, knowledge of their alleged infringement of the asserted Nomadix patents and their efforts, if any, to avoid the alleged infringement; the defendants' actions in contributing to others' infringement of the asserted Nomadix patents and/or inducing others to infringe the asserted Nomadix patents; sales and other financial information relating to the defendants' accused products; the identity of any alleged prior art to the asserted Nomadix patents; the prosecution history of the asserted Nomadix patents; the identity and operation of each Nomadix product claimed to practice the asserted Nomadix patents; the identity and operation of each product that Nomadix licenses and claims practices the asserted Nomadix patents; the extent to which Nomadix will claim commercial success of the technology claimed in the asserted Nomadix patents; inventorship of the asserted Nomadix patents; date of alleged invention and reduction to practice of the asserted Nomadix patents; first sale and public use of the technology claimed in the asserted Nomadix patents; any licenses or attempted licenses covering the asserted Nomadix patents; sales and

-8-

other financial information relating to Nomadix.

          **b.**    **iBAHN's Patent Infringement Counterclaim Against Nomadix And Nomadix's Declaratory Judgment Counterclaims**

With respect to iBAHN's claim of patent infringement, the parties expect that discovery will be needed on at least the following subjects: the identity of each of Nomadix's accused products; the operation of Nomadix's accused products; Nomadix's knowledge of the asserted iBAHN patent, knowledge of its alleged infringement of the asserted iBAHN patent and its efforts, if any, to avoid the alleged infringement; Nomadix's actions in contributing to others' infringement of the asserted iBAHN patent and/or inducing others to infringe the asserted iBAHN patent; sales and other financial information relating to Nomadix's accused products; the identity of any alleged prior art to the asserted iBAHN patent; the prosecution history of the asserted iBAHN patent; the identity and operation of each iBAHN product claimed to practice the asserted iBAHN patent; the identity and operation of each product that iBAHN licenses and claims practices the asserted iBAHN patent; the extent to which iBAHN will claim commercial success of the technology claimed in the asserted iBAHN patent; inventorship of the asserted iBAHN patent; date of alleged invention and reduction to practice of the asserted iBAHN patent; first sale and public use of the technology claimed in the asserted iBAHN patent; any licenses or attempted licenses covering the asserted iBAHN patent; sales and other financial information relating to iBAHN.

    **2.**    **Order Of And Limitations On Discovery**

The parties do not propose conducting discovery in phases or limiting discovery to particular issues.

/ / /

/ / /

**C.    Discovery Of Electronically Stored Information – Fed. R. Civ. P. 26(f)(3)(C)**

The parties intend to discuss the filing of a joint stipulation that will address discovery of electronically stored information. The parties currently expect to agree that software source code and all related files shall be broken out by version number and produced in native form; that all other electronically stored information shall be produced as .tiff images with Concordance load files whenever possible; that the parties will honor reasonable requests by other parties to produce in native form electronically stored information specifically identified by the requesting party when .tiff images are not reasonably usable (e.g., in some cases, when the electronically stored information is an Excel spreadsheet or input to or output from a computer program) so long as that any such request is made 30 days after the requested electronically stored information is first produced or 30 days before discovery is closed, whichever is earlier; that the only metadata to be produced is the custodian and file path metadata fields; and that all other metadata shall be preserved.

**D.    Privileged Documents – Fed. R. Civ. P. 26(f)(3)(D)**

The parties expect to submit for the Court's approval a Stipulated Protective Order that will include provisions for the inadvertent production of privileged material as contemplated by Rule 502 of the Federal Rules of Evidence.

**E.    Limitations On Discovery – Fed. R. Civ. P. 26(f)(3)(E)**

Except as to depositions and expert discovery (see also section G below), the parties do not propose any changes to the limitations on discovery imposed under the Federal Rules or Local Rules. With respect to non-expert depositions relating to Nomadix's claims of patent infringement, Nomadix shall be allocated 70 hours per defendant and the defendants shall each be allocated 70 hours. With respect to non-expert depositions relating to iBAHN's counterclaim of

patent infringement, iBAHN and Nomadix shall each be allocated an additional 70 hours. To the extent that any deposition or portion of a deposition addresses issues common to multiple defendants, such time shall be split equally against the total deposition time allocated to those defendants. As the time for expert discovery approaches, the parties will discuss allocation of time for depositions of experts.

**F.     Orders**

The parties intend to submit a Stipulated Protective Order and intend to discuss a Joint Stipulation on Discovery for the Court's approval. No production will be made until the Court has approved the Stipulated Protective Order and any Joint Stipulation on Discovery the parties lodge.

