John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NOMADIX, INC.

FILED
2010 JUN -7 PM 3:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY et al., <br><br> Defendants. | Civil Action No. <br><br> CV09-08441 DDP (VBKx) <br><br> **NOMADIX, INC.'S ANSWER TO IBAHN CORPORATION'S FIRST AMENDED COUNTERCLAIMS (DOCKET NO. 142)** <br><br> **NOMADIX, INC.'S COUNTERCLAIMS** <br><br> Honorable Dean D. Pregerson |
| NOMADIX, INC., <br><br> Counter-Counterclaimant, <br><br> v. <br><br> IBAHN CORPORATION, <br><br> Counter-Counterdefendant. | |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Plaintiff-Counterdefendant Nomadix, Inc. ("Nomadix") hereby answers iBAHN Corporation's ("iBAHN") First Amended Counterclaims (Docket No. 142) ("Amended Counterclaims"). The numbered paragraphs of this Answer correspond to the numbered paragraphs of iBAHN's Amended Counterclaims.

## COUNTERCLAIMS

## PARTIES

1. Upon information and belief, Nomadix admits the allegations in paragraph 1 of iBAHN's Amended Counterclaims.

2. In response to paragraph 2 of iBAHN's Amended Counterclaims, Nomadix admits that it is a Delaware corporation. Nomadix further admits that its Complaint states that Nomadix has a principal place of business at 1100 Business Center Circle, Suite 100, Newbury Park, California 91320. Except for these specific admissions, Nomadix denies iBAHN's allegations in paragraph 2. Nomadix has a new principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

## JURISDICTION AND VENUE

3. In response to paragraph 3 of iBAHN's Amended Counterclaims, Nomadix admits that, to the extent that iBAHN has standing to bring its counterclaims, the Court has jurisdiction over the subject matter of iBAHN's counterclaims under 28 U.S.C. §§ 1331 and 1338(a). Nomadix further admits that, to the extent that iBAHN has standing to bring its counterclaims, the Court has jurisdiction over the subject matter of iBAHN's counterclaims for declaratory judgment under 28 U.S.C. § 1367(a). Except for these specific admissions, Nomadix denies iBAHN's allegations in paragraph 3.

4. In response to paragraph 4 of iBAHN's Amended Counterclaims, Nomadix admits that the Court may exercise personal jurisdiction over Nomadix with respect to iBAHN's counterclaims. Except for this specific

admission, Nomadix denies iBAHN's allegations in paragraph 4.

5. In response to paragraph 5 of iBAHN's Amended Counterclaims, Nomadix admits that, as to iBAHN's counterclaims, venue is proper in this judicial district. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 5.

## COUNT ONE – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. In response to paragraph 6 of iBAHN's Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 5 of iBAHN's Amended Counterclaims with the same force and effect as if fully set forth here.

7. Nomadix admits the allegations in paragraph 7 of iBAHN's Amended Counterclaims.

8. In response to paragraph 8 of iBAHN's Amended Counterclaims, Nomadix admits that iBAHN requests a declaration from the Court that iBAHN has not infringed any valid claim of U.S. Patent Nos. 6,130,892, 7,008,727, 7,554,995, 6,636,894 or 6,868,399, but denies that iBAHN is entitled to such a declaration or any other relief. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 8.

## COUNT TWO – DECLARATORY JUDGMENT OF INVALIDITY

9. In response to paragraph 9 of iBAHN's Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 8 of iBAHN's Amended Counterclaims with the same force and effect as if fully set forth here.

10. Nomadix admits the allegations in paragraph 10 of iBAHN's Amended Counterclaims.

11. In response to paragraph 11 of iBAHN's Amended Counterclaims, Nomadix admits that iBAHN requests a declaration from the Court that each of

the claims of U.S. Patent Nos. 6,130,892, 7,008,727, 7,554,995, 6,636,894 or 6,868,399 are invalid, but denies that iBAHN is entitled to such a declaration or any other relief. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 11.

## COUNT THREE – PATENT INFRINGEMENT

12. In response to paragraph 12 of iBAHN's Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 11 of iBAHN's Amended Counterclaims with the same force and effect as if fully set forth here.

