I. Neel Chatterjee (SBN 173985)
nchatterjee@orrick.com
Fabio E. Marino (SBN 183825)
fmarino@orrick.com
Qudus B. Olaniran (SBN 267838)
qolaniran@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   650-614-7400
Facsimile:    650-614-7401

Robert W. Dickerson (SBN 89367)
rdickerson@orrick.com
Benjamin J. Hofileña (SBN 227117)
bhofilena@orrick.com
Alyssa Caridis (SBN 260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:    213-612-2499

Attorneys for Defendant and Counterclaimant
iBAHN CORPORATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>　　　　　Defendants. | Case No.  CV-09-08441 DDP (VBKx)<br><br>**IBAHN CORPORATION'S ANSWER TO NOMADIX, INC.'S COUNTERCLAIMS**<br><br>Judge:  Hon. Dean D. Pregerson |
| AND RELATED COUNTERCLAIMS | |

# iBAHN CORPORATION'S ANSWER TO NOMADIX, INC.'S COUNTERCLAIMS

Defendant-Counterclaimant iBAHN Corporation ("iBAHN") hereby submits its Answer to the counterclaims (Docket No. 185) of Plaintiff-Counter-defendant Nomadix, Inc. ("Nomadix") as follows:

## JURISDICTION AND VENUE

1.      iBAHN admits that Nomadix purports to bring this claim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).  iBAHN, however, denies the merits of the claims asserted against it.

2.      For the purposes of this action, iBAHN admits that the Court has personal jurisdiction over it.

3.      iBAHN admits that venue is proper in this district as to iBAHN, but denies having committed any wrongful acts upon which venue allegedly is based.

## PARTIES

4.      iBAHN lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 4.

5.      iBAHN Corporation admits it is a corporation organized under the laws of the state of Delaware with its principal place of business at 10757 S. River Front Parkway, Suite 300, Salt Lake City, Utah 84095.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## U.S. PATENT NO. 6,934,754

6.      iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 5.

IBAHN CORPORATION'S ANSWER TO NOMADIX, INC.'S COUNTERCLAIMS, CASE NO. CV-09-08441-DDP (VBKX)

1    7.    iBAHN admits the allegation in paragraph 7 of Nomadix'

2  Counterclaims.

3    8.    iBAHN admits there is an immediate, real, and justiciable

4  controversy between iBAHN and Nomadix regarding U.S. Patent No. 6,934,754

5  ("the '754 patent").  To the extent paragraph 8 contains any other allegations,

6  iBAHN denies the merits of the allegations.

7    9.    iBAHN denies all of the allegations in paragraph 9 of Nomadix'

8  Counterclaims.

9    10.    iBAHN admits that Nomadix requests a declaratory judgment

10  that Nomadix does not infringe one or more claims of the '754 patent, but iBAHN

11  denies that Nomadix is entitled to such a request.  To the extent that paragraph 10

12  contains any other allegations, iBAHN denies the merits of the allegations.

13                **SECOND CLAIM FOR RELIEF:**

14        **DECLARATORY JUDGMENT OF INVALIDITY OF**

15              **U.S. PATENT NO. 6,934,754**

16    11.    iBAHN repeats and incorporates by reference its responses to

17  the allegations in paragraphs 1 through 10.

18    12.    iBAHN admits there is an immediate, real, and justiciable

19  controversy between iBAHN and Nomadix regarding the '754 patent.  To the extent

20  paragraph 12 contains any other allegations, iBAHN denies the merits of the

21  allegations.

22    13.    iBAHN denies all of the allegations in paragraph 13 of

23  Nomadix' Counterclaims.

24    14.    iBAHN admits that Nomadix requests a declaratory judgment

25  that one or more claims of the '754 patent are invalid, but iBAHN denies that

26  Nomadix is entitled to such a request.  To the extent that paragraph 14 contains any

27  other allegations, iBAHN denies the merits of the allegations.

28

1                  **THIRD CLAIM FOR RELIEF:**

2     **DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**

3                 **U.S. PATENT NO. 6,996,073**

4           15.    iBAHN repeats and incorporates by reference its responses to

5 the allegations in paragraphs 1 through 14.

6          16.    iBAHN admits the allegation in paragraph 16 of Nomadix'

7 Counterclaims.

8          17.    iBAHN admits there is an immediate, real, and justiciable

9 controversy between iBAHN and Nomadix regarding U.S. Patent No. 6,996,073

10 ("the '073 patent"). To the extent paragraph 17 contains any other allegations,

11 iBAHN denies the merits of the allegations.

