John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NOMADIX, INC.

**DENIED**

BY ORDER OF THE COURT

[FOR A COMPLETE LISTING OF DEFENDANTS'
COUNSEL REFER TO SIGNATURE PAGE]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | ) Civil Action No. |
| Plaintiff, | ) CV09-08441 DDP (VBKx) |
| v. | ) **[PROPOSED] PROTECTIVE ORDER** |
| HEWLETT-PACKARD COMPANY et al., | ) |
| | ) Honorable Victor B. Kenton |
| Defendants. | ) |
| | ) NOTE DENIAL BELOW |
| AND RELATED COUNTERCLAIMS | ) |
| | ) |

Plaintiff Nomadix, Inc. and Defendants Hewlett-Packard Company, Wayport, Inc., iBAHN Corporation, Guest-Tek Interactive Entertainment Ltd., Guest-Tek Interactive Entertainment Inc., LodgeNet Interactive Corporation, LodgeNet StayOnline, Inc., On Command Corporation, Aruba Networks, Inc., Superclick, Inc. and Superclick Networks, Inc. (collectively, the "Parties"; individually, a "Party") agree that each Party and any subsequently joined party may assert that it possesses information relating to the subject matter of this action which it deems confidential. The Parties recognize that in the course of discovery proceedings it may be necessary to disclose to another Party certain of the asserted confidential information, and each Party wishes to ensure that such asserted confidential information shall not be used for any purpose other than this action and shall not be made public by another Party beyond the extent necessary for purposes of this action. In addition, the Parties contemplate that confidential information may be produced by a non-party. The Parties therefore seek to facilitate the production and protection of such information.

Accordingly, based upon the agreement of the Parties and for good cause shown,

IT IS HEREBY ORDERED that whenever, in the course of these proceedings, any Party or non-party has occasion to disclose information deemed in good faith to constitute confidential information, the Parties and any such non-party shall employ the following procedures:

## DEFINITIONS

1. As used herein, "document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure 34(a), and shall include all "writings," "recordings," and "photographs" as those terms are defined by Rule 1001 of the Federal Rules of Evidence.

2. The term "Litigation Material" encompasses all documents, exhibits, excerpts, summaries, pleadings, reports, declarations, affidavits,

1  testimony, transcripts, interrogatory responses, admissions, or other discovery
2  material and any copies thereof.

3       3.    The term "Producing Party" refers to any Party or non-party that
4  provides Litigation Material.

5       4.    The term "Receiving Party" refers to any Party or non-party that
6  receives, is shown or is otherwise exposed to Litigation Material.

7       5.    The term "Action" refers to the suit pending in the United States
8  District Court for the Central District of California as *Nomadix, Inc. v. Hewlett-*
9  *Packard Company et al.*, Case No. CV09-8441 DDP (VBKx).

10       6.    The term "Termination of this Action" refers to the completion of
11  this Action through exhaustion of all appeals from orders and final judgments
12  and/or settlement by the Parties.

13  **DESIGNATION**

14       7.    Any Producing Party may designate Litigation Material as
15  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance
16  with this Protective Order.

17       8.    Nothing in this Protective Order is meant to apply to source code or
18  material designated "Highly Confidential – Source Code – Restricted Access
19  Only Material."  The Parties anticipate addressing the designation of, disclosure
20  of, and security provisions regarding source code in a separate addendum to this
21  Protective Order to be filed later.

22       9.    The terms "Confidential Material" and "Highly Confidential –
23  Attorneys' Eyes Only Material" refer to: any Litigation Material designated
24  "Confidential" and "Highly Confidential – Attorneys' Eyes Only," respectively;
25  any copies thereof; and the information contained in such Litigation Material or
26  such copies, including summaries of such information.  The term "Protected
27  Material" refers collectively to Litigation Material that has been designated
28  Confidential Material and/or Highly Confidential – Attorneys' Eyes Only

1  Material.

2  **Designation Procedure**

3       10.   The designation of any Litigation Material as "Confidential" or

4  "Highly Confidential – Attorneys' Eyes Only" shall be deemed effective unless

5  and until the Court orders otherwise or the Producing Party revokes the

6  designation pursuant to paragraph 37.

