John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY et al.,<br><br>Defendants. | Civil Action No.<br><br>CV09-08441 DDP (VBKx)<br><br>**SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Honorable Victor B. Kenton |
| AND RELATED COUNTERCLAIMS | |

## ORDER AND STATEMENT OF GOOD CAUSE

Plaintiff-Counterdefendant Nomadix, Inc., Defendant-Counterclaimant iBAHN Corporation and Defendants LodgeNet Interactive Corporation and LodgeNet StayOnline, Inc. (collectively, the "Parties"; individually, a "Party") each may possess software source code relating to the subject matter of this action that they deem confidential, that has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been the subject of reasonable efforts by the respective Parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The Court has entered a protective order (Docket No. 205) that contemplates that the production of source code may be subject to additional provisions.

Accordingly, for good cause as recited above and in Docket No. 205,

IT IS HEREBY ORDERED that whenever, in the course of these proceedings, any Party has occasion to disclose source code, the Parties shall employ the following procedures:

## DEFINITIONS

1. The term "Main Protective Order" refers to the protective order entered by the Court as Docket No. 205.

2. The term "Supplemental Protective Order" refers to the instant protective order.

3. All definitions from the Main Protective Order are incorporated herein by reference and are modified only as expressly indicated herein.

## SUPPLEMENTAL NATURE

4. This Supplemental Protective Order supplements the Main Protective Order and is to be interpreted in conjunction with the Main Protective Order. Unless this Supplemental Protective Order specifies otherwise, this Supplemental Protective Order does not override or supplant any provisions in

the Main Protective Order.

**DESIGNATION**

5. Any Producing Party may designate Litigation Material as "Highly Confidential – Source Code – Restricted Access Only" in accordance with this Supplemental Protective Order.

6. The term "Highly Confidential – Source Code – Restricted Access Only Material" refers to any Litigation Material designated "Highly Confidential – Source Code – Restricted Access Only"; any copies thereof; and the information contained in such Litigation Material or such copies, including summaries of such information. The term "Protected Material" from the Main Protective Order is hereby modified to include Highly Confidential – Source Code – Restricted Access Only Material and all provisions in the Main Protective Order referring to "Protected Material" are hereby updated accordingly.

**Designation Procedure**

7. Paragraphs 10 through 13 of the Main Protective Order apply equally and analogously to Highly Confidential – Source Code – Restricted Access Only Material and designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only." Paragraph 14 of the Main Protective Order is amended as follows (insertions underlined):

> 14. From the time of any deposition through the end of thirty-one (31) business days after a final transcript of the deposition is made available by a reporter, the deposition (including exhibits) and any transcript or recording thereof shall be treated as Highly Confidential – Attorneys' Eyes Only Material, unless the contents of Highly Confidential – Source Code – Restricted Access Only Material were explicitly discussed during the deposition, in which case the deposition (including exhibits)

and any transcript thereof shall be treated as Highly Confidential – Source Code – Restricted Access Only Material. At the end of the thirty-one (31) business days, the deposition (including exhibits) and any transcript or recording thereof shall be treated as public information (with no confidentiality designation) except to the extent designated pursuant to paragraph 12.

**Designation Qualifications**

8. Litigation Material may be designated "Highly Confidential – Source Code – Restricted Access Only" (a) if it is or contains non-public source code or (b) if it is or contains public source code used in a Producing Party's product—whether commercially released or developmental—and if the fact that such public source code is used in the Producing Party's product is (i) not publicly known or (ii) a trade secret.

**DISCLOSURE**

9. A Receiving Party may disclose Highly Confidential – Source Code – Restricted Access Only Material only to the persons or entities identified in paragraphs 17(a) and 17(c) through 17(k) of the Main Protective Order. A Receiving Party may disclose Highly Confidential – Source Code – Restricted Access Only Material to an individual identified pursuant to paragraph 17(c) of the Main Protective Order only after serving on the other Parties' counsel a copy of the confidentiality agreement attached to this Supplemental Protective Order as Exhibit B signed by such individual and only after otherwise complying with paragraph 17(c) of the Main Protective Order.

