UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, et al.,<br><br>Defendants. | Case No. CV-09-08441 DDP (VBKx)<br><br>**DEFENDANTS' STATUS REPORT AND PREHEARING STATEMENT**<br><br>**Hearing re: Reduction of Terms**<br><br>Date:  December 6, 2010<br>Time: 11:00 a.m.<br>Courtroom No: 3<br><br>Honorable Dean D. Pregerson |
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SOLUTIONINC TECHNOLOGIES LIMITED,<br><br>Defendants. | Case No. CV-10-00381 DDP (VBKx)<br><br>**DEFENDANT'S STATUS REPORT AND PREHEARING STATEMENT (RELATED CASE)**<br><br>**Hearing re: Reduction of Terms**<br><br>Date:  December 6, 2010<br>Time: 11:00 a.m.<br>Courtroom No: 3<br><br>Honorable Dean D. Pregerson |
| AND RELATED COUNTERCLAIMS | |

I.    **INTRODUCTION**

At the October 4, 2010 hearing, the Court directed the parties to meet-and-confer regarding the number of claims and claim terms at issue in this patent infringement case.  The parties met and conferred on November 29, 2010.  While they have agreed in principle that this case and the case involving SolutionInc Technologies Limited may be consolidated for claim construction purposes, they nonetheless are unable to agree on the following specific issues: 1) whether plaintiff Nomadix, Inc. ("Nomadix") should reduce the number of asserted claims prior to setting a briefing schedule leading to a claim construction ("Markman") hearing, 2) what the exact timelines for the claim-construction schedule should be, including when in 2011 the claim construction hearing should occur, and 3) whether, and how, the parties should provide a technology tutorial to the Court in advance of the claim construction hearing.  The following Joint Status Report and Prehearing Statements set forth the positions of the parties:

II.   **OPENING STATEMENT**

The claim construction issues in this case should be significantly streamlined, as previously suggested by this Court.  Defendants therefore respectfully request that this Court order Plaintiff Nomadix and Counter-Plaintiff iBAHN Corporation ("iBAHN"), prior to briefing claim construction issues, to reduce the 161 total number of asserted patent claims at issue to one asserted claim per patent common to all defendants accused of infringing the asserted patent, in order to significantly streamline the case by reducing the number of terms that the Court will need to construe.  Such reduction is in line with the Court's statements made at the October 4, 2010 hearing regarding reduction of terms, where the Court specifically ordered the parties to try to agree to reduce the large number of patent "claims" at issue in this case "to the bare minimum" prior to December 6, 2010.[1]  Plaintiff Nomadix has

---

[1] *Nomadix v. HP et al.*, Reporter's Transcript of October 4, 2010 Hearing Re: Reduction In Terms, p. 18, lines 14-16.

1   been unwilling to follow this directive, even though all defendants and Counter-

2   Plaintiff iBAHN have been agreeable to such a reduction.

3        Moreover, Defendants believe a claim-construction briefing schedule should

4   be set after the scope of the Markman hearing is limited to only those claims that

5   need to be addressed and not before as Nomadix proposes.  There is little purpose

6   served by having the Court construe 47 terms from 161 patent claims, if many of

7   those terms and claims will later be required to be dropped by the parties in any

8   event.  Defendants therefore request that the Court order a reduction in the number

9   of asserted claims by all parties prior to any briefing on claim construction issues,

10  and that the Court then set a schedule in which briefs are "keyed off" the date of the

11  Markman hearing date  set by the Court in 2011.  As part of this process,

12  Defendants also request that the Court set a specific date for conducting or

13  receiving a technical tutorial, such as a deadline for an exchange of DVDs, to assist

14  the Court in understanding the patented technologies involved in this case.

