John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NOMADIX, INC.,

Plaintiff,

v.

HEWLETT-PACKARD COMPANY et al.,

Defendants.

AND RELATED COUNTERCLAIMS

Civil Action No.

CV09-08441 DDP (VBKx)

**DECLARATION OF DOUGLAS G. MUEHLHAUSER IN SUPPORT OF NOMADIX, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL SETTLEMENT DISCOVERY**

DISCOVERY MATTER

Honorable Victor B. Kenton

I, Douglas G. Muehlhauser, hereby declare as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson & Bear, LLP and am counsel of record for Plaintiff Nomadix, Inc ("Nomadix"). I have personal knowledge of the matters set forth herein. If called upon to testify, I could and would testify competently hereto.

2. As a general practice, during the settlement negotiations between Nomadix and LodgeNet and between Nomadix and Guest-Tek, the parties routinely included in their communications a confidentiality designation stating that the settlement communications were "CONFIDENTIAL" and/or "FOR SETTLEMENT PURPOSES," and they often referenced Fed. R. of Evid. 408.

3. During settlement negotiations between Nomadix and LodgeNet, Nomadix and LodgeNet exchanged a great deal of highly sensitive information about their respective businesses, such as future business plans and the future directions of the settling parties, including market directions, R&D and product directions, as well as current customers and pricing strategies.

4. Similarly, during settlement negotiations between Nomadix and Guest-Tek, Nomadix and Guest-Tek also exchanged a great deal of highly sensitive information about their respective businesses, such as future business plans and the future directions of the settling parties, including market directions, R&D and product directions, as well as current customers and pricing strategies.

5. The settlement negotiations between Nomadix and LodgeNet and between Nomadix and Guest-Tek each involved the highest levels of management.

6. LodgeNet has indicated to Nomadix that it strongly objects to the production of settlement materials, including any settlement agreement or any negotiations involved in its agreement with Nomadix and that it intends to file an appropriate motion to be heard on this matter.

7. Attached hereto as **Exhibit 6** is a true and correct copy of an order entered by the United States District Court for the Eastern District of Texas on April 13, 2006 in the matter *Tessera, Inc. v. Micron Tech., Inc.*, No. 2:05-cv-094 (E.D. Tex.).

8. Attached hereto as **Exhibit 7** is a true and correct copy of an order entered by the United States District Court for the Eastern District of Texas on February 7, 2005 in the matter *Soverain Software LLC v. Amazon.com, Inc.*, No 6:04-cv-014 (E.D. Tex.).

9. Attached hereto as **Exhibit 8** is a true and correct copy of an order entered by the United States District Court for the Eastern District of Texas on June 3, 2004 in the matter *Intergraph Hardware Techs. Co. v. Dell Computer Corp.*, No. 2:02-cv-312 (E.D. Tex.).

10. Attached hereto as **Exhibit 9** is a true and correct copy of an excerpt from the transcript of the October 4, 2010 hearing in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th of March, 2011, in Irvine, California.

Douglas G. Muehlhauser

10874601

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TESSERA, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 2:05cv94** |
| **vs.** | § | |
| | § | |
| **MICRON TECHNOLOGY, INC. et al.,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Before the Court is Defendants' motion to compel documents and information Plaintiff, Tessera, Inc. ("Tessera"), claims are protected by the settlement privilege (Doc. 191). After considering the parties' briefing and oral argument,[1] Defendants' motion is GRANTED in part and DENIED in part.

Defendants seek two categories of information, which Plaintiff claims are privileged: (1) documents associated with negotiations leading up to settlements reached in three of Tessera's previous lawsuits: *Samsung Electronics Co. Ltd. v. Tessera Technologies Inc.*, Case No. C 02-05837 CW (N.D. Cal.) ("*Samsung*"), *In the Matter of Certain Semiconductor Chips With Minimized Chip Package Size and Products Containing Same*, Investigation No. 337-TA-432 ("*Sharp*"), *Texas Instruments, Inc. v. Tessera Techs., Inc.*, Civ. No. C 00-2114 CW (N.D. Cal) ("*TI*"), and (2) documents associated with licensing negotiations that did not result in a licensing agreement.

Tessera argues that these documents are protected under a settlement privilege outlined in

[1] On March 21, 2006, the Court held a hearing to consider this motion along with several other discovery motions.

