1 | John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
2 | Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
3 | Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
4 | Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
5 | Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
6 | KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
7 | Fourteenth Floor
Irvine, CA 92614
8 | Phone: (949) 760-0404
Facsimile: (949) 760-9502
9 |
Attorneys for Plaintiff
10 | NOMADIX, INC.

4:22 PM

FILED
CLERK, U.S. DISTRICT COURT

MAY 31 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY et al.,<br><br>Defendants.<br><br>IBAHN GENERAL HOLDINGS CORPORATION,<br><br>Intervenor. | Civil Action No. CV09-08441 DDP (VBKx)<br><br>**NOMADIX, INC.'S ANSWER TO iBAHN GENERAL HOLDINGS CORPORATION'S COMPLAINT IN INTERVENTION AND COUNTERCLAIMS**<br><br>Honorable Dean D. Pregerson |
| NOMADIX, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>IBAHN GENERAL HOLDINGS CORPORATION,<br><br>Counterdefendant. | |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Plaintiff-Intervenor-Defendant Nomadix, Inc. ("Nomadix") hereby answers iBAHN General Holdings Corporation's ("General Holdings") Complaint in Intervention (the "Intervention Complaint").  The numbered paragraphs of this answer correspond to the numbered paragraphs of the Intervention Complaint.

## **PARTIES**

1.      Upon information and belief, Nomadix admits that the allegations in paragraph 1 of the Intervention Complaint.

2.      In response to paragraph 2 of the Intervention Complaint, Nomadix admits that General Holdings has admitted to making and selling products that form the basis of certain of Nomadix's assertions of infringement of U.S. Patent Nos. 6,130,892, 7,088,727, 7,554,995, 6,636,894, 6,868,399 and 7,689,716. Nomadix further admits that General Holdings purports to own all substantial rights in U.S. Patent Nos. 6,934,754, 6,996,073 and 7,580,376.  Except for these specific admissions, Nomadix denies General Holdings' allegations in paragraph 2 of the Intervention Complaint.

3.      In response to paragraph 3 of the Intervention Complaint, Nomadix admits that General Holdings has intervened in this matter.  Nomadix further admits that General Holdings has admitted to making and selling products that form the basis of certain of Nomadix's assertions of infringement of U.S. Patent Nos. 6,130,892, 7,088,727, 7,554,995, 6,636,894, 6,868,399 and 7,689,716. Nomadix further admits that General Holdings has sought declaratory judgment that it does not infringe U.S. Patent Nos. 6,130,892, 7,088,727, 7,554,995, 6,636,894, 6,868,399 and 7,689,716.   Except for these specific admissions, Nomadix denies General Holdings' allegations in paragraph 3 of the Intervention Complaint.

4.      Nomadix admits the allegations in paragraph 4 of the Intervention Complaint.

## JURISDICTION AND VENUE

5.    In response to paragraph 5 of the Intervention Complaint, Nomadix admits that the Intervention Complaint states causes of action purported to arise under 35 U.S.C. §§ 271 and 281, and 28 U.S.C. §§ 2201 and 2202.  Nomadix admits that, to the extent that General Holdings has standing to bring its claims, the Court has jurisdiction over the subject matter of General Holdings' claims under 28 U.S.C. §§ 1331 and 1338(a).  Nomadix further admits that, to the extent that General Holdings has standing to bring its claims, the Court has jurisdiction over the subject matter of General Holdings' claims for declaratory judgment under 28 U.S.C. § 1367(a).  Except for these specific admissions, Nomadix denies General Holdings' allegations in paragraph 5 of the Intervention Complaint.

6.    In response to paragraph 6 of the Intervention Complaint, Nomadix admits that the Court may exercise personal jurisdiction over Nomadix with respect to General Holdings' claims.  Nomadix further admits that it conducts business within this judicial district and within other United States districts. Except for these specific admissions, Nomadix denies General Holdings' allegations in paragraph 6 of the Intervention Complaint.

