John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
doug.muehlhauser@kmob.com
Perry D. Oldham (SBN 216,016)
perry.oldham@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
Alan G. Laquer (SBN 259,257)
alan.laquer@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Civil Action No. CV09-08441 DDP (VBKx) <br><br> **NOMADIX, INC.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NOS. 6,996,073 AND 7,580,376** <br><br> Honorable Dean D. Pregerson |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and L.R. 56-1, plaintiff Nomadix, Inc. submits this Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment of Noninfringement of United States Patent Nos. 6,996,073 ("the '073 patent") and 7,580,376 ("the '376 patent").

## I. BACKGROUND FACTS

1. The only two independent claims of the '073 patent are claims 1 and 10. Both of these claims are method claims that recite the following step: "providing the conference services on the network; and restricting access to the conference services to the selected users using the group identification tag." (Ex. 1 ('073 patent) col.15 ll.63–65, col.16 ll.41–43.)

2. Claims 2–9 of the '073 patent depend from claim 1, and claims 11–15 depend from claim 10. (Ex. 1 ('073 patent) col.16 ll.1–26, 44–63.)

3. Claims 1 and 9 of the '376 patent are method claims that recite "providing the content on the network; and restricting access to the content to the selected users using the group identification tag." (Ex. 2 ('376 patent) col.15 ll.40–42, col.16 ll.20–22.)

4. Claims 2–8 of the '376 patent depend from claim 1, and claims 10–14 depend from claim 9. (Ex. 2 ('376 patent) col.15 l.46 to col.16 l.6, col.16 ll.23–39.)

5. Claim 15 of the '376 patent recites a network with a computing device programmed to "provide the content on the network; and restrict access to the content to the selected users using the group identification tag." (Ex. 2 ('376 patent) col.16 ll.55–57.)

/ / /

/ / /

## II. MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE

1. The Nomadix gateway does not provide any content or conference services to which it restricts access to only a particular group of users. (Olshansky Decl. ¶ 9.)

2. Nomadix's group account feature merely allows multiple users to log in using the same user ID and password. Nomadix gateways do not restrict access to content or conference services such that only users logging in under a particular group account have access to that content or those conference services. A Nomadix gateway does not allow users who log in using the group login ID feature to access any content or conference services that the gateway blocks other users from accessing. (Olshansky Decl. ¶¶ 11, 12, 15.)

3. Similarly, users of the realm based routing feature do not have access to any content or conference services that a Nomadix gateway blocks other users from accessing. Nomadix gateways do not restrict access to content or conference services such that only users specifying a particular realm at login have access to that content or those conference services. (Olshansky Decl. ¶¶ 14–15.)

## III. CONCLUSIONS OF LAW

1. No construction is necessary for any of the claim terms in the "providing" and "restricting" steps in the '073 and '376 patents. The plain meaning of these claim terms governs.

2. There is no genuine dispute of material fact that the operation of Nomadix's accused gateways does not literally satisfy the limitations of both the "providing" and the "restricting" steps required in each of the '073 and '376 patent claims, and thus does not literally infringe any claim of the '073 and '376 patents. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007); *Techsearch, L.L.C. v. Intel Corp.*, 286 F.3d 1360, 1371 (Fed.

1 Cir. 2002).

2     3. Under the all elements rule, the application of the doctrine of equivalents is not allowed such broad play as to effectively eliminate that element in its entirety. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997); *Planet Bingo, LLC v. GameTech International, Inc.*, 472 F.3d 1338, 1345 (Fed. Cir. 2006); *Asyst Technologies, Inc. v. Emtrak, Inc.*, 402 F.3d 1188, 1195 (Fed. Cir. 2005); *Moore U.S.A., Inc. v. Standard Register Co.*, 229 F.3d 1091, 1106 (Fed. Cir. 2000); *K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1367 (Fed. Cir. 1999).

4. There is no genuine dispute of material fact that the operation of Nomadix's accused gateways does not satisfy the limitation of "restricting access . . . to the selected users using the group identification tag" under the doctrine of equivalents. If some users have access to content or conference services, then Nomadix gateways do not block any other users from accessing the same content or conference services, which is the antithesis of restricting access to that content and those conference services to only a specific group. Thus, Nomadix cannot infringe under the doctrine of equivalents. *Warner-Jenkinson*, 520 U.S. at 29; *Planet Bingo*, 472 F.3d at 1345; *Asyst*, 402 F.3d at 1195; *Moore*, 229 F.3d at 1106; *K-2*, 191 F.3d at 1367.

/ / /

/ / /

5. There are no genuine issues of material fact. As a matter of law, Nomadix is entitled to judgment of noninfringement, both literally and under the doctrine of equivalents.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 7, 2011   By: /s/ *Mark Lezama*
John B. Sganga, Jr.
Douglas G. Muehlhauser
Perry D. Oldham
Mark Lezama
Alan G. Laquer

Attorneys for Plaintiff
NOMADIX, INC.

12137768