O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOMADIX, INC., | ) | Case No. CV 09-08441 DDP (VBKx) |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT WAYPORT, INC.'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS** |
| v. | ) | |
| HEWLETT-PACKARD COMPANY, a Delaware corporation; WAYPORT, INC., a Delaware corporation; IBAHN CORPORATION, a Delaware corporation; et al. | ) | [Docket No. 507] |
| Defendants. | ) | |

Presently before the court is Defendant Wayport, Inc.'s Motion for Leave to Amend Answer and Counterclaims to Clarify Laches Defense and Add Related Estoppel Defense ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court denies the Motion and adopts the following Order.

First, the court finds it unnecessary for Wayport to amend its Answer and Counterclaims ("Answer") to clarify its laches defense.[1]

---

[1] "Two elements underlie the defense of laches: (a) the patentee's delay in bringing suit was unreasonable and inexcusable, and (b) the alleged infringer suffered material prejudice
(continued...)

In its Answer, Wayport contends that "Nomadix is barred from recovering pre-filing damages with respect to <u>at least</u> the '892 and '894 patents under the doctrine of laches." (Answer at ¶ 330 (emphasis added); <u>see also</u> <u>id.</u> (alleging that "Nomadix has unreasonably and inexcusably delayed in bringing suit under <u>at least</u> the '892 and '894 patents" (emphasis added)).) By asserting a laches defense as to "at least" two of the patents at issue, Wayport has adequately alleged the defense as to the other patents as well. The court therefore deems that the defense applies to all patents at issue.

 Second, the court concludes that Wayport has not shown good cause to modify the court's scheduling order and amend its Answer to add an equitable estoppel defense.[2] <u>See</u> Fed. R. Civ. Proc. § 16(b) (requiring good cause to modify a scheduling order); <u>Wells Fargo Bank, N.A. v. Am. Nat'l Ins. Co.</u>, No. CV 09-01840, 2010 WL 3632787, at *2 (C.D. Cal. Sept. 13, 2010) ("A party may establish good cause by demonstrating that it was unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment." (internal quotation marks omitted)).

---

[1](...continued) attributable to the delay." <u>A.C. Auckerman Co. v. R.L. Chaides Constr. Co.</u>, 960 F.2d 1020, 1028 (Fed. Cir. 1992).

[2] The elements of equitable estoppel are: 1) the "patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent"; 2) "the alleged infringer relies on that conduct"; and 3) due to this reliance, "the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." <u>Auckerman</u>, 960 F.2d at 1028.

Wayport argues that it has good cause because it recently learned facts, not reasonably foreseen, that support an equitable estoppel defense. In particular, Nomadix allegedly produced "emails demonstrating that Nomadix orchestrated meetings with Waypoint in 2005 in the hopes of entering a business relationship, *without* raising any of the asserted patents." (Mot. at 3.) Similarly, a 2005 Nomadix email allegedly informed Waypoint that an earlier Nomadix letter only requested a "self-assessment" as to patent infringement, and "should not be construed as a plan" to press an infringement claim. (Reply at 5.) Thus, Waypoint now contends that it reasonably relied on Nomadix's misleading conduct, indicating that Nomadix did not intend to enforce its patents.[3]

The court finds, however, that Waypoint could have reasonably foreseen this equitable estoppel defense. Waypoint was, of course, party to any past misleading conduct by Nomadix that induced reliance by Waypoint. As alleged here, Waypoint was the recipient of Nomadix's emails proposing business relations and suggesting that Nomadix did not intend to sue. Waypoint therefore already had these facts in its possession. Waypoint argues that it "lost" possession of these facts, because its employees at the time no longer work for Waypoint. But Waypoint still knew, from Nomadix's 2004 letter and Waypoint's own laches defense, that its case would involve facts

---

[3] Waypoint also points to certain internal Nomadix documents, such as: 1) a 2005 email indicating that a former Nomadix vice president kept a "Waypoint timeline"; and 2) a 2001 email "indicating that Nomadix discussed whether Waypoint infringed Nomadix's patents and analyzed how to test Waypoint's devices for infringement." (Mot. at 2-3.) However, these internal documents are immaterial to equitable estoppel, since they involve no misleading conduct towards Waypoint. They may be relevant to laches, which Waypoint has already sufficiently pled, as discussed.

3

from this time period.  The court therefore finds that Wayport had an affirmative obligation to timely investigate these facts with its own former employees, if it wanted to pursue such a dispositive defense as equitable estoppel.[4]  Wayport apparently failed to do so, and is now too late - on the eve of the December 2, 2011 close of fact discovery, and more than a year after the June 21, 2010 deadline to amend.[5]

For all these reasons, the court DENIES Wayport's Motion to Amend.

IT IS SO ORDERED.

Dated: December 7, 2011

DEAN D. PREGERSON
United States District Judge

---

[4] Wayport also claims that it recently learned of lost evidence, demonstrating prejudice from Nomadix's alleged delay and misleading conduct. (Mot. at 7-10.) However, prejudice is an element of both laches and equitable estoppel. Wayport reasonably pled laches from the start, presumably inferring prejudice from the alleged delay. Wayport therefore cannot fairly claim that a lack of evidence of prejudice precluded it from pleading equitable estoppel at the same time.

[5] Indeed, the court also denied Nomadix's recent Motion to Amend its Complaint to plead willful infringement against Wayport. Notably, both willful infringement and equitable estoppel would have involved assessing Wayport's actions and intent from long ago - i.e. whether Wayport intentionally infringed following, or instead reasonably relied on, early communications from Nomadix. In successfully opposing Nomadix's Motion, Wayport argued persuasively that it was too late in the day for such a significant amendment. (Docket No. 532.) The same can be said here. It would therefore be inequitable to grant Wayport leave to amend immediately after denying Nomadix's similar request.