O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOMADIX, INC., | ) | Case No. CV 09-08441 DDP (VBKx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT** |
| v. | ) | |
| | ) | [Docket No. 681] |
| HEWLETT-PACKARD COMPANY, a Delaware corporation; WAYPORT, INC., a Delaware corporation; IBAHN CORPORATION, a Delaware corporation; GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., a Canadian corporation; GUEST-TEK INTERACTIVE ENTERTAINMENT, INC.; a California corporation; LODGENET INTERACTIVE CORPORATION, a Delaware corporation; LODGENET STAYONLINE, INC., a Delaware corporation; ARUBA NETWORKS, INC.; a Delaware corporation; SUPERCLICK, INC., A Washington corporation; SUPERCLICK NETWORKS, INC., a Canadian corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court is Defendant Hewlett-Packard Company's Motion for Partial Summary Judgment of Noninfringement

("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court grants the Motion and adopts the following Order.

## I. BACKGROUND

Defendant Hewlett-Packard Company ("HP") seeks partial summary judgment that some of its accused devices ("Group 2 devices") do not infringe the patents of Plaintiff Nomadix, Inc. ("Nomadix"). HP argues that it is entitled to summary judgment, because Nomadix's infringement contentions do not adequately set forth how the devices satisfy all of the required claim limitations. Nomadix asks the court to deny the Motion pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"), because HP failed to produce complete source code and a knowledgeable witness for the devices at issue. Nomadix also contends that genuine issues of material fact preclude summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The evidence must be viewed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. Id. at 255.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and

identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, "[o]n an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Regents of Univ. of Cal. v. Dako N. Am., Inc., No. C 05-03955, 2009 WL 1083446, at *5 (N.D. Cal. Apr. 22, 2009) (quoting Celotex, 477 U.S. at 325).

Once the moving party meets this initial burden, "the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial." Regents, 2009 WL 1083446, at *5 (internal quotation marks omitted). It is not enough for the nonmoving party to rest on the "mere allegations or denials of his pleadings." Anderson, 477 U.S. at 259; see also id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . .").

Rule (56)(d) further provides that: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." However, to obtain such relief, the nonmovant must also show that it "diligently pursued its previous discovery opportunities." Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc., No. 10-CV-03428, 2012 WL 33836, at *7 (N.D.

Cal. Jan. 6, 2012) (quoting Bank of Am., NT & SA v. PENGWIN, 175 F.3d 1109, 1118 (9th Cir. 1999)).

## III. DISCUSSION

For the patents at issue, Nomadix "bears the burden of proving infringement by a preponderance of the evidence." Warner-Lambert Co. v. Teva Pharm. USA, Inc., 418 F.3d 1326, 1342 (Fed. Cir. 2005). "Direct infringement requires a party to perform or use each and every step or element of a claimed method or product." BMC Res., Inc. v. Paymentech, L.P., 498 F.3d 1373, 1378 (Fed. Cir. 2007). "An accused device cannot infringe, as a matter of law, if even a single limitation is not satisfied." Digital Biometrics v. Identix, Inc., 149 F.3d 1335, 1349 (Fed. Cir. 1998).

In its Motion, HP has pointed to an absence of evidence in support of the relevant claim limitations. As HP explains, Nomadix's infringement contentions are too conclusory to satisfy its burden as to these limitations. The contentions simply repeat the limitations language, and fail to identify "specifically where each limitation of each asserted claim is found within each Accused Instrumentality." N.D. Cal. Patent Local R. 3-1(c).[1] For instance, one of the claim limitations requires that HP's devices "intercept[], at the gateway device, the browser redirect message and modify[] it with the stored original destination address." (Wickey Decl. in Supp. of Mot., Ex. 1 at 15-16.) In its contentions, Nomadix repeats this language verbatim, adding only: "For example, the gateway device of the tested instrumentality intercepted the browser redirect message described above and

---

[1] The parties adopted a modified version of the Northern District's Patent Local Rules.