**G.     Miscellaneous**

For purposes of Federal Rule of Civil Procedure 5(b)(2)(E), the parties agree that service of a paper is complete when it is transmitted via e-mail to the party to be served by 9:00 p.m. (Pacific). If the paper(s) to be transmitted include exhibits and/or attachments too voluminous to be transmitted via e-mail, those exhibits and/or attachments should be sent via an FTP site (or something similar) or otherwise served using an overnight delivery service.

The parties will not seek and are not entitled to discovery of communications between counsel and expert witnesses or discovery of drafts of expert reports or notes of experts, unless relied upon by the expert in forming his/her opinion, including any opinions expressed while testifying at any proceeding, including a deposition.

/ / /

/ / /

### III. REPORT IN RESPONSE TO LOCAL RULE 26-1

#### A. Manual For Complex Litigation – L.R. 26-1(a)

The parties agree that, to the extent the procedures of the Manual for Complex Litigation differ from the Federal Rules and Local Rules, they should not be utilized in this case.

#### B. Schedule For Dispositive Motions – L.R. 26-1(b)

The parties anticipate that they may file dispositive or partially dispositive motions. With respect to Nomadix's claims of patent infringement, Nomadix anticipates that it may file one or more motions for summary judgment of infringement against one or more defendants. Defendants anticipate that they may file one or more motions for summary judgment of noninfringement, invalidity, and/or unenforceability. With respect to iBAHN's claim of patent infringement, Nomadix anticipates that it may file a motion for summary judgment of noninfringement of the asserted claims of the asserted iBAHN patent, invalidity of the asserted claims of the asserted iBAHN patent and/or unenforceability of the asserted iBAHN patent. iBAHN anticipates that it may file one more motions for summary judgment of infringement against Nomadix. The parties respectfully propose the deadline for all dispositive or partially dispositive motions that is set forth in the schedule proposed above.

#### C. Settlement – L.R. 26-1(c)

The parties discussed and reached general agreement upon a settlement procedure. Pursuant to Local Rule 16-15.2, not more than fourteen (14) days after entry of a scheduling order in this case, the parties intend to file a Notice of Settlement Procedure Selection, which the parties expect will identify suggested Settlement Procedure No. 3 (non-judicial dispute resolution proceeding).

#### D. Trial Estimate

Nomadix preliminarily estimates it will need eight (8) court days to present its case in chief. At this time, Defendants are not clear as to the scope of

this case and whether all of the defendants will be tried together. Additionally, Defendants anticipate that there may be motions for separate trials that will be filed. As such, Defendants are not presently able to provide a trial estimate. Nevertheless, Defendants are certain that it will take a significant amount of time to present their cases.

In light of the fact that the plaintiff is a direct competitor to some or all of the defendants, and the fact that many of the defendants are themselves competitors, the defendants are considering whether to seek bifurcation (of discovery and/or trial) of damages related issues.

E.   **Additional Parties – L.R. 26-1(e)**

The parties do not presently anticipate joining any additional parties.

F.   **Expert Witnesses – L.R. 26-1(f)**

The parties respectfully propose disclosing experts and submitting expert reports in compliance with Federal Rule of Civil Procedure 26(a)(2) according to the proposed schedule set forth above.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 19, 2010         By: */s/ Douglas G. Muehlhauser*
                                John B. Sganga, Jr.
                                Douglas G. Muehlhauser
                                Perry D. Oldham
                                Mark Lezama
                                Alan G. Laquer

                                Attorneys for Plaintiff
                                NOMADIX, INC.

|  |  |  |
|---|---|---|
| 1 |  | COVINGTON & BURLING LLP |
| 2 |  |  |
| 3 |  |  |
| 4 | Dated: April 19, 2010 | By: */s/ Michael K. Plimack (with permission)* |
| 5 |  | Michael K. Plimack<br>Michael P. Wickey |
| 6 |  | Attorneys for Defendant |
| 7 |  | HEWLETT-PACKARD COMPANY |

Dated: April 19, 2010    By: */s/ Hugh A. Abrams (with permission)*

SIDLEY AUSTIN LLP
David T. Pritikin
dpritikin@sidley.com
Hugh A. Abrams
habrams@sidley.com
Lisa A. Schneider
lschneider@sidley.com
Benedict F. Frey
bfrey@sidley.com
One South Dearborn
Chicago, Illinois 60603

Paul D. Tripodi II (SBN 162380)
ptripodi@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