13. In response to paragraph 13 of iBAHN's Amended Counterclaims, Nomadix admits that Exhibit 1 to iBAHN's Amended Counterclaims purports to be a copy of U.S. Patent No. 6,934,754 ("the '754 patent"), is titled "Methods and Apparatus for Processing Network Data Transmissions" and bears an issue date of August 23, 2005. Nomadix denies that iBAHN is the assignee of all rights, title, and interest in and to the '754 patent. Except for this specific admission and this specific denial, Nomadix lacks knowledge or information sufficient to form a belief about the truth of iBAHN's allegations in paragraph 13 and on that basis denies those allegations.

14. In response to paragraph 14 of iBAHN's Amended Counterclaims, Nomadix admits that it sells products designated AG 3100, AG 5500, and AG 5500 with Metro Bundle and that it sells some such products in the Central District of California. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 14.

15. Nomadix denies the allegations in paragraph 15 of iBAHN's Amended Counterclaims.

16. Nomadix denies the allegations in paragraph 16 of iBAHN's Amended Counterclaims.

17. In response to paragraph 17 of iBAHN's Amended Counterclaims,

Nomadix admits that, on March 29, 2010, iBAHN's counsel e-mailed to Nomadix's counsel a document entitled "iBAHN's First Amended Answer to Plaintiff's Complaint and Counterclaims" and that the e-mailed document identified the '754 patent.  Except for this specific admission, Nomadix denies the allegations in paragraph 17 of iBAHN's Amended Counterclaims.

18. Nomadix denies the allegations in paragraph 18 of iBAHN's Amended Counterclaims.

19. Nomadix denies the allegations in paragraph 19 of iBAHN's Amended Counterclaims.

## COUNT FOUR – PATENT INFRINGEMENT

20. In response to paragraph 20 of iBAHN's Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 19 of iBAHN's Amended Counterclaims with the same force and effect as if fully set forth here.

21. In response to paragraph 21 of iBAHN's Amended Counterclaims, Nomadix admits that Exhibit 2 to iBAHN's Amended Counterclaims purports to be a copy of U.S. Patent No. 6,996,073 ("the '073 patent"), is titled "Methods and Apparatus for Providing High Speed Connectivity to a Hotel Environment" and bears an issue date of February 7, 2006.  Nomadix denies that iBAHN is the assignee of all rights, title, and interest in and to the '073 patent.  Except for this specific admission and this specific denial, Nomadix lacks knowledge or information sufficient to form a belief about the truth of iBAHN's allegations in paragraph 21 and on that basis denies those allegations.

22. Nomadix denies the allegations in paragraph 22 of iBAHN's Amended Counterclaims.

23. Nomadix denies the allegations in paragraph 23 of iBAHN's Amended Counterclaims.

24. In response to paragraph 24 of iBAHN's Amended Counterclaims,

Nomadix admits that, on May 19, 2010, iBAHN's counsel e-mailed to Nomadix's counsel a document entitled "iBAHN's First Amended Counterclaims" and that the e-mailed document identified the '073 patent. Except for this specific admission, Nomadix denies the allegations in paragraph 24 of iBAHN's Amended Counterclaims.

25. Nomadix denies the allegations in paragraph 25 of iBAHN's Amended Counterclaims.

26. Nomadix denies the allegations in paragraph 26 of iBAHN's Amended Counterclaims.

## COUNT FIVE – PATENT INFRINGEMENT

27. In response to paragraph 27 of iBAHN's Amended Counterclaims, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 26 of iBAHN's Amended Counterclaims with the same force and effect as if fully set forth here.

28. In response to paragraph 28 of iBAHN's Amended Counterclaims, Nomadix admits that Exhibit 3 to iBAHN's Amended Counterclaims purports to be a copy of U.S. Patent No. 7,580,376 ("the '376 patent"), is titled "Methods and Apparatus for Providing High Speed Connectivity to a Hotel Environment" and bears an issue date of August 25, 2009. Nomadix denies that iBAHN is the assignee of all rights, title, and interest in and to the '376 patent. Except for this specific admission and this specific denial, Nomadix lacks knowledge or information sufficient to form a belief about the truth of iBAHN's allegations in paragraph 28 and on that basis denies those allegations.