12          18.    iBAHN denies all of the allegations in paragraph 18 of

13 Nomadix' Counterclaims.

14          19.    iBAHN admits that Nomadix requests a declaratory judgment

15 that Nomadix does not infringe one or more claims of the '073 patent, but iBAHN

16 denies that Nomadix is entitled to such a request. To the extent that paragraph 19

17 contains any other allegations, iBAHN denies the merits of the allegations..

18                **FOURTH CLAIM FOR RELIEF:**

19       **DECLARATORY JUDGMENT OF INVALIDITY OF**

20                **U.S. PATENT NO. 6,996,073**

21          20.    iBAHN repeats and incorporates by reference its responses to

22 the allegations in paragraphs 1 through 19.

23          21.    iBAHN admits there is an immediate, real, and justiciable

24 controversy between iBAHN and Nomadix regarding the '073 patent. To the extent

25 paragraph 21 contains any other allegations, iBAHN denies the merits of the

26 allegations.

27          22.    iBAHN denies all of the allegations in paragraph 22 of

28 Nomadix' Counterclaims.

23.   iBAHN admits that Nomadix requests a declaratory judgment that one or more claims of the '073 patent are invalid, but iBAHN denies that Nomadix is entitled to such a request.  To the extent that paragraph 23 contains any other allegations, iBAHN denies the merits of the allegations.

**FIFTH CLAIM FOR RELIEF:**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF**

**U.S. PATENT NO. 7,580,376**

24.   iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 23.

25.   iBAHN admits the allegation in paragraph 25 of Nomadix' Counterclaims.

26.   iBAHN admits there is an immediate, real, and justiciable controversy between iBAHN and Nomadix regarding U.S. Patent No. 7,580,376 ("the '376 patent").  To the extent paragraph 26 contains any other allegations, iBAHN denies the merits of the allegations.

27.   iBAHN denies all of the allegations in paragraph 27 of Nomadix' Counterclaims.

28.   iBAHN admits that Nomadix requests a declaratory judgment that Nomadix does not infringe one or more claims of the '376 patent, but iBAHN denies that Nomadix is entitled to such a request.  To the extent that paragraph 28 contains any other allegations, iBAHN denies the merits of the allegations.

**SIXTH CLAIM FOR RELIEF:**

**DECLARATORY JUDGMENT OF INVALIDITY OF**

**U.S. PATENT NO. 7,580,376**

29.   iBAHN repeats and incorporates by reference its responses to the allegations in paragraphs 1 through 28.

30.   iBAHN admits there is an immediate, real, and justiciable controversy between iBAHN and Nomadix regarding the '376 patent.  To the extent

1  paragraph 30 contains any other allegations, iBAHN denies the merits of the
2  allegations.

3         31.   iBAHN denies all of the allegations in paragraph 31 of
4  Nomadix' Counterclaims.

5         32.   iBAHN admits that Nomadix requests a declaratory judgment
6  that one or more claims of the '376 patent are invalid, but iBAHN denies that
7  Nomadix is entitled to such a request.  To the extent that paragraph 32 contains any
8  other allegations, iBAHN denies the merits of the allegations.

9                        **PRAYER FOR RELIEF**

10        These paragraphs set forth the statement of relief requested by
11  Nomadix to which no response is required.  To the extent that the statement
12  contains any allegations, iBAHN denies the merits of the allegations.  iBAHN
13  further denies that Nomadix is entitled to any of the relief it requests against
14  iBAHN.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

OHS West:260950409.2                            - 6-              IBAHN CORPORATION'S ANSWER TO NOMADIX, INC.'S
                                                                 COUNTERCLAIMS, CASE NO. CV-09-08441-DDP (VBKX)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:     July 14, 2010

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


*/s/ Qudus Olaniran*
Qudus B. Olaniran

I. Neel Chatterjee (SBN 173985)
Fabio E. Marino (SBN 183825)
Qudus B. Olaniran (SBN 267838)
1000 Marsh Road
Menlo Park, CA  94025
Telephone:   (650) 614-7400
Facsimile:    (650) 614-7401

Robert W. Dickerson (SBN 89367)
Benjamin J. Hofileña (SBN 227117)
Alyssa M. Caridis (SBN 260103)
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:    213-612-2499

Attorneys for Defendant and Counterclaimant
iBAHN Corporation

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_/s/ Qudus Olaniran_
Qudus B. Olaniran
Attorney for Defendant and Counterclaimant
iBAHN Corporation