7       11.   To designate Litigation Material as "Confidential" or "Highly

8  Confidential – Attorneys' Eyes Only," a Producing Party shall, when

9  practicable, place the words "Confidential" or "Highly Confidential –

10  Attorneys' Eyes Only," respectively, clearly on each page or portion of the

11  Litigation Material the Producing Party seeks to protect pursuant to this

12  Protective Order.  In particular, electronic documents, documents in native

13  format and/or data shall be so marked when practicable and, when not

14  practicable, the disks, hard drives, or other media containing such documents

15  and/or data shall be appropriately marked.

16       12.   If, during any deposition in this Action, (i) a Producing Party's

17  Protected Material is disclosed or discussed or (ii), with respect to a given

18  Producing Party, some of the deposition testimony otherwise qualifies for a

19  confidentiality designation pursuant to any of paragraphs 15 through 16, the

20  Producing Party may designate the pertinent deposition testimony (including

21  exhibits) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by:

22      (a)   stating on the record during the deposition which portions of the

23            testimony should be so designated; or

24      (b)   providing captioned, written notice to the reporter and all counsel of

25            record of the page and line numbers of any portion of the transcript

26            disclosing or discussing Protected Material, the number of any exhibits

27            containing Protected Material, and the designation corresponding to

28            each.  Such notice by the Producing Party shall be given within thirty

(30) business days after the Producing Party receives written notice that a final transcript is available for review, in which case all counsel receiving such notice from the Producing Party shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party.

13.     If deposition testimony is designated pursuant to paragraph 12, one of the following legends, some combination thereof or a legend substantially similar to the same shall be placed on the front of any transcript or recording of such deposition:

Contains CONFIDENTIAL MATERIAL.  Designated parts not to be used, copied or disclosed except as authorized by court order or the party or parties whose CONFIDENTIAL MATERIAL is included.

or

Contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL.  Designated parts not to be used, copied or disclosed except as authorized by court order or the party or parties whose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL is included.

14.     From the time of any deposition through the end of thirty-one (31) business days after a final transcript of the deposition is made available by a reporter, the deposition (including exhibits) and any transcript or recording thereof shall be treated as Highly Confidential – Attorneys' Eyes Only Material. At the end of the thirty-one (31) business days, the deposition (including exhibits) and any transcript or recording thereof shall be treated as public information (with no confidentiality designation) except to the extent designated pursuant to paragraph 12.

/ / /

-4-

**Designation Qualifications**

15.   Litigation Material may be designated "Confidential" if it is or contains: (a) information that is non-public; (b) information that includes trade secret or other confidential research, development, or commercial information, the disclosure of which the Producing Party reasonably believes could cause harm to the business operations of the Producing Party or provide improper business or commercial advantage to others; or (c) information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

16.   Litigation Material may be designated "Highly Confidential – Attorneys' Eyes Only" if it is or contains non-public information so commercially sensitive that disclosure of the information to an unaffiliated Party or non-parties would likely harm the competitive commercial position of the Producing Party or a non-party.   The following are sample categories of Litigation Material qualifying for the "Highly Confidential – Attorneys' Eyes Only" designation:

(a)   documents that describe the structure and/or operation of a Producing Party's product at issue in this Action, including schematic diagrams, manufacturing drawings, engineering drawings, engineering change orders, engineering notebooks, specifications, software design documentation, system architecture documentation, research notes and materials, and other technical descriptions and/or depictions;

(b)   documents relating to a Producing Party's prosecution of (i) unpublished patent applications or (ii) patents that have not yet issued and that contain claims that are not publicly known;

(c)   licensing and/or settlement-related documents including, but not limited to, communications with or between potential or actual licensors and licensees;

(d)    financial data or information, including information concerning sales, revenue, profit margins, costs, capacity, return on investment, capital expenditures, yields, utilization, or similar benchmarks;

(e)    customer lists;

(f)    business, strategy, or marketing plans;

(g)    price lists and/or pricing information;

(h)    information obtained from a non-party pursuant to a non-disclosure agreement;

(i)    agreements with any non-party, including OEMs, suppliers, distributors, and customers;

(j)    negotiations related to the sale of any product manufactured or sold by a Party or non-party, including data related to negotiations or sales opportunities;

(k)    budgets, forecasts, and projections;

(l)    any documents or things generated during the course of or as a result of any inspection of a Producing Party's facilities or process of product manufacture; and

(m)    any other information or documents, the disclosure of which the Producing Party can demonstrate would cause a clearly defined and serious injury.