**FORMAT OF PRODUCTION**

10. For source code and files related to source code (e.g., configuration files, Makefiles, files storing input or output related to source code and/or the program that the source code underlies, files related to source code management and/or revision systems, read me files, etc.) that are to be produced:

(a) The Producing Party shall produce the source code and all related files in native format and broken out by version number and, if applicable, product name and/or product model number. The Producing Party shall identify or supply software and/or programming tools that can be used to view and compile the source code. Should the Receiving Party have reason to compile source code that includes source code produced by the Producing Party and/or create executables from such source code, the Parties shall confer as needed regarding whether compiling such code or creating such executables can be accommodated and, if so, how.

(b) The production of a given version of source code and related files shall preserve all file names, directory names and directory structures.

(c) The Producing Party may produce source code and related files designated "Highly Confidential – Source Code – Restricted Access Only" pursuant to this Supplemental Protective Order and the Main Protective Order on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s) or other media.

(d) To the extent that total compliance with subparagraphs (a) and (b) would be infeasible or burdensome for a Producing Party with respect to non-source-code documents or information (e.g., with respect to source code management or revision system files), the Producing Party and Receiving Party will discuss solutions wherein the documents or information are produced electronically and reasonably in compliance with subparagraphs (a) and (b). This subparagraph (d) does not exempt production of source code from compliance with subparagraphs (a) and (b).

(e) Subparagraphs (a) through (d) apply to the extent the source-code document or file related to source code is available to the Producing

Party in native format. If the document is not available in native format (because, e.g., it is a printout of source code with handwritten remarks), the document may be produced in accordance with the Parties' agreements, and any orders by this Court, regarding other types of documents.

**SUPPLEMENTAL SECURITY PROVISIONS**

11. To the extent any Receiving Party (apart from the persons identified in paragraph 17(i) of the Main Protective Order) electronically maintains Highly Confidential – Source Code – Restricted Access Only Material, such Receiving Party shall maintain such Highly Confidential – Source Code – Restricted Access Only Material on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s) or other media. Access to the password(s) or decryption key(s) used to unlock the encrypted media shall be restricted and such password(s) or decryption key(s) shall be stored securely. Upon request, if the Producing Party has a justifiable belief that Highly Confidential – Source Code – Restricted Access Only Material has been improperly disclosed, the Receiving Party shall provide the Producing Party with a list of the persons with access to such password(s) or decryption key(s). The Parties may use the free software tool TrueCrypt (www.truecrypt.org, version 7.0) to encrypt Highly Confidential – Source Code – Restricted Access Only Material. In particular, the Parties may use any encryption scheme offered by TrueCrypt, including 256-bit Advanced Encryption Standard (AES). Regardless of the encryption tool used, the Receiving Party must keep the Highly Confidential – Source Code – Restricted Access Only Material in an encrypted and inaccessible state whenever possible. For example, if TrueCrypt is used, the Receiving Party shall maintain the Highly Confidential – Source Code – Restricted Access Only Material in a TrueCrypt container / volume, which will ensure that the Highly Confidential – Source Code – Restricted

Access Only Material is only decrypted in random-access memory (RAM); additionally, the Receiving Party shall only mount the TrueCrypt volume containing the Highly Confidential – Source Code – Restricted Access Only Material to a drive as needed to review the code; when a review session is over, the volume will be dismounted.

12. Regardless of how a Producing Party produces Highly Confidential – Source Code – Restricted Access Only Material, the Receiving Party shall store any Highly Confidential – Source Code – Restricted Access Only Material in a locked room. Access to the key(s) used to unlock any such room shall be restricted and, upon request if the Producing Party has a justifiable belief that Highly Confidential – Source Code – Restricted Access Only Material has been improperly disclosed, the Receiving Party shall provide the Producing Party with a list of the persons who have had access to such key(s). Any entrance to the locked room must be marked with an "Access Restricted" notice. The Receiving Party shall maintain a log of all persons entering any such room to view Highly Confidential – Source Code – Restricted Access Only Material and shall provide a copy of the log to the Producing Party upon request if the Producing Party has a justifiable belief that Highly Confidential – Source Code – Restricted Access Only Material has been improperly disclosed.