15           **A.     <u>Reduction of Asserted Claims</u>**

16        Due to the large number of asserted claims, this case is unmanageable

17  without the parties significantly reducing the number of asserted claims.  Plaintiff

18  Nomadix has asserted nine patents and 112 claims against numerous commercial

19  products provided by defendants in the *Nomadix v. Hewlett-Packard Co. et al.*,

20  Case No. CV09-08441 DDP (VBKx) and *Nomadix v. SolutionInc Technologies*

21  *Limited*, Case No. CV10-00381 DDP (VBKx) actions.  Because Nomadix has

22  asserted so many different claims[2] against different parties and products, *Hewlett-*

23  *Packard* defendants have identified 40 claim terms for which the meaning and

24  scope are disputed.  Additionally, iBAHN has asserted three patents and 49 claims

25  against Nomadix, for which Nomadix has identified an additional seven terms for

26  construction.

27

28  [2] For ease of reference, the matrix of asserted claims against all of the Defendants is shown in Exhibit A to this statement.

As this Court indicated at the October 4, 2010 hearing, requiring both parties to reduce the 161 total claims at issue will significantly streamline this case and reduce the number of terms that the Court will need to construe.  Therefore, defendants propose that the Court limit the parties to asserting a single claim for each asserted patent common to all defendants accused of infringing the asserted patent, and set a date for that election.  If the parties are limited to asserting one claim per patent common to all defendants accused of infringing the patent, Defendants anticipate that the Court may have to construe as few as 23 terms – far fewer than the Court would presently have to interpret.  Specifically, the following table illustrates reduction in claim terms that results from the Defendants' proposal:

| Patents | Representative Claim | Pre-Reduction of Asserted Claims | Post-Reduction of Asserted Claims |
|---------|---------------------|----------------------------------|-----------------------------------|
| '892 | 1 | 3 | 3 |
| '727 | 19 | 7 | 3 |
| '995 | 1 | 3 | 3 |
| '894 | 1 | 4 | 2 |
| '554 | 10 | 7 | 3 |
| '399 | 13 | 11 | 5 |
| '110 | 1 | 2 | 1 |
| '716 | 1 | 3 | 3 |
| Total | | 40 | 23 |

Indeed, mandating a reduction in the number of asserted claims now is the most efficient way to handle the management of this case and reduce the burden placed on the Court.  Without a reduction in the number of asserted claims, the Court may be faced with handling an unnecessarily large number of claims during the Markman process, and later in summary judgment motions.  Further, an immediate reduction by the parties in the number of asserted claims would avoid the parties engaging in potentially unnecessary and voluminous claim construction briefing for terms that would be eliminated in any event because of a post-Markman

election.  This is precisely why Defendants understood the Court at the October 4, 2010 hearing to order the parties "to reduce the number of **claims** down to the bare minimum."[3]

Yet, despite the Court's admonishment and repeated requests by the Defendants, Plaintiff has steadfastly refused to voluntarily drop any of its 112 asserted claims prior to when the parties will need to begin claim-construction briefing.  The Court should therefore order such a reduction by a date certain. Mandating such a reduction in the number of asserted claims is certainly within the Court's inherent power to manage the case and its docket, as evidenced by numerous rulings from courts that have issued comparable case management orders.[4]  Further, the United States District Court for the Northern District of California patent local rules, adopted by the parties, contemplate the difficulty in managing patent cases with numerous claims and claim terms in dispute and anticipate that the Court may take such corrective actions.  *See* N.D. Cal. P.R. 4-3(c).[5]