EXHIBIT 6
Page 3

*Goodyear Tire & Rubber Co. v. Chiles Power Supply Inc.*, 332 F.3d 976 (6th Cir. 2003) ("*Goodyear*"), and recognized by two District Courts in the Eastern District of Texas. *See Soverain Software LLC v. Amazon.com*, No. 6:04-CV-14 (E.D. Tex. Mar. 16, 2005) ("*Soverain*"); *Intergraph Hardware Technologies Co v. Dell Computer Corp., et al.*, No. 2:02-CV-312 (E.D. Tex. June 3, 2004) ("*Intergraph*"). Defendants counter that the Fifth Circuit has not adopted the settlement privilege set out in *Goodyear* nor would that settlement privilege would apply in this case, and even if it would, Tessera's anti-trust claims place these settlement negotiations at issue, effectively waiving the privilege. The Court will address the parties' arguments regarding both categories of documents, beginning with the second category.

In the course of defending its patents, Tessera regularly negotiates for licensing agreements with third parties Tessera believes are using its technology without permission. Regarding negotiations that resulted in licensing agreements, Tessera has produced the licensing agreements and the documents related to the underlying negotiations. However, Tessera refuses to produce the documents related to negotiations that did not result in licensing agreements. Tessera argues that *Goodyear*, *Intergraph*, and *Soverain* support its position that these negotiations should be protected, but all of those cases involved litigation-related settlement negotiations. By contrast, Tessera seeks to protect licensing negotiations unrelated to any litigation. While public policy favors the settlement of *lawsuits*, that public policy rationale cannot be fairly interpreted to include non-litigation related licensing negotiations. Thus, Tessera's licensing negotiations that did not result in a licensing agreement are discoverable.

Further, even if the settlement privilege could be extended to include licensing negotiations, Tessera waived its right to assert this privilege. By alleging that an anti-competitive conspiracy

injured its licensing ability, Tessera placed its licensing negotiations in controversy and relinquished any right it had to assert the settlement privilege over those negotiations. Accordingly, Defendants' motion to compel is GRANTED as to documents associated with licensing negotiations that did not result in a licensing agreement.

Tessera also claims privilege over its settlement negotiations in the *Samsung*, *Sharp*, and *TI* cases. Unlike the licensing negotiations discussed above, these settlement negotiations occurred in connection with litigation, which more directly implicates the public policy justifications in *Soverain* and *Goodyear*. As discussed in those cases, parties engaged in confidential settlement negotiations are more likely to make the type of important concessions and realistic compromises that lead to settlement, therefore, preserving the confidentiality of settlement negotiations associated with litigation furthers the public policy favoring settlement. *Soverain*, No. 6:04-CV-14 (E.D. Tex. Mar. 16, 2005); *see also Goodyear*, 332 F.3d 976. Accordingly, Defendants' motion to compel is DENIED as to documents associated with settlement negotiations in the *Samsung*, *TI*, and *Sharp* cases.

**So ORDERED and SIGNED this 13th day of April, 2006.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT 6
Page 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SOVERAIN SOFTWARE LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **6:04-CV-14** |
| **v.** | § | |
| | § | |
| **AMAZON.COM, INC.** | § | |
| | § | |
| **Defendant** | | |

**ORDER**

Having considered the parties' written submissions and oral arguments, the Court memorializes its oral ruling and **GRANTS** Soverain Software LLC's Motion for a Protective Order (Docket No. 171).

**BACKGROUND**

Soverain brought this patent infringement suit against Amazon.com and the Gap. Through mediation the Gap and Soverain settled their dispute, but the claims and counterclaims between Soverain and Amazon still remain. By a subpoena issued by another district court, Amazon now seeks four categories of documents from the Gap's attorneys: (1) the settlement term sheet from the mediation, (2) the final settlement agreement, (3) documents exchanged between Soverain and the Gap, such as demand letters and counteroffers, and (4) any prior art that the Gap cited to Soverain during settlement negotiations. Pursuant to their settlement's confidentiality agreement, the Gap notified Soverain of the subpoena, and Soverain sought protection from this Court to prevent Amazon from obtaining these documents from the Gap.

EXHIBIT 7
Page 6

**ANALYSIS**

This discovery dispute pits two of the Court's practices against each other. The Court is an ardent proponent of mediation and requires all parties to attempt to resolve their differences through mediation. The Court also enforces a broad policy that all relevant information is discoverable, with a few exceptions. In the current dispute, Soverain champions the former, while Amazon advocates the latter.