7.    In response to paragraph 7 of the Intervention Complaint, Nomadix admits that, as to the Intervention Complaint, venue is proper in this judicial district.   Except for these specific admissions, Nomadix denies General Holdings' allegations in paragraph 7 of the Intervention Complaint.

## COUNT ONE

## PATENT INFRINGEMENT OF US PAT. NO. 6,934,754

8.    In response to paragraph 8 of the Intervention Complaint, Nomadix admits that U.S. Patent No. 6,934,754 ("the '754 patent") is titled "Methods and apparatus for processing network data transmissions," that the patent identifies iBAHN General Holdings, Inc. as the assignee, and that Exhibit 1 purports to be

a copy of the '754 patent.  Nomadix denies the remaining allegations of paragraph 8 of the Intervention Complaint.

9.    In response to paragraph 9 of the Intervention Complaint, Nomadix admits that it has sold within the Central District of California gateway devices sold under the name AG 3100, AG 5000 and AG 5500 MetroBundle.  Nomadix denies the remaining allegations of paragraph 9 of the Intervention Complaint.

10.    Nomadix denies the allegations in paragraph 10.

11.    Nomadix denies the allegations in paragraph 11.

12.    Nomadix denies the allegations in paragraph 12.

13.    Nomadix admits that on March 29, 2010, iBAHN Corporation's counsel e-mailed to Nomadix's counsel a document titled "iBAHN Corporation's First Amended Answer to Plaintiff's Complaint and Counterclaims" and that the e-mailed document identified the '754 patent. Nomadix denies the remaining allegations in paragraph 13 of the Intervention Complaint.

14.    Nomadix denies the allegations in paragraph 14.

15.    Nomadix denies the allegations in paragraph 15.

16.    Nomadix denies the allegations in paragraph 16.

## COUNT TWO

## PATENT INFRINGEMENT OF US PAT. NO. 6,996,073

17.    In response to paragraph 17 of the Intervention Complaint, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 16 of the Intervention Complaint with the same force and effect as if fully set forth here.

18.    In response to paragraph 18 of the Intervention Complaint, Nomadix admits that U.S. Patent No. 6,996,073 ("the '073 patent") is titled "Methods and apparatus for providing high speed connectivity to a hotel environment," that the patent identifies iBAHN General Holdings Corporation

-3-

as the assignee, and that Exhibit 2 purports to be a copy of the '073 patent. Nomadix denies the remaining allegations of paragraph 18 of the Intervention Complaint.

19.     Nomadix denies the allegations of paragraph 19.

20.     Nomadix denies the allegations of paragraph 20.

21.     Nomadix denies the allegations of paragraph 21.

22.     Nomadix admits that on May 19, 2010, iBAHN Corporation's counsel e-mailed to Nomadix's counsel a document titled "iBAHN Corporation's First Amended Counterclaims" and that the e-mailed document identified the '073 patent.   Nomadix denies the remaining allegations in paragraph 22 of the Intervention Complaint.

23.     Nomadix denies the allegations of paragraph 23.

24.     Nomadix denies the allegations of paragraph 24.

25.     Nomadix denies the allegations of paragraph 25.

### COUNT THREE

### PATENT INFRINGEMENT OF US PAT. NO. 7,580,376

26.     In response to paragraph 26 of the Intervention Complaint, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 25 of the Intervention Complaint with the same force and effect as if fully set forth here.

27.     In response to paragraph 27 of the Intervention Complaint, Nomadix admits that U.S. Patent No. 7,580,376 ("the '376 patent") is titled "Methods and apparatus for providing high speed connectivity to a hotel environment," that the patent identifies iBAHN General Holdings Corporation as the assignee, and that Exhibit 3 purports to be a copy of the '376 patent. Nomadix denies the remaining allegations of paragraph 27 of the Intervention Complaint.