4

1  modified it with the stored original destination address.  The IP
2  address 74.125.224.177 corresponded to http://74.125.224.177."
3  (Id.)  Such conclusory allegations are insufficient to create
4  genuine issues of material fact as to the claim limitations, and HP
5  has therefore met its initial summary judgment burden.
6       In response, Nomadix does not raise any legitimate dispute as
7  to the inadequacy of its infringement contentions.  Instead,
8  Nomadix relies on a declaration from an attorney for its counsel of
9  record.  (See Decl. of Paul Main in Supp. of Opp'n to Mot.).  The
10 court finds that the declaration is also insufficient for Nomadix
11 to avoid summary judgment.  As an initial matter, HP argues
12 persuasively that Nomadix had a duty to supplement its contentions
13 with relevant source code, once HP produced the source code on
14 September 7, 2011.  See, e.g., Big Baboon Corp. v. Dell, Inc., 723
15 F. Supp. 2d 1224, 1228 (C.D. Cal. 2010) ("Once source code has been
16 provided to the plaintiffs, . . . courts have required plaintiffs
17 to supplement their infringement charges with pinpoint
18 citations.").  As HP explains, neither Nomadix's contentions nor
19 its declaration provide such citations.  Nomadix responds, however,
20 that its declaration sets forth sufficient Group 2 test results -
21 as well as similarities to the accused Group 1 devices (for which
22 Nomadix has provided source code citations) - for a reasonable
23 trier of fact to infer that the Group 2 devices meet the relevant
24 claim limitations, even without any source code citations.
25      The court need not resolve this dispute.  As HP further
26 explains, Nomadix cannot rely on its declaration to oppose this
27 Motion.  In particular, Nomadix did not disclose to HP the detailed
28 test results and explanations on which the declaration relies,

5

either by attaching them to its infringement contentions or producing them as part of its ongoing discovery obligations. See Fed. R. Civ. P. 26(a) & (e). Because Nomadix "fail[ed] to provide information . . . as required by Rule 26(a) or (e)," Nomadix "is not allowed to use that information to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Id. 37(c)(1). Nomadix does not offer any justification for failing to fully disclose the test results and explanations. Nor is the error harmless, particularly in light of HP's continued insistence that Nomadix update its infringement contentions. With fact discovery now closed, HP reasonably relied on the facts set forth in the contentions and Nomadix's discovery responses, and had no opportunity to investigate the validity of the detailed test results and explanations set forth in the declaration. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir. 2001). Again, in the absence of the declaration - which the court must exclude - Nomadix has failed to raise genuine issues of fact as to the disputed claim limitations for HP's Group 2 devices.

Nomadix also argues, however, that HP failed to produce the complete source code and knowledgeable witness necessary for Nomadix to "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Specifically, Nomadix contends that HP delayed producing the source code from March to October 2011, has yet to produce the complete source code, and refused Nomadix's October 2011 request to depose a knowledgeable witness. HP disputes this characterization of events, arguing that Nomadix's actions - particularly its refusal to update its infringement contentions - caused the delay.

1    The court need not resolve this dispute either.  Even taking
2 Nomadix's version of events as true, the court finds that Nomadix
3 is not entitled to relief under Rule 56(d).  Regardless of any
4 initial delay, HP had provided at least some of the source code and
5 refused to provide a knowledgeable witness, by October 2011.
6 Nomadix therefore had at least two months to address these matters
7 through the usual discovery process.  Specifically, if Nomadix
8 believed essential portions of the source code were missing, or
9 that the witness deposition was necessary, it should have moved to
10 compel this discovery, following a meet and confer with HP.  A
11 party cannot instead wait until the close of fact discovery and for
12 its opponent to move for summary judgment - knowing that critical
13 discovery was not provided - and then request additional time to
14 conduct such discovery to oppose the motion.  See Brocade, 2012 WL
15 33836, at *7.  Accordingly, Rule 56(d) relief is not appropriate
16 here, and HP is entitled to summary judgment of noninfringement for
17 its Group 2 devices.

**IV.  CONCLUSION**

For the foregoing reasons, the court grants HP's Motion for Partial Summary Judgment of Noninfringement as to its Group 2 devices.

IT IS SO ORDERED.

Dated: March 1, 2012

DEAN D. PREGERSON
United States District Judge