Attorneys for Defendant WAYPORT, INC.


| | | |
|---|---|---|
| 1 | Dated: April 19, 2010 | By: */s/ Fabio Marino (with permission)* |

Orrick, Herrington & Sutcliffe LLP

I. Neel Chatterjee (SBN 173985)
nchatterjee@orrick.com
Fabio Marino (SBN 183825)
fmarino@orrick.com
Qudus Olaniran (SBN 267838)
qolaniran@orrick.com
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      650-614-7400
Facsimile: 650-614-7401
Robert W. Dickerson (SBN 89367)
rdickerson@orrick.com
Benjamin J. Hofileña (SBN 227117)
bhofilena@orrick.com
Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:      213-629-2020
Facsimile: 213-612-2499
Attorneys for Defendant and Counterclaimant
iBAHN CORPORATION

| | | |
|---|---|---|
| 1 | Dated: April 19, 2010 | By: */s/ Dale M. Heist (with permission)* |

WOODCOCK WASHBURN LLP
Dale M. Heist
heist@woodcock.com
Henrik D. Parker  (SBN 117119)
parker@woodcock.com
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone:      (215) 568-3100
Facsimile:      (215) 568-3439

Michael Swope
swope@woodcock.com
999 Third Avenue, Suite 3600
Seattle, WA 98104-4023
Phone: (206) 332-1380
Facsimile: (206) 624-7317


Attorneys for Defendants Guest-Tek Interactive Entertainment Ltd. and Guest-Tek Interactive Entertainment, Inc.

| | | |
|---|---|---|
| 1 | Dated: April 19, 2010 | SHARTSIS FRIESE LLP |
| 2 | | ANTHONY B. LEUIN (Bar #95639) |
| | | aleuin@sflaw.com |
| 3 | | JAMES P. MARTIN (Bar #170044) |
| | | jmartin@sflaw.com |
| 4 | | SIMONE M. KATZ-O'NEILL |
| 5 | | (Bar #246490) |
| | | skatz@sflaw.com |
| 6 | | One Maritime Plaza, Eighteenth Floor |
| 7 | | San Francisco, CA 94111 |
| | | Telephone: (415) 421-6500 |
| 8 | | Facsimile: (415) 421-2922 |

AND

LEONARD, STREET AND DEINARD, PROFESSIONAL ASSOCIATION

BY: */s/ Kevin D. Conneely*
    *(with permission)*
MICHAEL G. TAYLOR
(MN #161950)
KEVIN D. CONNEELY
(MN #192703)
GABRIEL K. HOLLOWAY
(MN #320778)
ERIK M. DRANGE (MN #0344138)
(admitted pro hac vice)
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

**ATTORNEYS FOR DEFENDANTS LODGENET INTERACTIVE CORPORATION, LODGENET STAYONLINE, INC., AND ON COMMAND CORPORATION**

| | | |
|---|---|---|
| Dated: April 19, 2010 | By: | */s/ Sean M. Kneafsey (with permission)* |
| | | Sean M. Kneafsey (SBN 180863) |
| | | Michele B. Friend (SBN 203865) |
| | | Shaun Swiger (SBN 232878) |
| | | 800 Wilshire Blvd., Suite 710 |
| | | Los Angeles, California 90017 |
| | | Telephone: (213) 892-1200 |
| | | Facsimile:  (213) 892-1208 |
| | | skneafsey@kneafseyfriend.com |
| | | mfriend@kneafseyfriend.com |
| | | sswiger@kneafseyfriend.com |
| | | |
| | | Nicholas Groombridge |
| | | Paul E. Torchia |
| | | Etai Lahav |
| | | WEIL, GOTSHAL & MANGES LLP |
| | | 767 Fifth Avenue |
| | | New York, New York 10153 |
| | | Telephone: (212) 310-8000 |
| | | Facsimile:  (212) 310-8007 |
| | | nicholas.groombridge@weil.com |
| | | paul.torchia@weil.com |
| | | etai.lahav@weil.com |
| | | |
| | | **COUNSEL FOR DEFENDANT ARUBA NETWORKS, INC.** |
| | | |
| | | FENWICK & WEST LLP |
| Dated: April 19, 2010 | By: | */s/ Michael J. Sacksteder (with permission)* |
| | | Michael J. Sacksteder |
| | | David M. Lacy Kusters |
| | | **Attorneys for Defendants SUPERCLICK, INC. and SUPERCLICK NETWORKS, INC** |

8908560

-18-