29. Nomadix denies the allegations in paragraph 29 of iBAHN's Amended Counterclaims.

30. Nomadix denies the allegations in paragraph 30 of iBAHN's Amended Counterclaims.

31. In response to paragraph 31 of iBAHN's Amended Counterclaims,

Nomadix admits that, on May 19, 2010, iBAHN's counsel e-mailed to Nomadix's counsel a document entitled "iBAHN's First Amended Counterclaims" and that the e-mailed document identified the '376 patent. Except for this specific admission, Nomadix denies the allegations in paragraph 31 of iBAHN's Amended Counterclaims.

32. Nomadix denies the allegations in paragraph 32 of iBAHN's Amended Counterclaims.

33. Nomadix denies the allegations in paragraph 33 of iBAHN's Amended Counterclaims.

## EXCEPTIONAL CASE

34. Nomadix denies the allegations in paragraph 34 of iBAHN's Amended Counterclaims.

## RESERVATION OF RIGHTS

35. In response to paragraph 35 of iBAHN's Amended Counterclaims, Nomadix admits that iBAHN states that it reserves its right to supplement with additional defenses as discovery proceeds in this matter. Except for this specific admission, Nomadix denies iBAHN's allegations in paragraph 35.

## PRAYER

iBAHN's prayer does not state any allegations for which a responsive pleading is required. To the extent that it does state such an allegation, Nomadix denies that iBAHN is entitled to any relief and denies any allegations in iBAHN's prayer for which a responsive pleading is required.

## DEFENSES

Without assuming any burden that it would not otherwise bear, Nomadix asserts the following defenses.

## FIRST DEFENSE: NONINFRINGEMENT

36. Nomadix has not infringed, induced others to infringe or contributed to the infringement of any claim of the '754, '073 or '376 patents.

## SECOND DEFENSE: INVALIDITY

37. One or more claims of each of the '754, '073 and '376 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

## THIRD DEFENSE: LACHES

38. iBAHN's patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by laches.

## FOURTH DEFENSE: ESTOPPEL

39. iBAHN's patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by estoppel.

## FIFTH DEFENSE: WAIVER

40. iBAHN's patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by waiver.

## SIXTH DEFENSE: UNCLEAN HANDS

41. iBAHN's patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by unclean hands.

## SEVENTH DEFENSE: OWNERSHIP

42. On information and belief, iBAHN's patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, because iBAHN does not own the '754, '073 and '376 patents.

## EIGHTH DEFENSE: LACK OF STANDING

43. On information and belief, this Court does not have subject matter jurisdiction over iBAHN's patent infringement claims as set forth in its Amended Counterclaims because iBAHN does not have standing to bring the claims.

## NINTH DEFENSE: ASSERTION OF PATENT WITH INVALID CLAIM

44. iBAHN's patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, under 35 U.S.C. § 288.

///

# COUNTERCLAIMS

Pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure, Plaintiff-Counterdefendant Nomadix, Inc. ("Nomadix") complains of Defendant-Counterclaimant iBAHN Corporation ("iBAHN") and alleges as follows:

## JURISDICTION AND VENUE

1. Nomadix asserts counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory judgments under the patent laws of the United States, Title 35 of the United States Code, that each of the '754, '073 and '376 patents asserted by iBAHN is not infringed and is invalid. As iBAHN has asserted each of the '754, '073 and '376 patents against Nomadix in its First Amended Counterclaims (Docket No. 142) ("Amended Counterclaims"), these counterclaims are based on an actual controversy. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367(a).

2. iBAHN is subject to the personal jurisdiction of this Court with respect to Nomadix's counterclaims because iBAHN failed to contest the Court's exercise of personal jurisdiction over it with respect to Nomadix's claims of patent infringement. Additionally, iBAHN is subject to the personal jurisdiction of this Court with respect to Nomadix's counterclaims by virtue of filing its patent infringement claims against Nomadix in the present action.

3. Venue is proper in this district with respect to Nomadix's counterclaims because iBAHN failed to contest the propriety of venue with respect to Nomadix's claims of patent infringement. Additionally, venue is proper to the extent it is proper with respect to iBAHN's claims against Nomadix as set forth in iBAHN's Amended Counterclaims.