## DISCLOSURE

17.    Subject to the restrictions of paragraphs 18 through 19, a Receiving Party may disclose Protected Material to:

(a)    its own "Outside Counsel," i.e., the law firm(s) that are counsel of record for the Receiving Party, including the firm(s)' associated attorneys, law clerks, analysts, paralegals, secretaries, translators, clerical staff and other persons regularly employed by such law firm(s), and any temporary personnel retained by such law firm(s) to

perform legal or clerical duties or to provide logistical litigation support reasonably necessary to assist in the conduct of this Action— including service contractors (such as document copy services) and graphic artists—, provided that no person who is now or becomes a director, officer, or employee of a Party during the pendency of this Action shall be considered Outside Counsel;

(b)     up to three designated in-house attorneys, legal counsel or employees of a Receiving Party deemed necessary by the Receiving Party's Outside Counsel to supervise or aid in the prosecution, defense, or settlement of this action, subject to the following:  in the event that no objection is made pursuant to paragraph 35, the Receiving Party may only begin to disclose Protected Material to any such in-house attorney, legal counsel or employee ten (10) business days after serving on the other Parties' counsel a copy of the confidentiality agreement attached to this Protective Order as Exhibit A signed by such in-house attorney, legal counsel or employee and in the event an objection is made pursuant to paragraph 35, the Receiving Party may not begin to disclose Protected Material to any such in-house attorney, legal counsel or employee unless and until the Receiving Party and the objecting party resolve their dispute as memorialized in writing or the Court denies the objecting party's motion brought pursuant to paragraph 35;

(c)     outside experts and consultants (together with their associates and clerical staff whose duties and responsibilities require access to Protected Materials) specifically engaged by the Receiving Party or by any attorney described in sub-paragraphs (a) or (b) to assist in the Action, subject to the following:  the Receiving Party may disclose Protected Material to such an expert or consultant only to the extent

-7-

necessary to receive such assistance and, in the event that no objection is made pursuant to paragraph 35, may only begin to disclose Protected Material ten (10) business days after serving on the other Parties' counsel (i) a copy of the confidentiality agreement attached to this Protective Order as Exhibit A signed by such expert or consultant, (ii) a curriculum vitae of the proposed expert or consultant, including the expert or consultant's present business address(es), (iii) an identification of any past or present employment or consulting relationship with any Party, any related company or any company whose business relates or related to computer networks and an identification of the subject matter of any work performed in the course of such relationship, and (iv) a description of the expert or consultant's employment or consulting during the past four (4) calendar years, including the name and address of each person or entity who employed or used the services of the expert or consultant and an identification of the subject matter of any work performed in the course of such employment or consulting; and in the event an objection is made pursuant to paragraph 35, the Receiving Party may not begin to disclose Protected Material to any such expert or consultant unless and until the Receiving Party and the objecting party resolve their dispute as memorialized in writing or the Court denies the objecting party's motion brought pursuant to paragraph 35;

(d)   jury consultants, trial consultants or mock jurors specifically engaged by the Receiving Party or by any attorney described in sub-paragraphs (a) or (b) to assist in the Action, subject to the following:  (1) the Receiving Party may disclose Protected Material to a jury consultant, trial consultant or mock juror only to the extent necessary to receive jury, trial or mock juror assistance;  (2) the Receiving Party may only

begin to disclose Protected Material to the jury consultant, trial consultant or mock juror after the individual has signed a copy of the confidentiality agreement attached to this Protective Order as Exhibit A, which copy the Receiving Party shall preserve for two (2) calendar years after the Termination of this Action; (3) any Protected Material in the form of physical documents or materials distributed to mock jurors under this subparagraph shall be retained by the Receiving Party at the time the mock juror's assistance has been completed; and (4) any jury consultant, trial consultant or mock juror to whom Protected Material is disclosed by the Receiving Party shall not be an officer, director, employee or attorney of the Receiving Party unless identified pursuant to subparagraph (b);