13. Regardless of how a Producing Party produces Highly Confidential – Source Code – Restricted Access Only Material, the Receiving Party may electronically access such Highly Confidential – Source Code – Restricted Access Only Material only from a computer that is not connected to the Internet or a network, that is password-protected and that is kept in a locked room as described in paragraph 12 of this Supplemental Protective Order. The password(s) used to protect any such computer shall be stored securely and access to such password(s) shall be restricted to the same individuals who have access to the password(s) or decryption key(s) used to unlock encrypted media.

14. The Producing Party may choose to produce Highly Confidential – Source Code – Restricted Access Only Material by producing a computer containing the Highly Confidential – Source Code – Restricted Access Only Material ("Computer Option"). If the Producing Party chooses the Computer Option, the Receiving Party may not electronically transfer the Highly Confidential – Source Code – Restricted Access Only Material from the Computer Option computer to another device except as specifically allowed by the Main Protective Order or this Supplemental Protective Order. The Receiving Party must use the produced computer in accordance with paragraphs 12 and 13 of this Supplemental Protective Order. Any Computer Option computer must be equipped with a Windows XP or Windows 7 operating system, at least 100 GB of hard disk storage, at least 2 GB of RAM and a modern processor (e.g., dual-core Intel processor). Additionally, the Producing Party must configure any Computer Option computer to be password-protected as contemplated in paragraph 13 of this Supplemental Protective Order. The Producing Party may choose to disable or remove hardware options on or from the Computer Option computer, such as network interface cards, USB ports and optical drives, provided that the Computer Option computer can be adequately used to review the Highly Confidential – Source Code – Restricted Access Only Material stored thereon. The Receiving Party may not alter the hardware configuration of the Computer Option computer without the Producing Party's written consent. If the Computer Option computer does not have a USB port or optical drive enabled, it must install any software (to the extent permitted by law) that the Receiving Party desires prior to producing the Computer Option computer, or else give the Receiving Party its written consent to enable a USB port or optical drive for such purpose. The Receiving Party and Producing Party shall confer regarding any issues with the configuration of a Computer Option computer and the Producing Party shall not unreasonably withhold its consent to

modifications to the Computer Option computer that will improve the Receiving Party's ability to review the Highly Confidential – Source Code – Restricted Access Only Material stored thereon without seriously compromising the security of such Highly Confidential – Source Code – Restricted Access Only Material. In complying with paragraph 30 of the Main Protective Order, the Receiving Party must return to the Producing Party any Computer Option computer unless the Producing Party permits its destruction, in which the case the Receiving Party may alternatively ensure that the hard drive of the Computer Option computer is securely erased in a manner agreed to by the Producing Party.

15. The Receiving Party may print limited portions of Highly Confidential – Source Code – Restricted Access Only Material as reasonably necessary to facilitate the Receiving Party's furtherance of its claims and defenses in this case. If Highly Confidential – Source Code – Restricted Access Only Material is stored on a Computer Option computer that is not configured to be used with a printer, the Producing Party shall not unreasonably refuse to produce such limited portions of the Highly Confidential – Source Code – Restricted Access Only Material in accordance with the Parties' agreements regarding electronically stored information and documents originating in electronic format; as an alternative to producing such limited portions, the Producing Party may give the Receiving Party written consent to configure and connect the Computer Option computer to a local computer for the limited purpose of printing such limited portions of the Highly Confidential – Source Code – Restricted Access Only Material, so long as any printouts are stamped with "Highly Confidential – Source Code – Restricted Access Only" and only disclosed to the individuals identified in paragraph 9 of this Supplemental Protective Order. Nothing in this Supplemental Protective Order or the Main Protective Order prevents the Parties from including Highly Confidential –