Plaintiff's primary stated reluctance at the October 4 hearing to reducing

---

[3] *Id.* (emphasis added).
[4] *See, e.g., Verizon Cal., Inc. v. Ronald A. Katz Tech. Licensing*, L.P., No. 01-CV-09871, slip op. at 2 (C.D. Cal. Sept. 25, 2002, Docket No. 88) (limiting plaintiff to twenty (20) total claims prior to claim construction)(cited with approval in *Verizon Cal., Inc. v. Ronald A. Katz Licensing, L.P.*, 2003 U.S. Dist. LEXIS 23553, at *4 (C.D. Cal. Dec. 2, 2003) ("Due to the large number of patents and claims at issue … the Court ordered Katz to identify no more than three representative claims per patent for its infringement case and no more than twenty claims for a claim construction hearing."), (vacated on other grounds, 2004 U.S. Dist. LEXIS 31132 (C.D. Cal. July 12, 2004)); *Data Treasury Corp. v. Wells Fargo and Co., et al.*, No. 2:06-CV-00072-DF, slip op. at 3-5 (E.D. Tex. Oct. 25, 2006, Docket No. 325) (ordering plaintiff to limit the number of asserted claims at the outset of the case to fifty (citing *ReRoof America, Inc. et al. v. United Structures of America, Inc.*, 215 F.3d 1351 (Fed. Cir. 1999) (unpublished opinion) (plaintiff was not prejudiced when the district court limited plaintiff to just five representative claims)).
[5] *See also SynQor, Inc. v. Artesyn Technologies, Inc. et al.*, No. 2-07-CV-00497 (E.D. Tex. March 25, 2010, Docket No. 408)(stating that "[t]he practice of asserting an unreasonably large number of patent claims serves to obfuscate the more material issues in the case, and effectively undermines the purpose of the patent rules").

1   claims was the absence of source code production by the Defendants.[6]  However,

2   the Defendants have now made their source code available for Plaintiff's

3   inspection, alleviating that concern.  To the extent Plaintiff claims it needs more

4   time to review source code before electing to drop claims, Plaintiff is at fault for

5   any delay, having originally filed this case more than one year ago and yet only

6   now taking the requisite steps to review the code.[7]  In any event, Plaintiff has stated

7   during the meet-and-confer process that it does not want to delay Markman Hearing

8   for source code review. As a result, the Court should order Nomadix to reduce the

9   number of asserted claims immediately and not subject the parties and the Court to

10  unnecessary and inefficient briefing on superfluous terms.

11          Without more structure, a claim-construction plan is not feasible.  There can

12  be no dispute that the management of claim construction on 161 claims and nearly

13  50 disputed claim terms is untenable for both the Court and the parties.  Defendants

14  therefore propose that at the December 6, 2010 hearing, this Court order by a date

15  certain that the parties asserting patent infringement claims and counterclaims

16  (including iBAHN, which has agreed to this procedure) be limited to asserting one

17  representative claim per asserted patent common to all defendants accused of

18  infringing the asserted patent.

19

20

21  _____

    [6] *Nomadix v. HP et al.*, Reporter's Transcript of October 4, 2010 Hearing Re:
    Reduction In Terms, at pp. 11-12, lines 21-10.

22  [7] Nomadix originally filed its complaint in this action against the Defendants on
    November 17, 2009.  Six months later, on May 28, 2010,  Defendants proposed that
    the parties enter into a draft Protective Order which included source code

23  provisions, which would have allowed discovery to commence then. However,
    Nomadix waited a month to respond with its own draft, on June 21, 2010, and

24  offered a proposal that included no source code protections.  After another month of
    unsuccessful negotiations between Nomadix and Defendants, on July 23, 2010,

25  Nomadix informed Defendants it would move the Court "in a few days" to enter a
    Protective Order that incorporated its own preferred source code provisions.

26  Nonetheless, Nomadix waited two months, until September 17, 2010, to provide a
    draft Joint Stipulation related to a Motion to Compel.  Eventually, after further

27  discussions, the Defendants all voluntarily agreed to make their source code
    available for inspection, notwithstanding the Court still had not entered a single

28  Source Code Protective Order covering all parties.

    OHS West:261045964.4                                    - 5 -

### B.  Claim Construction Schedule

Defendants do not believe a claim-construction briefing schedule can be set before the scope of the Markman process is better defined by a reduction in claims and claim terms.  Defendants request that this Court enforce a mandatory claim reduction process before any claim-construction briefing occurs.  A claim-construction briefing schedule like that proposed by Plaintiff, in which it drops claims after claim-construction briefing is completed, is neither logical nor cost-efficient.  Once the number of claims and claim terms are narrowed, the Court can set a claim-construction hearing date and set deadlines commensurate with the workload for the hearing.