If mediation and settlement negotiations are not kept confidential from other parties to the litigation, parties will be less forthright in their negotiations and less likely to resolve their differences without the need for a trial. In order for mediation to be effective, parties must be able to approach mediation secure in its confidentiality. A party should not fear that those things it discloses in mediation will later be used as a sword against it. Parties should not be penalized for attempting to use mediation to reach a settlement.

In this situation, the Court's policy favoring mediation slightly outweighs its policy favoring broad discovery. A party cannot, however, use mediation as a shield to hide what would otherwise be discoverable information. Thus, if Soverain learned of any previously unknown prior art from the Gap during mediation, Soverain is obligated to disclose that to Amazon. Soverain has assured the Court and Amazon that it has disclosed all known prior art.

The Court's discovery order does require the parties to disclose all settlement agreements related to the litigation. The final settlement agreement, if anything, may be discoverable especially if it contains a licensing agreement. The parties have agreed to discuss disclosing the final settlement agreement, and it is currently not necessary for the Court to rule on whether or not it is discoverable.

**CONCLUSION**

The Court **GRANTS** Soverain's motion in all respects without prejudice to Amazon filing a motion to compel, as it originally should have done in seeking this information.

**So ORDERED and SIGNED this 15th day of March, 2005.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT 7**
**Page 8**

FILED-CLERK
U.S. DISTRICT COURT
04 JUN -3 AM 9:52
TX EASTERN-MARSHALL
BY________

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| INTERGRAPH HARDWARE TECHNOLOGIES COMPANY | § | |
| VS. | § | CIVIL ACTION NO. 2:02-CV-312 |
| DELL COMPUTER CORPORATION ET AL. | § | |

**ORDER**

HP's motion to compel disclosure of information relating to the March 29, 2004 agreement between Intel and Intergraph (#258) is denied. The settlement negotiations sought to be discovered are privileged as a matter of federal common law, as set forth by the court in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 967 (6th Cir. 2003). In addition, HP has failed to show that the settlement negotiations and statements made during the course of those negotiations would be particularly relevant to any of the claims or defenses in this case. The agreement itself is certainly relevant to certain claims and/or defenses, but the plaintiff has already produced the agreement. Apart from the terms of the actual agreement, the court is not persuaded that the details of the negotiations should be the subject of discovery in this case.

So **ORDERED** and **SIGNED** this 2nd day of June, 2004.

T. John Ward

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**EXHIBIT 8**
**Page 9**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

**- - -**

**HONORABLE DEAN D. PREGERSON, DISTRICT JUDGE PRESIDING**

| | |
|---|---|
| **NOMADIX, INC.,** | ) |
| **Plaintiffs,** | ) |
| **vs.** | ) **No. CV 09-08441-DDP** |
| **HEWLETT-PACKARD COMPANY, ET AL,** | ) |
| **Defendants.** | ) |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

***HEARING RE: REDUCTION IN TERMS***

**LOS ANGELES, CALIFORNIA**

**MONDAY, OCTOBER 4, 2010**

---

**MARIA R. BUSTILLOS**
**OFFICIAL COURT REPORTER**
**C.S.R. 12254**
**UNITED STATES COURTHOUSE**
**312 NORTH SPRING STREET**
**ROOM 404**
**LOS ANGELES, CALIFORNIA 90012**
**(213) 894-2739**

to determine which case -- or which claim terms are important.

THE COURT: I see. So at the very least, you believe everything should be consolidated in terms of -- at least to this point for discovery and claim construction.

MR. POLLOCK: Yes, Your Honor. We have no objection in consolidating the cases so long as Solution, Inc. case proceeds in an orderly fashion and is not accelerated to the schedule in the HP case.

THE COURT: I see.

And what does the defense -- anyone from the defense feel about the consolidation issue?

MR. ABRAMS: Your Honor, Hugh Abrams on behalf of Wayport. Just so you know, there are -- the eight defendants,I mean, are fierce competitors. We all make different products and different technologies, but we're all working -- in this process, we thought it was appropriate and believe it's appropriate for the Markman process and perhaps even for discovery to consolidate. We've made an effort to come down to a number of terms and hope to file one brief on behalf of the defendants. So we're certainly in favor of moving forward on a consolidated basis; but down the road, as far as joint trials and that, that may be another whole issue.

THE COURT: Sure. That's another issue.

# C E R T I F I C A T E

NOMADIX, INC. :

vs. : No. CV 09-08441-DDP

HEWLETT-PACKARD COMPANY :

I, MARIA BUSTILLOS, OFFICIAL COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

/S/ 10/29/2010

MARIA R. BUSTILLOS DATE
OFFICIAL REPORTER