28.     Nomadix denies the allegations of paragraph 28.

29.     Nomadix denies the allegations of paragraph 29.

30.     Nomadix denies the allegations of paragraph 30.

31.     Nomadix admits that on May 19, 2010, iBAHN Corporation's counsel e-mailed to Nomadix's counsel a document titled "iBAHN Corporation's First Amended Counterclaims" and that the e-mailed document identified the '376 patent.   Nomadix denies the remaining allegations in paragraph 31 of the Intervention Complaint.

32.     Nomadix denies the allegations of paragraph 32.

33.     Nomadix denies the allegations of paragraph 33.

34.     Nomadix denies the allegations of paragraph 34.

## COUNT FOUR

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

35.     In response to paragraph 35 of the Intervention Complaint, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 34 of the Intervention Complaint with the same force and effect as if fully set forth here.

36.     Nomadix admits that U.S. Patent No. 6,130,892 ("the '892 patent") is titled "Nomadic Translator or Router," that the '892 patent was issued by the U.S. Patent and Trademark Office, and that Exhibit 4 to the Intervention Complaint purports to be a copy of the '892 patent.

37.     Nomadix admits that U.S. Patent No. 7,088,727 ("the '727 patent") is titled "System and Method for Establishing Network Connection with Unknown Network and/or User Device," that the '727 patent was issued by the U.S. Patent and Trademark Office, and that Exhibit 5 to the Intervention Complaint purports to be a copy of the '727 patent.

38.     Nomadix admits that U.S. Patent No. 7,554,995 ("the '995 patent") is titled "System and Method for Establishing Network Connection with Unknown Network and/or User Device," that the '995 patent was issued by the

U.S. Patent and Trademark Office, and that Exhibit 6 to the Intervention Complaint purports to be a copy of the '995 patent.

39.     Nomadix admits that U.S. Patent No. 6,636,894 ("the '894 patent") is titled "Systems and Methods for Redirecting Users Having Transparent Computer Access to a Network Using a Gateway Device Having Redirection Capability," that the '894 patent was issued by the U.S. Patent and Trademark Office, and that Exhibit 7 to the Intervention Complaint purports to be a copy of the '894 patent.

40.     Nomadix admits that U.S. Patent No. 6,868,399 ("the '399 patent") is titled "Systems and Methods for Integrating a Network Gateway Device with Management Systems," that the '399 patent was issued by the U.S. Patent and Trademark Office, and that Exhibit 8 to the Intervention Complaint purports to be a copy of the '399 patent.

41.     Nomadix admits that U.S. Patent No. 7,689,716 ("the '716 patent") is titled "Systems and Methods for Providing Dynamic Network Authorization, Authentication and Accounting," that the '716 patent was issued by the U.S. Patent and Trademark Office, and that Exhibit 9 to the Intervention Complaint purports to be a copy of the '716 patent.

42.     Nomadix admits that it filed a complaint in this Court against iBAHN Corporation alleging that iBAHN Corporation infringes the '892, '727, '995, '894, '399, and '716 patents.   Nomadix further admits there is a substantial and immediate controversy between the parties as to whether General Holdings' conduct has infringed and continues to infringe the '892, '727, '995, '894, '399, and '716 patents.   Nomadix denies the remaining allegations of paragraph 40 of the Intervention Complaint.

43.     Nomadix admits that General Holdings has requested a declaration from the Court that it has not infringed any valid claim of the '892, '727, '995, '894, '399, or '716 patents, but denies that General Holdings is entitled to such

a declaration or any other relief.  Nomadix denies the remaining allegations of paragraph 41 of the Intervention Complaint.

### COUNT FIVE

### DECLARATORY JUDGMENT OF INVALIDITY

44.    In response to paragraph 44 of the Intervention Complaint, Nomadix incorporates by reference its responses to the allegations in paragraphs 1 through 43 of the Intervention Complaint with the same force and effect as if fully set forth here.