/ / /

/ / /

## PARTIES

4. Nomadix is a Delaware corporation having a principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301.

5. On information and belief, iBAHN is a Delaware corporation having its principal place of business at 10757 S. River Front Parkway, Suite 300, Salt Lake City, Utah 84095.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

6. Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 of these Counterclaims.

7. iBAHN alleges in its Amended Counterclaims that it is the assignee of all rights, title, and interest in and to each of the '754, '073 and '376 patents and that it possesses all rights of recovery under each of the '754, '073 and '376 patents, including the right to sue for infringement and recover past damages.

8. iBAHN has asserted in its Amended Counterclaims claims of patent infringement against Nomadix based on each of the '754, '073 and '376 patents, and Nomadix has denied any such infringement. Thus, an immediate, real and justiciable controversy now exists between Nomadix and iBAHN with respect to each of the '754, '073 and '376 patents.

9. Nomadix has not engaged in any conduct constituting infringement of any of the '754, '073 and '376 patents under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

10. Nomadix requests and is entitled to declaratory judgment that it does not infringe one or more claims of each of the '754, '073 and '376 patents.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF:

## DECLARATORY JUDGMENT OF INVALIDITY

11. Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10 of these Counterclaims.

12. iBAHN has asserted in its Amended Counterclaims claims of patent infringement against Nomadix based on each of the '754, '073 and '376 patents, and Nomadix has asserted a defense of invalidity with respect to each of the '754, '073 and '376 patents. Thus, an immediate, real and justiciable controversy now exists between Nomadix and iBAHN with respect to the invalidity of each of the '754, '073 and '376 patents.

13. One or more claims of each of the '754, '073 and '376 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

14. Nomadix requests and is entitled to declaratory judgment that one or more claims of each of the '754, '073 and '376 patents are invalid.

## PRAYER FOR RELIEF

As to its counterclaims against iBAHN, Nomadix respectfully prays for:

A. A declaration that Nomadix does not infringe and has not infringed directly, by inducement, or contributorily, any of the '754, '073 and '376 patents, either literally or under the doctrine of equivalents;

B. A declaration that one or more claims of each of the '754, '073 and '376 patents are invalid;

C. An order adjudging that this action is an exceptional case within the provision of 35 U.S.C. § 285 and that Nomadix is entitled to a recovery of its reasonable attorneys' fees incurred in this action;

D. An award to Nomadix of its reasonable attorneys' fees incurred in this action;

E. An order dismissing with prejudice all claims against Nomadix and denying all relief requested by iBAHN; and

F. Such other and further relief in Nomadix's favor as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 7, 2010          By: /s/
                             John B. Sganga, Jr.
                             Douglas G. Muehlhauser
                             Perry D. Oldham
                             Mark Lezama
                             Alan G. Laquer

                             Attorneys for Plaintiff
                             NOMADIX, INC.

## PROOF OF SERVICE

I am a citizen of the United States of America, and I am employed in Irvine, California. I am over the age of 18 and not a party to the within action. My business address is 2040 Main Street, 14th Floor, Irvine, California. I am readily familiar with the firm's business practices for the collection and processing of correspondence for mailing, and that mail so processed will be deposited the same day during the ordinary course of business.

On June 7, 2010, I served the within NOMADIX, INC.'S ANSWER TO IBAHN CORPORATION'S FIRST AMENDED COUNTERCLAIMS; NOMADIX, INC.'S COUNTERCLAIMS on the parties or their counsel by placing it in a sealed envelope addressed and by transmitting it electronically to the addresses as set forth in the attached Service List.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 7, 2010 at Irvine, California.

_____
Claire A. Stoneman

## SERVICE LIST

| Counsel | Party |
|---|---|
| Michael K. Plimack<br>COVINGTON & BURLING LLP<br>One Front Street<br>San Francisco, CA 94111-5356<br>mplimack@cov.com<br>Covington - Nomadix v. HP Distribution List<br>(hpvnomadix@cov.com) | Defendant Hewlett-Packard Company |
| Michael Wickey<br>Robert T. Haslam<br>COVINGTON & BURLING LLP<br>333 Twin Dolphin Drive<br>Suite 700<br>Redwood Shores, CA 94065<br>mwickey@cov.com<br>rhaslam@cov.com | Defendant Hewlett-Packard Company |
| Neel Chatterjee<br>Fabio E. Marino<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>nchatterjee@orrick.com<br>fmarino@orrick.com | Defendant iBAHN Corporation |
| Robert W. Dickerson<br>Benjamin J. Hofileña<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street<br>Suite 3200<br>Los Angeles, CA 90017<br>rdickerson@orrick.com<br>bhofilena@orrick.com | Defendant iBAHN Corporation |
| Paul D. Tripodi, II<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street<br>Suite 4000<br>Los Angeles, CA 90013<br>ptripodi@sidley.com | Defendant Wayport, Inc. |