(e)     translators of foreign language documents and testimony who are not permanently employed by the Receiving Party, subject to the following:  the Receiving Party may disclose Protected Material to such an individual only to the extent necessary to receive such translation assistance and may only begin to disclose Protected Material after the individual has signed a copy of the confidentiality agreement attached to this Protective Order as Exhibit A, which copy the Receiving Party shall preserve for two (2) calendar years after the Termination of this Action;

(f)     any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony given in this Action;

(g)     authors, actual recipients, and named recipients (as expressly identified on the face of such Litigation Material) of such Litigation Material, even if such authors or recipients are not currently employed by the Parties;

(h)     any person the Producing Party has identified pursuant to sub-

-9-

paragraphs (b) or (c), or any current and former officer, director, employee, agent, or Federal Rule of Civil Procedure 30(b)(6) designee of the Producing Party, during such person's deposition or other testimony in this Action; nothing in this subparagraph (h) prevents a Party or non-party from objecting to such a deposition;

(i)     the Court, personnel of the Court and all appropriate courts of appellate jurisdiction;

(j)     jurors serving in any trial of this Action; and

(k)     any other person agreed to by the Producing Party in writing.

18.     A Receiving Party may disclose Confidential Material only to the persons or entities identified in paragraphs 17(a) through 17(k).

19.     A Receiving Party may disclose Highly Confidential – Attorneys' Eyes Only Material only to the persons or entities identified in paragraphs 17(a) and 17(c) through 17(k).

20.     Upon learning during the pendency of this Action or within one hundred eighty (180) calendar days of the Termination of this Action that the information provided pursuant to paragraph 17(c) is inaccurate or incomplete with respect to a given individual, a Receiving Party shall, for any Producing Party whose Protected Material the Receiving Party disclosed to the individual, notify the Producing Party of such inaccuracy or incompleteness as well as the information the Receiving Party learned that led to the awareness of such inaccuracy or incompleteness.

21.     If Protected Material is to be disclosed during a deposition, any persons present at the deposition who are not authorized to receive such Protected Material under this Protective Order shall be asked to leave the deposition during the testimony concerning such Protected Material.

22.     Notwithstanding the foregoing, if Protected Material makes reference to the actual or alleged conduct or statements of a person who a

-10-

Receiving Party that is a Party has determined will be a witness, counsel for the Receiving Party may discuss the conduct or statements with the witness without revealing any other portion of the Protected Material and that discussion shall not constitute disclosure in violation of this Protective Order.

## SECURITY

23.    Nothing in this Protective Order shall impose any obligation on a Producing Party regarding the security, maintenance, storage, transport and/or transmission of its own Protected Material.

24.    To the extent any Receiving Party (apart from the persons identified in paragraph 17(i)) maintains Protected Material, the Receiving Party shall maintain the Protected Material in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Receiving Party with respect to its own proprietary information.

25.    To the extent any Receiving Party (apart from the persons identified in paragraph 17(i)) discards or destroys Protected Material, the Receiving Party shall make reasonable efforts to do so in a secure manner.

## USE AND RETURN OR DESTRUCTION

26.    All Protected Material shall be used only in preparation for and trial of this Action, any appeal therefrom, or any proceeding to settle or resolve this Action.  Protected Material cannot be used for any other purpose including, but not limited to, any business, proprietary, commercial, advancement of legal or equitable claims or defenses in any other litigation or legal proceeding, arbitration or proceeding, governmental purpose, or in connection with the preparation or prosecution of any patent application.  Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own Protected Material in any way.

27.    If a Receiving Party wishes to file any papers with the Court

containing Protected Material, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the Protected Material (if such portion is segregable) under seal in accordance with Local Rule 79-5.1. Such application shall be directed to the judge to whom the papers are directed. For motions, the Receiving Party shall publicly file a redacted version of the motion and supporting papers. For any proposed filing by the Receiving Party containing Protected Material (or any other papers to be served by the Receiving Party containing Protected Material), unless the Producing and Receiving Parties agree otherwise, the Receiving Party shall serve the Producing Party via e-mail, a secure FTP or an established overnight, freight, delivery, or messenger service with a copy of the papers wherein the Producing Party's Protected Material is not redacted. The Receiving Party shall not serve the other Parties with such non-redacted copies of the papers. Instead, the Receiving Party shall only serve on the other Parties versions of the papers wherein the Producing Party's Protected Material is redacted; and if such an other Party would like non-redacted copies of such papers, it must request them from the Producing Party (and may seek the Court's assistance as necessary). Nothing in this paragraph 27 prevents a Defendant Receiving Party from serving on other Defendants a non-redacted copy of papers containing Protected Material of Nomadix subject to compliance with the other terms of this Protective Order.