Source Code – Restricted Access Only Material in court filings made under seal or from preparing exhibits including Highly Confidential – Source Code – Restricted Access Only Material to be used in expert reports or at depositions, hearings, trial, mediation or other proceedings in this case. Except as otherwise permitted by this Supplemental Protective Order or the Main Protective Order, the Receiving Party will not electronically transmit any of the Producing Party's Highly Confidential – Source Code – Restricted Access Only Material in any way from the offices of its Outside Counsel. However, nothing in this Supplemental Protective Order or the Main Protective Order prevents a Receiving Party from making and storing electronic copies of Highly Confidential – Source Code – Restricted Access Only Material on a computer (including a Computer Option computer), provided that in making, storing and accessing such electronic copies the Receiving Party continues to comply with the provisions of this Supplemental Protective Order and the Main Protective Order. If the original Highly Confidential – Source Code – Restricted Access Only Material is stored on a Computer Option computer whose hardware configuration does not permit data to be transferred to another computer, the Receiving Party must keep any electronic copies of the original Highly Confidential – Source Code – Restricted Access Only Material on the same Computer Option computer unless the Producing Party provides its written consent for the Receiving Party to do otherwise. The Receiving Party shall only make electronic copies of Highly Confidential – Source Code – Restricted Access Only Material to the extent reasonably necessary to facilitate the Receiving Party's furtherance of its claims and defenses in this case. Non-exhaustive examples of permissible reasons for making electronic copies include making copies for back-up purposes or so that a Receiving Party may electronically annotate a copy of the Highly Confidential – Source Code – Restricted Access Only Material.

16. A Receiving Party (apart from the persons identified in paragraph 17(i) of the Main Protective Order) may only transmit or transport Highly Confidential – Source Code – Restricted Access Only Material as follows: (a) if physically lodged or filed with the Court, served upon any Party, or sent to any other person authorized under this Protective Order to receive Highly Confidential – Source Code – Restricted Access Only Material, the Highly Confidential – Source Code – Restricted Access Only Material must be sent (i) in a sealed container via an established overnight, freight, delivery, or messenger service or (ii) via a secure FTP to the extent expressly permitted by this Supplemental Protective Order or the Main Protective Order elsewhere; (b) if the Highly Confidential – Source Code – Restricted Access Only Material is physically transported for any other purpose, the Receiving Party must retain physical custody and control of the Highly Confidential – Source Code – Restricted Access Only Material at all times and must store it in a locked, secure place. A Receiving Party must notify the Producing Party immediately upon learning that the transported Highly Confidential – Source Code – Restricted Access Only Material did not reach its intended destination. With respect to sub-paragraphs (a) and (b), except when being physically lodged or filed with the Court, the Highly Confidential – Source Code – Restricted Access Only Material must be transported on encrypted media.

17. Notwithstanding paragraphs 11 through 16 of this Supplemental Protective Order, and to the extent authorized to receive Highly Confidential – Source Code – Restricted Access Only Material, a Receiving Party may store transcripts, recordings and exhibits (including those associated with depositions, trial or other proceedings featuring testimony) designated "Highly Confidential – Source Code – Restricted Access Only" on non-encrypted media and may electronically access them from a computer that is connected to the Internet or a network, provided that access to such transcripts, recordings and exhibits is

restricted to a limited number of people or users within the Receiving Party's firm, organization, system, network, etc. by password or by privileges set by an administrator. Nothing in this Supplemental Protective Order or the Main Protective Order precludes a Receiving Party from storing on non-encrypted media and accessing from a computer that is connected to the Internet or a network any Litigation Material whose portions designated "Highly Confidential – Source Code – Restricted Access Only" have been redacted or otherwise removed.

**USE AND RETURN OR DESTRUCTION**

18. The term "Protected Technical Material" from the Main Protective Order is hereby modified to include Highly Confidential – Source Code – Restricted Access Only Material and all provisions in the Main Protective Order referring to "Protected Technical Material" are hereby updated accordingly.

**OBJECTIONS**

19. Paragraph 33 of the Main Protective Order applies equally and analogously to designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only" and the qualifications set forth in paragraph 8 of this Supplemental Protective Order.