As the parties cannot determine the Court's availability, the Defendants propose a schedule that will be keyed off a date, as early as April 2011, that the Court ultimately sets for the claim construction hearing.  That schedule is designed to avoid any claim construction briefing by the parties to occur during the Christmas and New Years holidays.  Accordingly, Defendants propose that the Court adopt the following claim construction schedule, subject to an available date for the Court to hold an all-day Markman hearing:

| Matter | Day | Date |
|---|---|---|
| Reduction in the number of assert claims | | 90 days prior to hearing date |
| Opening claim construction briefs by parties asserting patents | | 75 days prior to hearing date |
| Responsive claim construction briefs | | 35 days prior to hearing date |
| Reply claim construction briefs | | 21 days prior to hearing date |
| Last day to submit technology tutorial via DVD | | 7 days prior to hearing date |
| Claim construction hearing | Thursday | April 14, 2011 or thereafter, subject to the Court's |

| Matter | Day | Date |
|---|---|---|
| | | availability and, if necessary, the time required for the parties to select one representative claim per patent common to all defendants accused of infringing the asserted patent |

C.     **Technology Tutorial**

Reducing the number of asserted claims and setting a Markman hearing date will also assist the parties in determining the best way to provide the Court with a technology tutorial.  Defendants believe that due to the large number of patents at issue from both Nomadix and iBAHN, it would aid the Court's understanding of the relevant patented technologies if the parties were allowed to provide a tutorial detailing background information on the Nomadix and iBAHN patents at issue in this case.  During the meet-and-confer process, Nomadix expressed that it is not interested in providing a technology tutorial on its own nine asserted patents, even though this Court has never previously reviewed or construed terms in several of them.  Nevertheless, the Defendants and iBAHN propose submitting a technology tutorial for both the Nomadix and iBAHN patents on a DVD to the Court in advance of the Markman hearing, so that it may familiarize itself with the technology and better prepare itself for the issues to be addressed.  Alternatively, if the Court prefers an in-person tutorial, the Defendants and iBAHN request 90 minutes for presenting a tutorial on the Nomadix and iBAHN patents, respectively, to occur seven days prior to the Markman hearing.

D.     **Conclusion**

Requiring the parties to reduce the number of asserted claims to a reasonable number is necessary to focus the parties' positions, aid the Court in making its claim construction decisions, and aid the jury in determining liability without undue

OHS West:261045964.4

- 7 -

1   confusion.  As such, without a reduction in claims, this case will not be focused and

2   will become overly burdensome on the Court as the case progresses.  The

3   Defendants respectfully submit that now is the time to narrow and focus the case by

4   mandating such a reduction, and then setting a claim-construction briefing

5   schedule.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | | |
|---|---|---|---|
| 1 | Dated: | December 2, 2010 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | | |
| 3 | | | /s/ Qudus B. Olaniran |
| | | | Qudus B. Olaniran |
| 4 | | | Attorneys for Defendant and Counterclaimant iBAHN Corporation |
| 5 | Dated: | December 2, 2010 | COVINGTON & BURLING LLP |
| 6 | | | |
| 7 | | | /s/ Michael K. Plimack (with permission) |
| | | | Michael K. Plimack |
| 8 | | | Attorneys for Defendants Hewlett-Packard Company |
| 9 | Dated: | December 2, 2010 | FENWICK and WEST LLP |
| 10 | | | /s/ David M. Lacy Kusters (with permission) |
| 11 | | | David M. Lacy Kusters |
| | | | Attorneys for Defendants |
| 12 | | | Superclick Networks, Inc. and Superclick, Inc. |
| 13 | Dated: | December 2, 2010 | WEIL GOTSHAL & MANGES LLP |
| 14 | | | |
| 15 | | | /s/ Paul E. Torchia (with permission) |
| | | | Paul E. Torchia |
| 16 | | | Attorneys for Defendant Aruba Networks, Inc. |
| 17 | | | |
| 18 | Dated: | December 2, 2010 | LEONARD STREET & DEINARD |
| 19 | | | /s/ Erik M. Drange (with permission) |
| 20 | | | Erik M. Drange |
| | | | Attorneys for Defendants LodgeNet Interactive |
| 21 | | | Corporation; LodgeNet stayOnline, Inc.; and On Command Corporation |
| 22 | | | |
| 23 | Dated: | December 2, 2010 | SIDLEY AUSTIN LLP |
| 24 | | | /s/ Benedict F. Frey (with permission) |
| 25 | | | Benedict F. Frey |
| | | | Attorneys for Defendant |
| 26 | | | Wayport, Inc. |
| 27 | | | |
| 28 | | | |