45.    Nomadix admits that it filed a complaint in this Court against iBAHN Corporation alleging that iBAHN Corporation infringes the '892, '727, '995, '894, '399, and '716 patents.  Nomadix denies the remaining allegations of paragraph 45 of the Intervention Complaint.

46.    The allegations of paragraph 46 of the Intervention Complaint are ambiguous based on the use of the term "iBAHN."  On that basis, Nomadix denies the allegations of paragraph 46 of the Intervention Complaint.

### EXCEPTIONAL CASE

47.    Nomadix denies the allegations in paragraph 47 of the Intervention Complaint.

### DEFENSES

Without assuming any burden that it would not otherwise bear, Nomadix asserts the following defenses.

### FIRST DEFENSE: NONINFRINGEMENT

48.    Nomadix has not infringed, induced others to infringe or contributed to the infringement of any claim of the '754, '073 or '376 patents.

### SECOND DEFENSE: INVALIDITY

49.    One or more claims of each of the '754, '073 and '376 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

/ / /

**THIRD DEFENSE: LACHES**

50.    General Holdings' patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by laches.

**FOURTH DEFENSE: ESTOPPEL**

51.    General Holdings' patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by estoppel.

**FIFTH DEFENSE: WAIVER**

52.    General Holdings' patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by waiver.

**SIXTH DEFENSE: UNCLEAN HANDS**

53.    General Holdings' patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, by unclean hands.

**SEVENTH DEFNESE:**

**ASSERTION OF PATENT WITH INVALID CLAIM**

54.    General Holdings' patent infringement claims as set forth in its Amended Counterclaims are barred, in whole or in part, under 35 U.S.C. § 288.

**COUNTERCLAIMS**

Pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure, Plaintiff-Intervenor-Defendant-Counter-Plaintiff Nomadix, Inc. ("Nomadix") complains of Intervenor iBAHN General Holdings Corporation ("General Holdings") and alleges as follows:

**JURISDICTION AND VENUE**

1.    This pleading states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and, more particularly, 35 U.S.C. §§ 271 and 281.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 1367(a).

/ / /

2.      General Holdings has submitted to the Court's jurisdiction by its filing of the Intervention Complaint in this action.

3.      Venue is proper in this judicial district because General Holdings initiated this action in this district.

## PARTIES

4.      Nomadix is a Delaware corporation having its principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills, California 91301

5.      According to its Intervention Complaint, General Holdings is an entity organized under the laws of the state of Delaware with its principal place of business at 2755 East Cottonwood Parkway, Suite 400 Salt Lake City, Utah 84121.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF NONINFRINGEMENT

6.      Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 of these Counterclaims.

7.      General Holdings alleges in its Intervention Complaint that it is the assignee of all rights, title, and interest in and to each of the '754, '073 and '376 patents and that it possesses all rights of recovery under each of the '754, '073 and '376 patents, including the right to sue for infringement and recover past damages.

8.      General Holdings has asserted in its Intervention Complaint claims of patent infringement against Nomadix based on each of the '754, '073 and '376 patents, and Nomadix has denied any such infringement.   Thus, an immediate, real and justiciable controversy now exists between Nomadix and General Holdings with respect to each of the '754, '073 and '376 patents.

9.      Nomadix has not engaged in any conduct constituting infringement of any of the '754, '073 and '376 patents under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or

indirect infringement of any kind.

10.    Nomadix requests and is entitled to declaratory judgment that it does not infringe one or more claims of each of the '754, '073 and '376 patents.

## SECOND CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF INVALIDITY

11.    Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 10 of these Counterclaims.

12.    General Holdings has asserted in its Intervention Complaint claims of patent infringement against Nomadix based on each of the '754, '073 and '376 patents, and Nomadix has asserted a defense of invalidity with respect to each of the '754, '073 and '376 patents.   Thus, an immediate, real and justiciable controversy now exists between Nomadix and General Holdings with respect to the invalidity of each of the '754, '073 and '376 patents.

13.    One or more claims of each of the '754, '073 and '376 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 or 282.