| Counsel | Party |
|---|---|
| Hugh A. Abrams<br>Lisa A. Schneider<br>David T. Pritikin<br>Benedict F. Frey<br>SIDLEY AUSTIN LLP<br>One South Dearborn Street<br>Chicago, IL  60603<br>habrams@sidley.com<br>lschneider@sidley.com<br>dpritikin@sidley.com<br>bfrey@sidley.com | Defendant Wayport, Inc. |
| Charles M. Stern<br>KATTEN MUCHIN ROSENMAN LLP<br>2029 Century Park East<br>Suite 2600<br>Los Angeles, CA  90067<br>charles.stern@kattenlaw.com | Defendants Guest-Tek Interactive Entertainment Inc. and Guest-Tek Interactive Entertainment Ltd. |
| Michael J. Swope<br>WOODCOCK WASHBURN LLP<br>999 Third Ave.<br>Suite 3600<br>Seattle, WA  98104<br>swope@woodcock.com | Defendants Guest-Tek Interactive Entertainment Inc. and Guest-Tek Interactive Entertainment Ltd. |
| Dale M. Heist<br>Henrik D. Parker<br>John F. Murphy<br>WOODCOCK WASHBURN LLP<br>Cira Centre – 12th Floor<br>2929 Arch Street<br>Philadelphia, PA  19104<br>heist@woodcock.com<br>parker@woodcock.com<br>jmurphy@woodcock.com | Defendants Guest-Tek Interactive Entertainment Inc. and Guest-Tek Interactive Entertainment Ltd. |
| Sean M. Kneafsey<br>Michele B. Friend<br>Shaun Swiger<br>KNEAFSEY& FRIEND LLP<br>800 Wilshire Blvd.<br>Suite 710<br>Los Angeles, CA  90017<br>skneafsey@kneafseyfriend.com<br>mfriend@kneafseyfriend.com<br>sswiger@kneafseyfriend.com | Defendant Aruba Networks, Inc. |

| Counsel | Party |
|---|---|
| Paul Torchia<br>Etai Lahav<br>Nicholas Groombridge<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Ave.<br>New York, NY 10153<br>paul.torchia@weil.com<br>nicholas.groombridge@weil.com<br>etai.lahav@weil.com | Defendant Aruba Networks, Inc. |
| Anthony B. Leuin<br>James P. Martin<br>Simone M. Katz-O'Neill<br>SHARTSIS FRIESE LLP<br>One Maritime Plaza<br>18th Floor<br>San Francisco, CA 94111<br>aleuin@sflaw.com<br>jmartin@sflaw.com<br>skatz@sflaw.com | Defendants LodgeNet Interactive Corporation, LodgeNet StayOnline, Inc., and On Command Corporation |
| Michael G. Taylor<br>Kevin D. Conneely<br>Gabriel K. Holloway<br>Erik M. Drange<br>LEONARD, STREET AND DEINARD, PROFESSIONAL ASSOCIATION<br>150 South Fifth Street<br>Suite 2300<br>Minneapolis, MN 55402<br>gabriel.holloway@leonard.com<br>kevin.conneely@leonard.com<br>erik.drange@leonard.com<br>michael.taylor@leonard.com | Defendants LodgeNet Interactive Corporation, LodgeNet StayOnline, Inc., and On Command Corporation |
| Michael J. Sacksteder<br>David M. Lacy Kusters<br>Darryl M. Woo<br>FENWICK & WEST LLP<br>555 California Street<br>12th Floor<br>San Francisco, CA 94104<br>msacksteder@fenwick.com<br>dlacykusters@fenwick.com<br>dwoo@fenwick.com | Defendants Superclick, Inc. and Superclick Networks, Inc. |

9123466