28. The term "Protected Technical Material" refers to technical documents designated "Highly Confidential – Attorneys' Eyes Only" that describe the structure and/or operation of a Producing Party's product, including design documents, schematic diagrams, manufacturing drawings, engineering drawings, engineering notebooks, specifications, research notes and materials, and other technical descriptions and/or depictions, in whatever form such documents exist.

29. Any individual (including Outside Counsel) to whom any Protected

Technical Material has been disclosed that was produced by another Party or non-party and that has not lost its confidential status, shall not thereafter, until two (2) calendar years after the Termination of this Action, on behalf of a patent applicant or patentee, prepare and/or amend any patent applications of any kind, draft and/or amend patent claims of any kind (including claims that are the subject of reissue or reexamination proceedings), supervise such activities, or consult on such activities whenever such patent applications or patent claims relate to (1) the patents-in-suit or contain claims that it is reasonably likely may be asserted against the Producing Party in this Action or any other action; and relate to (2) charging for, providing or controlling access to computer networks, or to network devices involved in charging for, providing or controlling access to computer networks.  Attorneys to whom Protected Technical Material has been disclosed may provide patent prosecution counsel with public information produced in this Action so that the information may be filed with the U.S. Patent Office.  This paragraph shall not restrict consultation regarding strictly procedural or legal aspects of patent prosecution (including reissue or reexamination proceedings) that do not involve the merits, substance or technical nature of the patent prosecution.  This paragraph shall also not restrict consultation regarding, or other involvement in, the preparation of arguments regarding prior art or patentability over prior art (including when such arguments are made in connection with reissue or reexamination proceedings).

30.     Within ninety (90) calendar days of the Termination of this Action, all Parties, persons, and entities (including experts and consultants) who received Protected Material shall make a good faith effort to destroy or return to Outside Counsel for the Producing Party all Protected Material and any and all copies of such Protected Material, with the exception that Outside Counsel may retain a single copy of any of the following kinds of documents containing Protected Material: correspondence and legal files; papers served or filed in this

Action (including discovery papers such as expert reports); transcripts; trial and deposition exhibits; and items introduced at trial of this Action.   Outside Counsel may also retain any working files, e-mails or e-mail folders containing such materials.   Outside Counsel need not purge their document management systems or back-up tapes.   Within one hundred twenty (120) calendar days of the Termination of this Action, any Receiving Party shall certify in writing to any Producing Party that all Protected Material it received from the Producing Party, except as specifically identified in this paragraph, has been returned or destroyed.

## **OBJECTIONS**

31.   A Receiving Party or other interested person may object to the designation given by the Producing Party to any Protected Material.   The process for making such an objection and for resolving the dispute shall be as follows:

(a)   The objecting party shall notify the Producing Party in writing as to its objections to the designation.   This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reasons for the objections.

(b)   Within ten (10) business days of the Producing Party's receipt of such notice, the objecting party and Producing Party shall confer in person or by telephone in a good faith effort to resolve the dispute and shall permit any other party interested in maintaining the Protected Material's designation to participate in the conference.

(c)   If the conference does not resolve the dispute, the objecting party may bring a noticed motion to the Court pursuant to Local Rule 37 for a ruling that the Protected Material is not entitled to the designation given by the Producing Party or is entitled to a designation receiving greater protection under this Protective Order than that given by the

Producing Party.

32. Notwithstanding any such challenge to the designation of Protected Material, all Protected Material shall retain its status as Protected Material with such designation until (a) the Producing Party revokes the designation pursuant to paragraph 37, or (b) the Court rules that the designation is not proper and orders that the designation be removed, possibly to be replaced with a different designation.