**REVOCATION OF DESIGNATION**

20. Paragraph 37 of the Main Protective Order applies equally and analogously to Highly Confidential – Source Code – Restricted Access Only Material and designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only."

**INADVERTENT PRODUCTION, DISCLOSURE OR DESIGNATION**

21. Paragraph 39 of the Main Protective Order applies equally and analogously to failures to designate Litigation Material as "Highly Confidential – Source Code – Restricted Access Only."

22. Paragraph 40 of the Main Protective Order applies equally and

analogously to this Supplemental Protective Order.

**EXEMPTIONS**

23. Paragraphs 41 through 43 of the Main Protective Order apply equally and analogously to this Supplemental Protective Order.

**MISCELLANEOUS PROVISIONS**

24. This Supplemental Protective Order is without prejudice to the right of any Producing Party to seek further or additional protection of information. Nothing in this Supplemental Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matters may not be discovered at all.

25. This Supplemental Protective Order is without prejudice to the right of any Receiving Party to seek modification of or relief from this Protective Order. Nothing in this Supplemental Protective Order shall be deemed to bar or preclude any Receiving Party from seeking such modification or relief.

26. The entry of this Supplemental Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Producing Party of the obligation of producing information in the course of discovery.

27. All notices required by this Supplemental Protective Order are to be made by e-mail, certified mail or overnight mail to Outside Counsel representing the noticed Party or non-party. The date by which a Party or non-party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Party or non-party that is otherwise to be noticed.

28. The terms of this Supplemental Protective Order shall survive and remain in effect after the Termination of this Action. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

**IT IS SO ORDERED.**

Dated: December 01, 2010

_______________/s/__________________________
Honorable Victor B. Kenton

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 29, 2010

By: /s/ *Douglas G. Muehlhauser*
John B. Sganga, Jr.
Douglas G. Muehlhauser
Perry D. Oldham
Mark Lezama
Alan G. Laquer

Attorneys for Plaintiff
NOMADIX, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: October 29, 2010

By: /s/ *Fabio Marino* (with permission)
I. Neel Chatterjee
Fabio Marino
Qudus Olaniran
Robert W. Dickerson
Benjamin J. Hofileña
Alyssa M. Caridis
Monte M.F. Cooper

Attorneys for Defendant

iBAHN CORPORATION
LEONARD, STREET AND DEINARD, PROFESSIONAL ASSOCIATION

Dated: October 29, 2010

By: /s/ *Michael G. Taylor* (with permission)
Michael G. Taylor
Kevin D. Conneely
Gabriel K. Holloway
Erik M. Drange

Attorneys for Defendants
LODGENET INTERACTIVE CORPORATION,
LODGENET STAYONLINE, INC., and
ON COMMAND CORPORATION

**EXHIBIT B**

I have read and fully understand the Main Protective Order entered on ___________, 2010 and the Supplemental Protective Order entered on ___________, 2010 in the matter of *Nomadix, Inc. v. Hewlett-Packard Company et al.*, Case No. CV09-8441 DDP (VBKx), and agree to be bound by and comply fully with the terms of such orders. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of Protected Material as set forth in the Main Protective Order or the Supplemental Protective Order. Furthermore, if Protected Technical Material is disclosed to me, I will not, until two (2) calendar years after the Termination of this Action, on behalf of a patent applicant or patentee, prepare and/or amend any patent applications of any kind, draft and/or amend patent claims of any kind (including claims that are the subject of reissue or reexamination proceedings), supervise such activities, or consult on such activities whenever such patent applications or patent claims relate to (1) the patents-in-suit or contain claims that it is reasonably likely may be asserted against the Producing Party in this Action or any other action; and relate to (2) charging for, providing or controlling access to computer networks, or to network devices involved in charging for, providing or controlling access to computer networks. I further understand that failure to comply fully with the terms of such Protective Order may lead to sanctions imposed by the Court. I submit myself to the Court's jurisdiction for purposes of enforcement of the Protective Order.

_________________________ Date

_________________________ Signature

_________________________ Printed Name

9918548