1     Dated:     December 2, 2010          WOODCOCK & WASHBURN

2                                          /s/ Henrik D. Parker (with permission)
3                                          Henrik D. Parker
                                           Attorneys for Defendants
4                                          Guest-Tek Interactive Entertainment Ltd. and
                                           Guest-Tek Interactive Entertainment, Inc.
5

6     Dated:     December 2, 2010          REED SMITH LLP

7                                          /s/ David T. Pollock (with permission)
8                                          David T. Pollock
                                           Attorneys for Defendant
9                                          Solutioninc Technologies LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:261045964.4                       - 10 -

# EXHIBIT A

| Asserted Claim | HP | Wayport | iBahn | Guest-tek | Lodgenet | StayOnline | On Command | Aruba | Superclick | Solution Inc |
|---|---|---|---|---|---|---|---|---|---|---|
| **892 patent** | | | | | | | | | | |
| 1 | X | X | X | X | X | | X | | X | X |
| 5 | X | X | X | X | X | | X | | X | X |
| 6 | X | X | X | X | X | | X | | X | X |
| 8 | X | X | X | X | X | | X | | X | X |
| **727 patent** | | | | | | | | | | |
| 11 | | | X | | | | | | | |
| 12 | | | X | | | | | | | |
| 13 | | | X | | | | | | | |
| 17 | | | X | | | | | | | |
| 19 | X | X | X | X | X | | X | | X | X |
| 20 | X | X | X | X | X | | X | | X | X |
| **995 patent** | | | | | | | | | | |
| 1 | X | X | X | X | X | | X | | X | X |
| 6 | X | X | X | X | X | | X | | X | X |
| 7 | X | X | X | X | X | | X | | X | X |
| 8 | X | X | X | X | X | | X | | X | X |
| 9 | X | X | X | X | X | | X | | X | X |
| 10 | X | X | X | X | X | | X | | X | X |
| 11 | X | X | X | X | X | | X | | X | X |
| 12 | X | X | X | X | X | | X | | X | X |
| 13 | X | X | X | X | X | | X | | X | X |
| 14 | X | X | X | X | X | | X | | X | X |
| 15 | X | X | X | X | X | | X | | X | X |
| 16 | X | X | X | X | X | | X | | X | X |
| 17 | X | X | X | X | X | | X | | X | X |
| 18 | X | X | X | X | X | | X | | X | X |
| 19 | X | X | X | X | X | | X | | X | X |
| 20 | X | X | X | X | X | | X | | X | X |
| 21 | X | X | X | X | X | | X | | X | X |
| 22 | X | X | X | X | X | | X | | X | X |
| 23 | X | X | X | X | X | | X | | X | X |
| 24 | X | X | X | X | X | | X | | X | X |
| 29 | X | X | X | X | X | | X | | X | X |
| 30 | X | X | X | X | X | | X | | X | X |
| 32 | X | X | X | X | X | | X | | X | X |
| 33 | X | X | X | X | X | | X | | X | X |
| 34 | X | X | X | X | X | | X | | X | X |
| 35 | X | X | X | X | X | | X | | X | X |
| 36 | X | X | X | X | X | | X | | X | X |
| 37 | X | X | X | X | X | | X | | X | X |
| 40 | X | X | X | X | X | | X | | X | X |
| 41 | X | X | X | X | X | | X | | X | X |
| 42 | X | X | X | X | X | | X | | X | X |
| 43 | X | X | X | X | X | | X | | X | X |
| 44 | X | X | X | X | X | | X | | X | X |
| 45 | X | X | X | X | X | | X | | X | X |
| 46 | X | X | X | X | X | | X | | X | X |
| **894 patent** | | | | | | | | | | |
| 1 | X | X | X | X | X | X | X | X | X | X |
| 2 | | | | | | | X | | X | X |
| 3 | | | | | | | X | | X | X |
| 4 | | | | | | | X | | X | X |
| 5 | X | X | X | X | X | | X | X | X | X |
| 6 | X | X | X | X | X | | X | X | X | X |
| 7 | X | X | X | X | X | X | X | X | X | X |
| 8 | X | X | X | X | X | | X | X | X | X |
| 9 | X | X | X | X | X | | X | X | X | X |
| 10 | X | X | X | X | X | | X | X | X | |
| 11 | X | X | X | X | X | | X | X | X | |
| **554 patent** | | | | | | | | | | |
| 10 | X | X | | | | | | | X | X |
| 11 | | | | | | | | | X | |