14.    Nomadix requests and is entitled to declaratory judgment that one or more claims of each of the '754, '073 and '376 patents are invalid.

## THIRD CLAIM FOR RELIEF:
## CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 6,130,892

15.    Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 of these Counterclaims.

16.    On October 10, 2000, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,130,892 ("the '892 patent"), titled "Nomadic Translator or Router."   Nomadix owns the '892 patent by assignment.   A copy of the '892 patent is attached hereto as Exhibit 1. Reexamination of the '892 patent was requested on or around February 15, 2005, and the ensuing reexamination resulted in confirmation of the patentability, without amendment, of claims 1–8 of the '892 patent.   A copy of

the *Ex Parte* Reexamination Certificate for the '892 patent is attached hereto as Exhibit 2.

17.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

18.     Without authority, General Holdings, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '892 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  General Holdings has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '892 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) (c) and/or (f). In its Intervention Complaint, General Holdings has admitted to making and selling products that form the basis of certain of Nomadix's assertions of infringement of the '892 patent.  This infringement is currently ongoing.  The products relating to General Holdings' infringement include network gateway devices called Head End Processors and/or other network gateway devices that connect computers and mobile devices to networks.

19.     By no later than May 19, 2009, Nomadix gave General Holdings written notice that it infringes the '892 patent.

20.     Upon information and belief, General Holdings' infringement of at least the '892 patent has been and continues to be deliberate and willful.

21.     Upon information and belief, General Holdings' infringement of the '892 patent will continue unless enjoined by this Court.

22.     Upon information and belief, General Holdings has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '892 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '892 patent by

General Holdings, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

23.     Unless General Holdings is enjoined from infringing the '892 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

24.     Nomadix has marked gateway devices it has manufactured and sold under the '892 patent with the number of that patent in accordance with 35 U.S.C. § 287(a).

**FOURTH CLAIM FOR RELIEF:**

**CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 7,088,727**

25.     Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 24 of these Counterclaims.

26.     On August 8, 2006, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,088,727 ("the '727 patent"), titled "System and Method for Establishing Network Connection with Unknown Network and/or User Device."  Nomadix owns the '727 patent by assignment. A copy of the '727 patent is attached hereto as Exhibit 3.

27.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

28.     Without authority, General Holdings, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '727 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  General Holdings has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '727 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b), (c) and/or (f). This infringement is currently ongoing.   The products relating to General

Holdings' infringement include network gateway devices called Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks.

29.    By no later than May 19, 2009, Nomadix gave General Holdings written notice that it infringes the '727 patent.

30.    Upon information and belief, General Holdings' infringement of at least the '727 patent has been and continues to be deliberate and willful.

31.    Upon information and belief, General Holdings' infringement of the '727 patent will continue unless enjoined by this Court.

32.    Upon information and belief, General Holdings has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '727 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '727 patent by General Holdings, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

33.    Unless General Holdings is enjoined from infringing the '727 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

34.    Nomadix has marked gateway devices it has manufactured and sold under the '727 patent with the number of that patent in accordance with 35 U.S.C. § 287(a).

**FIFTH CLAIM FOR RELIEF:**

**CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 7,554,995**

35.    Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34 of these Counterclaims.

36.    On June 30, 2009, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,554,995 ("the '995 patent"), titled "System and Method for Establishing Network Connection with Unknown

-13-

Network and/or User Device."  Nomadix owns the '995 patent by assignment. A copy of the '995 patent is attached hereto as Exhibit 4.

37.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

38.    Without authority, General Holdings, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '995 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  General Holdings has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '995 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) (c) and/or (f). This infringement is currently ongoing.   The products relating to General Holdings' infringement include network gateway devices called Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks.

39.    By no later than May 19, 2009, Nomadix gave General Holdings written notice that it infringes the published patent application (Patent Application Publication No. 2005/0188092 A1) containing the allowed claims of the '995 patent.