33. In any challenge to the designation of Protected Material, the Producing Party shall have the burden of establishing that, pursuant to paragraphs 15 through 16, the Litigation Material is entitled to the designation the Producing Party gave it. Once the Producing Party meets this burden, the objecting party shall have the burden of rebutting the same or establishing that the Protective Order does not apply to the contested Litigation Material for any of the reasons set forth in paragraph 43.

34. No Receiving Party or other interested person shall be obligated to challenge the propriety or correctness of the designation of Protected Material and a failure to do so by a given date shall not preclude a subsequent challenge to such designation.

35. A Producing Party or other interested person may object to the proposed disclosure of Protected Material to any person described in paragraphs 17(b) or 17(c). The process for making such an objection and for resolving the dispute shall be as follows:

(a) Within ten (10) business days of receiving the Receiving Party's written notice described in paragraphs 17(b) or 17(c), the objecting party shall notify the Receiving Party in writing as to its objections to the proposed disclosure. This notice shall include, at a minimum, a specific identification of the person objected to as well as the reasons for the objections.

(b)     Within ten (10) business days of the Receiving Party's receipt of such notice, the objecting party and Receiving Party shall confer in person or by telephone in a good faith effort to resolve the dispute.

(c)     If the conference does not resolve the dispute, the objecting party may bring a noticed motion to the Court pursuant to Local Rule 37 for an order prohibiting the proposed disclosure.

(d)     The Receiving Party may not disclose Protected Material to the person objected to until, and only to the extent to which, (i) the Receiving Party and objecting party resolve their dispute as memorialized in writing or (ii) the Court denies the objecting party's motion.

36.     Any such challenge to the disclosure of Protected Material to a person identified pursuant to paragraph 17(b) or 17(c) may not be made or renewed absent a showing of good cause.  As one example, such good cause might exist if the objecting party discovers information after the ten-day period of paragraph 35(a) that reveals a reason for making the objection of which the objecting party was previously unaware (e.g., a person identified pursuant to paragraph 17(c) is an employee of a competitor of the objecting party).

**REVOCATION OF DESIGNATION**

37.     Any Producing Party that has designated any Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Protective Order may revoke such designation and relinquish the accompanying protections provided by this Protective Order by so notifying counsel for all other Parties in writing or by so stating on the record at any hearing or deposition, provided that any such revocation and relinquishment shall not prejudice or otherwise affect the right any other Party or non-party may have to designate the same Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Upon so revoking and relinquishing, the Producing Party may re-designate the Litigation Material with a designation

1  receiving less protection under this Protective Order than the original

2  designation, in which case, unless the Producing and Receiving Parties agree

3  otherwise, the Producing Party shall produce substituted, re-designated copies

4  of the Litigation Material.

5  **INADVERTENT PRODUCTION, DISCLOSURE OR DESIGNATION**

6       38.    A Producing Party that inadvertently produces Litigation Material

7  that it believes is subject to the attorney-client privilege, attorney work product

8  protection or any other privilege, immunity or non-waiver doctrine (e.g., the

9  common interest doctrine) may, in writing, promptly upon discovery of such

10  inadvertent disclosure, so advise the Receiving Party and request that the

11  Litigation Material be returned or destroyed.  The inadvertent production of

12  Litigation Material will not waive any applicable privilege, immunity or non-

13  waiver doctrine.  In addition, the fact that Litigation Material was inadvertently

14  produced shall not be used in any manner as evidence in support of any such

15  alleged waiver.  Within five (5) business days of receiving said written notice

16  and request from the Producing Party, the Receiving Party shall return or

17  destroy such inadvertently produced Litigation Material, including all copies

18  and any notes or summaries referring to or relating to any such inadvertently

19  produced Litigation Material.  Nothing herein shall prevent the Receiving Party

20  from preparing a record for its own use containing the date, author, address(es),

21  and topic of the Litigation Material and such other information that is not

22  privileged or otherwise protected as is reasonably necessary to identify the

23  Litigation Material and describe its nature in a motion to compel production of

24  the Litigation Material.  Such a record of the identity and nature of the

25  Litigation Material may not be used for any purpose other than preparation of a

26  motion to compel in this Action.  After returning or destroying the inadvertently

27  produced Litigation Material, the Receiving Party may challenge the Producing