| Asserted Claim | HP | Wayport | iBahn | Guest-tek | Lodgenet | StayOnline | On Command | Aruba | Superclick | Solution Inc |
|---|---|---|---|---|---|---|---|---|---|---|
| 14 | X | X | | | | | | | X | |
| 16 | X | X | | | | | | | X | |
| 17 | X | X | | | | | | | X | |
| 21 | X | X | | | | | | | X | |
| 23 | X | X | | | | | | | X | |
| **399 patent** | | | | | | | | | | |
| 1 | X | | | | | | | | X | |
| 3 | X | | | | | | | | | |
| 4 | X | | | | | | | | | |
| 6 | X | | | | | | | | | |
| 8 | X | | | | | | | | | |
| 13 | X | X | X | X | X | | X | | X | |
| 15 | | | | | | | X | | X | [ ] |
| 16 | X | X | X | X | X | | X | | X | |
| 18 | X | X | X | X | X | | X | | X | |
| 20 | X | X | X | X | X | | X | | X | |
| 21 | X | X | X | X | X | | X | | X | |
| **716 patent** | | | | | | | | | | |
| 1 | | X | X | X | X | | X | X | X | |
| 4 | | X | X | X | X | | X | X | X | |
| 5 | | X | X | | X | | X | X | X | |
| 6 | | X | X | X | X | | X | X | X | |
| 8 | | X | X | | X | | X | X | X | |
| 9 | | X | X | | X | | X | X | X | |
| 10 | | X | X | | X | | X | X | X | |
| 11 | | X | X | X | X | | X | X | X | |
| 13 | | X | X | X | X | | X | X | X | |
| 19 | | X | X | X | X | | X | X | X | |
| 23 | | X | X | X | X | | X | X | X | |
| 25 | | X | X | X | X | | | | X | |
| 37 | | X | X | X | X | | X | X | X | |
| 41 | | X | X | X | X | | X | X | X | |
| 47 | | X | X | X | X | | X | X | X | |
| 48 | | X | X | X | X | | | | X | |
| 52 | | X | X | X | X | | | | X | |
| 55 | | X | X | X | X | | X | X | X | |
| 56 | | X | X | X | X | | X | X | X | |
| 57 | | X | X | X | X | | X | X | X | |
| 59 | | X | X | | X | | X | X | X | |
| 61 | | X | X | X | X | | X | X | X | |
| **110 patent** | | | | | | | | | | |
| 1 | | | | X | | | | | | |
| 17 | | | | X | | | | | | |
| 18 | | | | X | | | | | | |
| 26 | | | | X | | | | | | |
| 27 | | | | X | | | | | | |
| 28 | | | | X | | | | | | |
| 29 | | | | X | | | | | | |
| 32 | | | | X | | | | | | |
| **009 patent** | | | | | | | | | | |
| 1 | | | | | | | | | | X |
| 2 | | | | | | | | | | X |
| 6 | | | | | | | | | | X |
| 8 | | | | | | | | | | X |
| 23 | | | | | | | | | | X |
| 24 | | | | | | | | | | X |
| 28 | | | | | | | | | | X |
| 30 | | | | | | | | | | X |