40.    Upon information and belief, General Holdings' infringement of at least the '995 patent has been and continues to be deliberate and willful.

41.    Upon information and belief, General Holdings' infringement of the '995 patent will continue unless enjoined by this Court.

42.    Upon information and belief, General Holdings has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '995 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '995 patent by

General Holdings, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

43.     Unless General Holdings is enjoined from infringing the '995 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

44.     Nomadix has marked gateway devices it has manufactured and sold under the '995 patent with the number of that patent in accordance with 35 U.S.C. § 287(a).

## SIXTH CLAIM FOR RELIEF:

## CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 6,636,894

45.     Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44 of these Counterclaims.

46.     On October 21, 2003, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,636,894 ("the '894 patent"), titled "Systems and Methods for Redirecting Users Having Transparent Computer Access to a Network Using a Gateway Device Having Redirection Capability."  Nomadix owns the '894 patent by assignment.  A copy of the '894 patent is attached hereto as Exhibit 5.  Reexamination of the '894 patent was requested on or around September 24, 2004, and the ensuing reexamination resulted in confirmation of the patentability, without amendment, of Claims 1–11 of the '894 patent.  A copy of the Ex Parte Reexamination Certificate for the '894 patent is attached hereto as Exhibit 6.

47.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

48.     Without authority, General Holdings, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '894 patent, has actively induced others to

-15-

do the same and/or has contributed to others' performance of the same.  General Holdings has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '894 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) (c) and/or (f). This infringement is currently ongoing.  The products relating to General Holdings' infringement include network gateway devices called Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, redirection.

49.    By no later than May 19, 2009, Nomadix gave General Holdings written notice that it infringes the '894 patent.

50.    Upon information and belief, General Holdings' infringement of at least the '894 patent has been and continues to be deliberate and willful.

51.    Upon information and belief, General Holdings' infringement of the '894 patent will continue unless enjoined by this Court.

52.    Upon information and belief, General Holdings has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '894 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '894 patent by General Holdings, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

53.    Unless General Holdings is enjoined from infringing the '894 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

54.    Nomadix has marked gateway devices it has manufactured and sold under the '894 patent with the number of that patent in accordance with 35 U.S.C. § 287(a).

/ / /

## **SEVENTH CLAIM FOR RELIEF:**

## **CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 6,868,399**

55.     Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 54 of these Counterclaims.

56.     On March 15, 2005, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,868,399 ("the '399 patent"), titled "Systems and Methods for Integrating a Network Gateway Device with Management Systems."  Nomadix owns the '399 patent by assignment.  A copy of the '399 patent is attached hereto as Exhibit 7.

57.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

58.     Without authority, General Holdings, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products covered by one or more claims of the '399 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  General Holdings has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '399 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) (c) and/or (f). This infringement is currently ongoing.  The products relating to General Holdings' infringement include network gateway devices called Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks, and that facilitate related functions including, *inter alia*, integrated billing.

59.     By no later than May 19, 2009, Nomadix gave General Holdings written notice that it infringes the '399 patent.

60.     Upon information and belief, General Holdings' infringement of at least the '399 patent has been and continues to be deliberate and willful.

61.    Upon information and belief, General Holdings' infringement of the '399 patent will continue unless enjoined by this Court.

62.    Upon information and belief, General Holdings has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '399 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '399 patent by General Holdings, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

63.    Unless General Holdings is enjoined from infringing the '399 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

64.    Nomadix has marked gateway devices it has manufactured and sold under the '399 patent with the number of that patent in accordance with 35 U.S.C. § 287(a).

## EIGHTH CLAIM FOR RELIEF:

## CLAIM FOR INFRINGEMENT OF U.S. PATENT NO. 7,689,716

65.    Nomadix repeats, realleges and incorporates by reference the allegations set forth in paragraphs 1 through 64 of these Counterclaims.