28  Party's claim(s) of privilege, immunity or non-waiver by motion.

39.   A Producing Party that inadvertently failed to designate Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall correct its failure within a reasonable time upon discovery of such inadvertent disclosure by providing written notice of the error and substituted, correctly-designated copies of the inadvertently produced Litigation Material. Any Receiving Party provided with such notice shall make reasonable efforts to retrieve and destroy all copies of the incorrectly designated Litigation Material, including copies disclosed or provided to others, as well as any notes or other materials relating to the incorrectly designated Litigation Material that this Protective Order would not have permitted had the Litigation Material been correctly designated.  The Receiving Party will not have violated, and will not be liable under, this Protective Order by relying on the incorrect designation (including the absence of any designation), including by, prior to receiving written notice of the error, disclosing the Litigation Material or any information contained therein consistent with this Protective Order and the incorrect designation.

40.   In the event a Receiving Party inadvertently discloses Protected Material to a person not qualified to receive the information under the Protective Order, such Receiving Party shall, upon learning of the disclosure: (i) promptly notify such unqualified person that the Protected Material contains confidential information subject to this Protective Order; (ii) promptly use reasonable efforts to retrieve the disclosed Protected Material from such unqualified person and any notes or other materials relating to the disclosed Protected Material and have such person execute the confidentiality agreement attached as Exhibit A to this Protective Order; (iii) promptly make all reasonable efforts to preclude further dissemination or use by such unqualified person; and (iv) bring all pertinent facts relating to such disclosure to the attention of the Producing Party within three (3) business days of learning of the inadvertent disclosure.

-18-

**EXEMPTIONS**

41.     Nothing in this Protective Order authorizes any Party or non-Party to disobey any lawful request, subpoena or order by any court or any federal, state, or foreign governmental agency.  However, if another person, court, or any federal, state, or foreign governmental agency requests, subpoenas, or orders the production of Protected Material from any person or Party subject to this Protective Order, that person or Party shall promptly notify the Producing Party in writing of the request, subpoena, or order, so that the Producing Party may have an opportunity to appear and be heard on whether the Protected Material should be disclosed.  Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order, the person or Party receiving the request, subpoena, or order shall not produce the material in dispute so long as it may lawfully refuse.

42.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced in this Action, provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose the contents of Protected Material produced by any other Producing Party except as otherwise permitted by this Protective Order.

43.     None of the provisions of this Protective Order shall apply to Litigation Material that was, is or becomes:

(a)     available to the public at the time of its production hereunder;

(b)     available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c)     known to the Receiving Party, or shown to have been independently

-19-

developed by the Receiving Party, prior to its production herein without use or benefit of the produced Litigation Material;

(d)   obtained outside this Action by the Receiving Party from the Producing Party without having been designated as confidential, provided, however, that this provision does not disturb any pre-existing obligation of confidentiality;

(e)   obtained by the Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f)   previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

## **MISCELLANEOUS PROVISIONS**

44.   This Protective Order is without prejudice to the right of any Producing Party to seek further or additional protection of information.  Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matters may not be discovered at all.

45.   This Protective Order is without prejudice to the right of any Receiving Party to seek modification of or relief from this Protective Order. Nothing in this Protective Order shall be deemed to bar or preclude any Receiving Party from seeking such modification or relief.

46.   The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Producing Party of the obligation of producing information in the course of discovery.

47.   All notices required by this Protective Order are to be made by e-mail, certified mail or overnight mail to Outside Counsel representing the noticed Party or non-party.  The date by which a Party or non-party receiving

notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Party or non-party that is otherwise to be noticed.

48.    Nothing in this Protective Order obligates a defendant in this Action to produce its Protected Material to other defendants in this Action.

49.    The terms of this Protective Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

DENIED WITHOUT PREJUDICE. Statement of good cause (Rule 26) is inadequate and lacks any detail or identification of types of information subject to order

Dated: <u>August 13, 2010</u>    _____/s/_____
                                             Honorable Victor B. Kenton

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 6, 2010         By: <u>/s/ *Douglas G. Muehlhauser*</u>
                                             John B. Sganga, Jr.
                                             Douglas G. Muehlhauser
                                             Perry D. Oldham
                                             Mark Lezama
                                             Alan G. Laquer

                                             Attorneys for Plaintiff
                                             NOMADIX, INC.