66.    On March 30, 2010, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,689,716 ("the '716 patent"), titled "Systems and Methods for Providing Dynamic Network Authorization, Authentication and Accounting."   Nomadix owns the '716 patent by assignment.  A copy of the '716 patent is attached hereto as Exhibit 8.

67.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

68.    Without authority, General Holdings, through its agents, employees and servants, has manufactured, used, promoted, offered for sale, and/or sold within the United States, and/or imported into the United States products

covered by one or more claims of the '716 patent, has actively induced others to do the same and/or has contributed to others' performance of the same.  General Holdings has thereby infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '716 patent in violation of 35 U.S.C. § 271, including 35 U.S.C. §§ 271(a), (b) (c) and/or (f). This infringement is currently ongoing.   The products relating to General Holdings' infringement include products called Head-End Processors and/or other network gateway devices that connect computers and mobile devices to networks and that facilitate related functions including, *inter alia*, network-location-based functions.

69.    By no later than May 21, 2010, Nomadix gave General Holdings written notice that it infringes the '716 patent.

70.    Upon information and belief, General Holdings' infringement of at least the '716 patent has been and continues to be deliberate and willful.

71.    Upon information and belief, General Holdings' infringement of the '716 patent will continue unless enjoined by this Court.

72.    Upon information and belief, General Holdings has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement of the '716 patent in an amount that is not presently known to Nomadix.  Due to the infringement of the '716 patent by General Holdings, Nomadix has been damaged and is entitled to monetary relief in an amount to be determined at trial.

73.    Unless General Holdings is enjoined from infringing the '716 patent, Nomadix will continue to suffer irreparable injury for which it has no adequate remedy at law.

74.    Nomadix has marked gateway devices it has manufactured and sold under the '716 patent with the number of that patent in accordance with 35 U.S.C. § 287(a).

## **PRAYER FOR RELIEF**

As to its counterclaims against General Holdings, Nomadix respectfully prays for:

A.    A declaration that Nomadix does not infringe and has not infringed directly, by inducement, or contributorily, any of the '754, '073 and '376 patents, either literally or under the doctrine of equivalents;

B.    A declaration that one or more claims of each of the '754, '073 and '376 patents are invalid;

C.    An order adjudging General Holdings to have infringed each of the '892, '727, '995, '894, '399 and '716 patents;

D.    A permanent injunction enjoining General Holdings, as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with General Holdings from infringing the '892, '727, '995, '894, '399 and '716 patents.

E.    An accounting of all gains, profits, and advantages derived by General Holdings' infringement of the '892, '727, '995, '894, '399 and '716 patents and an award of damages adequate to compensate Nomadix for General Holdings' infringement of the '892, '727, '995, '894, '399 and '716 patents.

F.    An order adjudging General Holdings to have willfully infringed one or more of at least the '892, '727, '995, '894, '399 and '716 patents and declaring this to be an exceptional case;

G.    An order trebling damages and/or for exemplary damages because of General Holdings' intentional and willful conduct;

H.    An award of pre-judgment and post-judgment interest and costs of this action against General Holdings;

I.    An order adjudging that this action is an exceptional case within the provision of 35 U.S.C. § 285 and that Nomadix is entitled to a recovery of its reasonable attorneys' fees incurred in this action;

1   J.   An award to Nomadix of its reasonable attorneys' fees incurred in
2   this action;

3   K.   An order dismissing with prejudice all claims against Nomadix and
4   denying all relief requested by General Holdings; and

5   L.   Such other and further relief in Nomadix's favor as the Court
6   deems just and proper.

7

8

9   Respectfully submitted,

10   KNOBBE, MARTENS, OLSON & BEAR, LLP

11

12

13   Dated: _May 31, 2011_   By: _____

14   John B. Sganga, Jr.
     Douglas G. Muehlhauser
15   Perry D. Oldham
     Mark Lezama
16   Alan G. Laquer

17   Attorneys for Plaintiff
     NOMADIX, INC.

18

19

20

21

22

23

24

25

26

27

28

-21-