-21-

1

COVINGTON & BURLING LLP

2

3  Dated: August 6, 2010      By: /s/ *Michael K. Plimack* (with permission)

4                                      Michael K. Plimack
                                        Robert T. Haslam
5                                      Michael P. Wickey

6                                      Attorneys for Defendant
                                        HEWLETT-PACKARD COMPANY

7

8

9                                      SIDLEY AUSTIN LLP

10

11  Dated: August 6, 2010      By: /s/ *Hugh A. Abrams* (with permission)

12                                     David T. Pritikin
                                        Hugh A. Abrams
13                                     Lisa A. Schneider
                                        Benedict F. Frey
                                        Paul D. Tripodi II
14                                     Olivia M. Kim

15                                     Attorneys for Defendant
16                                     WAYPORT, INC.

17

18                                     ORRICK, HERRINGTON & SUTCLIFFE LLP

19

20  Dated: August 6, 2010      By: /s/ *Fabio Marino* (with permission)

21                                     I. Neel Chatterjee
                                        Fabio Marino
22                                     Qudus Olaniran
                                        Robert W. Dickerson
23                                     Benjamin J. Hofileña
                                        Alyssa M. Caridis

24                                     Attorneys for Defendant
25                                     iBAHN CORPORATION

26

27

28

-22-

WOODCOCK WASHBURN LLP

Dated: August 6, 2010          By: /s/ *Henrik D. Parker* (with permission)

Dale M. Heist
Henrik D. Parker
Michael Swope

Attorneys for Defendants
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.,
GUEST-TEK INTERACTIVE
ENTERTAINMENT, INC. and
ON COMMAND CORPORATION

LEONARD,     STREET     AND     DEINARD,
PROFESSIONAL ASSOCIATION

Dated: August 6, 2010          By: /s/ *Kevin D. Conneely* (with permission)

Michael G. Taylor
Kevin D. Conneely
Gabriel K. Holloway
Erik M. Drange

Attorneys for Defendants
LODGENET INTERACTIVE
CORPORATION,
LODGENET STAYONLINE, INC., and
ON COMMAND CORPORATION

WEIL, GOTSHAL & MANGES LLP

Dated: August 6, 2010          By: /s/ *Paul E. Torchia* (with permission)

Nicholas Groombridge
Paul E. Torchia
Etai Lahav

Attorneys for Defendant
ARUBA NETWORKS, INC.

-23-

1

FENWICK & WEST LLP

2

3     Dated: August 6, 2010          By: /s/ *Michael J. Sacksteder* (with permission)

4                                         Michael J. Sacksteder
                                          Darryl M. Woo
5                                         David M. Lacy Kusters

6                                         Attorneys for Defendants
                                          SUPERCLICK, INC. and
7                                         SUPERCLICK NETWORKS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-

## **EXHIBIT A**

I have read and fully understand the Protective Order entered on _____, 2010 in the matter of *Nomadix, Inc., v. Hewlett-Packard Company et al.*, Case No. CV09-8441 DDP (VBKx), and agree to be bound by and comply fully with the terms of such order.  Specifically, I will not disclose or permit the unauthorized viewing or disclosure of Protected Material as set forth in the Protective Order.   Furthermore, if Protected Technical Material is disclosed to me, I will not, until two (2) calendar years after the Termination of this Action, on behalf of a patent applicant or patentee, prepare and/or amend any patent applications of any kind, draft and/or amend patent claims of any kind (including claims that are the subject of reissue or reexamination proceedings), supervise such activities, or consult on such activities whenever such patent applications or patent claims relate to (1) the patents-in-suit or contain claims that it is reasonably likely may be asserted against the Producing Party in this Action or any other action; and relate to (2) charging for, providing or controlling access to computer networks, or to network devices involved in charging for, providing or controlling access to computer networks.  I further understand that failure to comply fully with the terms of such Protective Order may lead to sanctions imposed by the Court.  I submit myself to the Court's jurisdiction for purposes of enforcement of the Protective Order.

_____          _____
Date                                              Signature

_____
Printed Name

9474488

-1-