| | |
|---|---|
| **From:** | Doug.Muehlhauser |
| **Sent:** | Monday, March 12, 2012 2:46 PM |
| **To:** | Doug.Muehlhauser; Schneider, Lisa A.; Watkins, Alison R.; Ong, Andrew S.; Nomadix_JDG@orrick.com |
| **Cc:** | Plimack, Michael; Wickey, Michael P; Brenda.Lewis; Claire.Stoneman; Mark.Lezama |
| **Subject:** | Defendant's review of other defendants' designated materials |

Counsel:

This follows the continuing meet and confer between the parties that began on February 14, 2012, and was continued on March 6, 2012.

Following the first conference between the parties, Nomadix prepared and distributed to each defendant a list of that defendant's materials designated under the protective order that Nomadix expects to rely upon in claims against other defendants.

About a week later, Nomadix received from HP an email explaining that HP believed that it could not reasonably review the approximately 400 documents Nomadix included in the list provided to HP. Nomadix took issue with HP's unwillingness to review the documents, and that it waited a full week before notifying Nomadix that it thought there were too many documents to review.

The parties then scheduled and conducted the second conference.

During the second conference, Nomadix explained its position that nothing in the protective orders prevents counsel for one Defendant from seeing materials designated by another Defendant, and that hence Defendants cannot rely upon the protective orders as a basis to argue that Nomadix cannot rely on one Defendant's designated materials in claims against another Defendant.

Defendants have certainly taken designated discovery from each other during the course of this case. Defendants have also freely shared designated discovery with each other, and Defendants' counsel have used confidential documents from other Defendants during depositions.

Defendants expressed a general position that they may challenge Nomadix's reliance on the materials identified in the lists on the basis of timeliness. HP explained that it believed that the number of documents (about 400) identified by Nomadix was more than it was prepared to review.

Nomadix does not believe such a review would be unreasonably burdensome. First, the documents have already been produced, thus concerns such as privilege or responsiveness have already been addressed. Second, HP had indicated previously that it would be reviewing the documents for particular sensitivity. The documents will fall into only a few categories: e.g. - sales, market-related, technical, or software source code. Sorting a few hundred documents into

**Exhibit G**
**-122-**

a few categories and then assessing the client's willingness to produce the categories to (or withhold the categories from) other Defendants' outside counsel is not unduly burdensome, and should take two or three days at most.

Generally, with respect to another Defendant's designated materials of any kind, each Defendant has had the opportunity to seek those materials and still has the ability to do so. As the record shows, Defendants have been aware of these issues for a long time now, and Nomadix has made it clear that the Defendants should resolve these concerns sooner rather than later to facilitate trial preparation. Even though this is an issue that is properly between the various Defendants, Nomadix has involved itself to try to assist in resolving Defendants' concerns over whether they can view each other's designated materials. Nomadix has even reasonably offered to act as the conduit in assisting with the efficient distribution of each Defendant's designated materials, which would obviously reduce burden and cost on each Defendant. Each Defendant that continues to choose not to obtain another Defendant's designated materials in any way despite knowing Nomadix intends to rely upon them runs the risk that the materials will be used against it with little or no time to review the materials. This includes materials of any kind, whether financial, technical or even software source code. Each such Defendant will thus be responsible for creating its own prejudice, and neither Nomadix nor the Court will be receptive to such a willful blindness strategy.


To try to make someprogress on these issues, Nomadix notes that HP further expressed during the conference that the number of documents at issue in Nomadix's damages reports were more manageable. HP indicated that it would be willing to consider sharing with other Defendants its information that may be cited in Nomadix's damages expert reports served on other Defendants. The other Defendants agreed that such an approach seemed reasonable.

Thus, Nomadix proposes that each Defendant consider its own designated materials (documents and testimony) that are cited and/or considered in the expert report Nomadix served on that Defendant, and let Nomadix know by Friday, March 16, 2012, whether it will object to another Defendant viewing those designated materials.

With respect to software source code, Nomadix has already indicated that it may, in a trial against any one Defendant, rely upon the source code of any other Defendant to support Nomadix's positions concerning the lack of non-infringing alternatives, particularly when the one Defendant argues that other Defendants' products are non-infringing alternatives. Other possible uses of such source code include demonstrating commercial success of the claimed inventions. Nomadix is willing to work with each Defendant to seek agreement on how source code may be used at a trial in ways that may be acceptable. For example, Nomadix would be willing to consider agreeing to limits on the number of lines of source code that could be displayed and/or which particular lines of source code may be displayed. Please let me know if Defendants are willing to discuss this and whether Defendants have any suggestions.

Thanks,

Doug

**Douglas G. Muehlhauser**
Partner

**Knobbe Martens**

2040 Main Street, 14th Floor
Irvine, CA 92614
949-760-0404 **Phone**
949-760-9502 **Fax**
Email: dmuehlhauser@kmob.com
Website: www.kmob.com
Knobbe Martens Olson & Bear LLP

---

**From:** Doug.Muehlhauser
**Sent:** Tuesday, March 06, 2012 10:18 AM
**To:** 'Schneider, Lisa A.'; Watkins, Alison R.; Ong, Andrew S.
**Cc:** Plimack, Michael; Wickey, Michael P; Brenda.Lewis; Claire.Stoneman; Mark.Lezama
**Subject:** RE: Nomadix v. HP et al. - RE: Expert witness issues

3:00 works for Nomadix.

We can use the same call-in information that I circulated yesterday in advance of the meet and confer re: trial structure.

Thanks

---

**From:** Schneider, Lisa A. [mailto:lschneider@sidley.com]
**Sent:** Tuesday, March 06, 2012 10:06 AM
**To:** Doug.Muehlhauser; Watkins, Alison R.; Ong, Andrew S.
**Cc:** Plimack, Michael; Wickey, Michael P; Brenda.Lewis; Claire.Stoneman; Mark.Lezama
**Subject:** RE: Nomadix v. HP et al. - RE: Expert witness issues

Would it be possible to do 3 Pacific?  Wayport has a conflict at 2:30.

---

**From:** Doug.Muehlhauser [mailto:Doug.Muehlhauser@kmob.com]
**Sent:** Tuesday, March 06, 2012 11:47 AM
**To:** Schneider, Lisa A.; Watkins, Alison R.; Ong, Andrew S.
**Cc:** Plimack, Michael; Wickey, Michael P; Brenda.Lewis; Claire.Stoneman; Mark.Lezama
**Subject:** FW: Nomadix v. HP et al. - RE: Expert witness issues

Lisa, Alison and Andrew,

Wayport, Aruba and iBAHN are certainly welcome to join the meet and confer.  You may want to review the below e-mail to the extent the positions apply to Wayport, Aruba or iBAHN.

It looks like HP cannot make an 11:00 call today, but the afternoon appears open.  Does 2:30 p.m. (Pacific) later today work?

Thanks,

**Exhibit G**
**-124-**

Doug

---

**From:** Doug.Muehlhauser
**Sent:** Friday, March 02, 2012 5:58 PM
**To:** Plimack, Michael; Wickey, Michael P
**Cc:** Brenda.Lewis; Claire.Stoneman
**Subject:** RE: Nomadix v. HP et al. - RE: Expert witness issues

Mike,

As always, we are interested in resolving issues without involving the Court, and so we are happy to discuss these matters further.

Having said that, we must address some of the points raised by your e-mail. We are surprised and disappointed that HP waited over a week to raise the issue of the number of documents listed. This is especially true considering that Nomadix only agreed to compile the list of documents because HP and the other defendants agreed to make a good faith effort to review their respective lists promptly. If HP were truly concerned with the number of documents, HP could have notified Nomadix within a day of receiving the list. Please let us know whether HP has reached a decision on any of the documents and, if so, which documents.

Moreover, we disagree with the suggestion that the list is unduly voluminous. The reality is that the number of documents listed for HP is in the neighborhood of 400. There is no reason that HP could not have gone through this list in a day or two. HP has already produced these documents to Nomadix so there should be no need to review, e.g., for privilege or responsiveness. Frankly, we are unaware of any valid basis for HP to withhold documents already produced to Nomadix from any of the other parties in this case. (We note that the actual number of documents may be less than 400 because there are overlapping bates ranges listed. Moreover, out of an abundance of caution, we listed some of Nomadix's interrogatory responses -- few, if any, of these responses disclose confidential information of HP.)

You suggest that HP only agreed to review the documents that Nomadix's damages expert relied on in his opening report. We recall the parties' discussion differently. For example, we specifically explained that Nomadix expects to rely on software source code and other technical materials, at least to rebut any defendant's contention that another defendant's devices are noninfringing. HP never indicated during the conference that it would not consider such documents. In any event, as my February 23 e-mail made clear, we endeavored to come up with a list of HP documents that any of Nomadix's experts might rely on at trial as against any of the other defendants. So the list does indeed include, for example, documents that Nomadix's infringement expert may rely on to show that HP infringes (e.g., in the event that another defendant contends that HP's devices are noninfringing alternatives). In the interest of expediting resolution of this issue, we also did our best to include documents that we expect our experts will want to rely on for rebuttal issues. However, as I noted on February 23, rebuttal expert reports are not yet due so we do not know with complete certainty all the information Nomadix's experts will decide to rely on.

Finally, as we mentioned in the prior meet and confer, nothing in the protective orders prevents outside counsel for any defendant from requesting and seeing any other party's designated

**Exhibit G**
**-125-**

materials.  And nothing in the protective orders restricts Nomadix's ability to rely on any designated materials.

We look forward to conferring with you on this as soon as possible.  Are you available Monday at 11:00 Pacific?

Thanks,

Doug

---

**From:** Plimack, Michael [mailto:mplimack@cov.com]
**Sent:** Friday, March 02, 2012 10:09 AM
**To:** Mark.Lezama; Hatcher, Michael D.; Torchia, Paul E.; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com; djafari@jafarilawgroup.com
**Cc:** Doug.Muehlhauser; Karen.Weil; KMOB.Nomadix
**Subject:** RE: Nomadix v. HP et al. - RE: Expert witness issues

Mark - the list of HP documents is 11 pages of Bates numbers.  This is vastly more documents than we were expecting.  Nomadix asked Defendants to allow Nomadix to serve an unredacted version of its damages report on all Defendants.  In this specific context, we agreed to consider a list of HP confidential documents that Nomadix wishes to share with other Defendants.  The list you have provided clearly goes well beyond documents discussed in Nomadix's damages report.  HP remains willing to review a list of the HP confidential documents that are discussed in Nomadix's damages report in the portions redacted for the other defendants.  Given that expert reports are due in two weeks, we will not be in a position to review the voluminous list of documents at this time.  Indeed, to review the entire list will be burdensome, and we do not commit to do so.  I suggest a further meet and confer on this issue, so that we can understand Nomadix's position on why so many confidential HP documents must be shared with the other defendants.

Thanks.

---

**From:** Mark.Lezama [mailto:Mark.Lezama@kmob.com]
**Sent:** Thursday, February 23, 2012 7:29 PM
**To:** Hatcher, Michael D.; Torchia, Paul E.; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com; djafari@jafarilawgroup.com
**Cc:** Doug.Muehlhauser; Karen.Weil; KMOB.Nomadix
**Subject:** Nomadix v. HP et al. - RE: Expert witness issues

Counsel,

**Exhibit G**
**-126-**

Attached are lists of documents, testimony, etc. for each defendant that may contain confidential information of such defendant that Nomadix's experts may rely on as against any defendant.  Please note that while we have tried to eliminate duplicate entries in the lists, there may still be duplicate or overlapping entries.  Nomadix may supplement these lists; for example, rebuttal reports are not due yet and so Nomadix does not yet know with complete certainty all the information its experts will decide to rely on.

Best regards,

Mark

**Mark Lezama**
Attorney at Law
mark.lezama@kmob.com
949-721-5362 **Direct**

**Knobbe Martens**
INTELLECTUAL PROPERTY LAW

2040 Main Street, 14th Floor
Irvine, CA 92614
www.kmob.com/mark.lezama

---

**From:** Karen.Weil
**Sent:** Wednesday, February 15, 2012 12:20 PM
**To:** Hatcher, Michael D.; Torchia, Paul E.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com
**Subject:** Expert witness issues

Counsel--

Below is a recap of our conference call yesterday, together with Nomadix's proposal as to various outstanding issues.

**DISCLOSURE TO EACH DEFENDANT OF AEO INFORMATION OF OTHER DEFENDANTS**

As we discussed, for each defendant, some of Nomadix's experts intend to rely at trial on information that other defendants have designated as protected under the protective order.  This information generally relates to source code and other technical documents which are relevant to objective indicia of nonobviousness and also to the extent any defendant contends that the product of another defendant is a non-infringing alternative; general sales information which is relevant to objective indicia of nonobviousness and demand under the first *Panduit* factor; and

**Exhibit G**
**-127-**

customer and marketing information to show the importance/benefits of Nomadix's patented technology.  We are putting together a list for each defendant of the documents/testimony of that defendant that Nomadix's experts intend to rely on at trial as against any other defendant and that other defendants may wish to request from that defendant.  We will forward those lists when they are done.  We understand that the defendants may be most concerned about the disclosure of source code and we understand that the defendants need to give that issue some thought.  One way to address this issue, in the event of separate trials, may be for the defendants to agree not to argue the issues for which Nomadix is entitled to rely on other defendants' source code, such as the issue of whether the other defendants' accused products are infringing.

We are hopeful that we can resolve the issue of the disclosure of the information to be identified by Nomadix promptly after we send each defendant the list of documents/testimony.  It is understood that the defendants and Nomadix preserve their respective positions regarding whether Nomadix's experts are entitled to rely on such information at trial.

## SCHEDULING ISSUES AS PROPOSED IN MIKE HATCHER'S EMAIL BELOW

Assuming we can reach agreement on the outstanding issues, Nomadix agrees to points 1, 3 and 4, below.

With respect to point 2, Nomadix has no objection to the disclosure to Dr. Weber of Nomadix's confidential information.  Assuming we can reach agreement on the outstanding issues, Nomadix will waive any objections to Dr. Simonson or Dr. Weber testifying at trial based on the timing of their disclosure.  Nomadix, however, preserves any other objections it may have to either or both of their testimony, including but not limited to any objections relating to the sufficiency of their opinions under *Daubert* and any objections that their testimony is cumulative.

Assuming we can reach agreement on the outstanding issues, Nomadix will agree to point 5 so long as the defendants agree that they will not use Nomadix's agreement to the various extensions, or the extensions themselves, as a basis to postpone the trial.

With respect to the topic of expert depositions addressed in point 6, Nomadix proposes the following:

- Each defendant will be entitled to a full day of deposition of Tregillis solely relating to damages for that defendant

- Each defendant will be entitled to a full day of deposition of Stubblebine solely on issues relating to infringement by that defendant.  If any other defendants intend to contend at trial that the products of the defendant which is the subject of that deposition are non-infringing, then such other defendant(s) should also attend the deposition

- The defendants will collectively get one additional day with Stubblebine solely regarding validity

- The defendants will collectively get one additional day with Stubblebine solely regarding issues other than infringement and validity for which Stubblebine has provided an opinion

- The defendants will collectively get one day with Sukumar solely regarding the conjoint study

- HP and Aruba will jointly get one half day with Sukumar solely regarding the usage study

- Once the rebuttal reports are served, we will work out a comparable schedule for the depositions of defendants' experts.  Without knowing what reports each of the defendants will be producing and whether any experts will be providing opinions on behalf of more than one defendant, Nomadix anticipates that such a schedule would include at least: one full day of deposition per defendant solely on infringement issues, one full day of deposition per defendant solely on damages, one full day of deposition solely on validity issues, one full day of deposition solely on other technical issues relating to damages, one full day of deposition per survey or per survey/marketing expert.

## DOCUMENT DISCOVERY OF EXPERTS

Consistent with what Nomadix is doing, Nomadix requests that each defendant produce native files of the schedules of its damages experts.  Nomadix also requests that defendants produce with any reports of any survey experts comparable information to the information that Nomadix has produced and will continue to produce relating to Sukumar's surveys.

We look forward to your prompt response to the above.

**Karen Vogel Weil**
Partner
kweil@kmob.com
310-407-3460 **Direct**



INTELLECTUAL PROPERTY LAW

10100 Santa Monica Boulevard, Suite 1600
Los Angeles, CA 90067
www.kmob.com/karen.weil

---

**From:** Hatcher, Michael D. [mailto:MHatcher@Sidley.com]
**Sent:** Monday, February 13, 2012 7:28 PM
**To:** Karen.Weil; Torchia, Paul E.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben;
Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY
PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy
Kusters; Nomadix_JDG@orrick.com
**Subject:** RE: Wayport password

Karen –

Nomadix's proposal, while appreciated, is unacceptable.   Defendants propose the
following compromises to accommodate Nomadix's belated service of Tregillis' "erratas"
and the service of the Sukumar surveys:

1.  Defendants will not make a timeliness objection to Mr. Tregillis' erratas to his
damages reports.

2.  Defendants will be allowed to share confidential information with Dr. Simonson and
Lynn Weber.  Nomadix will not object to either such expert testifying at trial on behalf of
one or more of the defendants.

3.  Nomadix will not object to Wayport and Superclick using the damages related
experts Wayport disclosed including on all the sub-issues such as surveys, non-infringing
alternatives, etc related to damages.

4.  Rebuttal reports will be due on March 15 for all parties.  This is the ten day extension
you propose but, just like all prior extensions, will be for all reports. It is not reasonable
to extend the deadline only as to some - almost all if not all reports interrelate.

5.  In light of the multiple extensions of the rebuttal expert deadlines that have occurred
in this case, included those Nomadix previously requested that Defendants'
accommodated and this one necessitated by the service of the Tregillis "erratas",

**Exhibit G**
**-130-**

a.  The close of expert discovery will be extended to April 20.

b.  The deadline for filing any summary judgment motions and Daubert motions will be extended to April 30.

c.  The deadline for filing in limine motions will be extended to May 18.

6.  For avoidance of any confusion, Nomadix acknowledges that each defendant will be entitled to a full day of deposition of Tregillis, a full day of deposition of Stubblebine and a full day of deposition of Sukumar.  Additionally, the defendants will collectively get an additional day with Stubblebine regarding non-infringing alternatives.

We believe this is a reasonable compromise to adjust the schedule to accommodate the Tregillis "erratas" and address Nomadix's surveys, and look forward to Nomadix' prompt agreement and cooperation in filing a joint motion to amend the Scheduling Order.  If Nomadix will not agree, please be prepared to meet and confer on all these issues on Tuesday February 14 at 1:30 pm PT, including leave for Defendants' survey experts, striking the Sukumar reports and striking the Tregillis "erratas".

Mike

Michael D. Hatcher
Sidley Austin LLP
717 North Harwood Suite 3400
Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

---

**From:** Karen.Weil [mailto:karen.weil@kmob.com]
**Sent:** Monday, February 13, 2012 2:49 PM
**To:** Torchia, Paul E.; Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com
**Subject:** RE: Wayport password

Counsel--

Nomadix just made the following offer to Wayport/Superclick, which is applicable to all of the other defendants as well:

Assuming defendants agree not to make a timeliness objection to Mr. Tregillis' errata, we propose the following.  Inasmuch as the errata were served 10 days after the deadline for submission of

expert reports, Nomadix is willing to give all of the defendants an additional 10 days for their rebuttal reports to Mr. Tregillis' errata.  This extension would not apply to any rebuttal reports related to any damages-related sub-issues (i.e., surveys, market definition, static IP usage rates, non-infringing alternatives or ggeneral underlying technical points), inasmuch as no errata were served to any of Nomadix's reports on those issues.  Under this proposal, rebuttal reports to Mr. Tregillis' errata would be due on March 15 and the discovery cut-off for such witnesses would be April 9.  Please confirm that this is acceptable.

In addition, several defendants have requested native files of Mr. Tregillis' schedules.  This is to let you know that we are in the process of collecting native files of his schedules for all of the defendants, including those that haven't so requested.  It will take several days to collect that, and we will produce those materials as they become available.

**Karen Vogel Weil**
Partner
310-407-3460 Direct



INTELLECTUAL PROPERTY LAW

---

**From:** Karen.Weil
**Sent:** Friday, February 10, 2012 4:05 PM
**To:** 'Torchia, Paul E.'; Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com
**Subject:** RE: Wayport password

We will provide a redlined version for everyone.

**Karen Vogel Weil**
Partner
310-407-3460 Direct



INTELLECTUAL PROPERTY LAW

**Exhibit G**
**-132-**

**From:** Torchia, Paul E. [mailto:PTorchia@gibsondunn.com]
**Sent:** Friday, February 10, 2012 3:58 PM
**To:** Karen.Weil; Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com
**Subject:** RE: Wayport password

Karen-
If you are serving a corrected report on Aruba, we will need a redline too.
**Paul E. Torchia**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3953 • Fax +1 212.351.6352
PTorchia@gibsondunn.com • www.gibsondunn.com

---

**From:** Karen.Weil [mailto:karen.weil@kmob.com]
**Sent:** Friday, February 10, 2012 6:57 PM
**To:** Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com
**Subject:** RE: Wayport password

Mike--

We will be serving a new report that supersedes the prior report.  We will also load to the ftp site a redlined version, comparing the erratum to the original version.  We cannot print the report and schedules to PDF because that would make the redactions searchable.  Instead, we will be printing the report to eCopy to secure the redactions.

**Karen Vogel Weil**
Partner
310-407-3460 Direct


INTELLECTUAL PROPERTY LAW

**From:** Hatcher, Michael D. [mailto:MHatcher@Sidley.com]
**Sent:** Friday, February 10, 2012 3:36 PM
**To:** Karen.Weil; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters; Nomadix_JDG@orrick.com
**Subject:** RE: Wayport password

Karen –

To be perfectly clear, an errata is not a whole new, clean copy of Tregillis' report/schedules.  It is a sheet that identifies the changes from the last version.  Whatever you are serving on Wayport should show all the changes from the last version with specificity, either an errata with a list of the changes, or, if you serve a whole copy of his report/schedules including the changes, all changes should be shown in redline.  Furthermore, please print the report and all schedules to PDF as opposed to printing a hardcopy and scanning it.

Should you attempt to serve a whole new, clean copy of Tregillis' report that does not show the changes (much less a scanned version that does not even have OCR, instead of one printed to PDF), that will be completely unacceptable and, frankly, a blatant attempt to obfuscate the changes and impede our ability to respond.

Mike


Michael D. Hatcher
Sidley Austin LLP
717 North Harwood Suite 3400
Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

---

**From:** Karen.Weil [mailto:karen.weil@kmob.com]
**Sent:** Thursday, February 09, 2012 9:56 PM
**To:** Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters
**Subject:** RE: Wayport password

Mike--

**Exhibit G**
**-134-**

The errata are not quite complete.  I can assure you that we will produce them as soon as they are done and redacted.

**Karen Vogel Weil**
Partner
310-407-3460 Direct



INTELLECTUAL PROPERTY LAW

---

**From:** Hatcher, Michael D. [mailto:MHatcher@Sidley.com]
**Sent:** Thursday, February 09, 2012 7:34 PM
**To:** Karen.Weil; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters
**Subject:** RE: Wayport password

Karen –

Your email below, sent yesterday, said Wayport's errata was coming yesterday, and, if not yesterday, it would be produced today, along with Superclick's errata.  It is now 9:30 pm.  Please produce the erratas immediately.

And please address now the rest of my email.  There is no reason for further delay.

Mike

Michael D. Hatcher
Sidley Austin LLP
717 North Harwood Suite 3400
Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

---

**From:** Karen.Weil [mailto:karen.weil@kmob.com]
**Sent:** Wednesday, February 08, 2012 4:21 PM
**To:** Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel;

**Exhibit G**
**-135-**

Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY
PERSONNEL); Michael Sacksteder; David Lacy Kusters
**Subject:** RE: Wayport password

Mike--

We hope to be able to produce Wayport's erratum today.  If
not today, then tomorrow.  It is more likely that we will
serve the erratum for Superclick tomorrow.

We can address any other issues after you receive the
errata.

**Karen Vogel Weil**
Partner
310-407-3460 Direct



INTELLECTUAL PROPERTY LAW

---

**From:** Hatcher, Michael D. [mailto:MHatcher@Sidley.com]
**Sent:** Wednesday, February 08, 2012 11:20 AM
**To:** Karen.Weil; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David
T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel;
Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY
PERSONNEL); Michael Sacksteder; David Lacy Kusters
**Subject:** RE: Wayport password

Karen –

By when do you reasonably expect to do so?  And what is Nomadix's
response to the rest of my email?

Mike

Michael D. Hatcher
Sidley Austin LLP
717 North Harwood Suite 3400
Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

**Exhibit G**
**-136-**

**From:** Karen.Weil [mailto:karen.weil@kmob.com]
**Sent:** Wednesday, February 08, 2012 1:12 PM
**To:** Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters
**Subject:** RE: Wayport password

Mike--

Mr. Tregillis is preparing his errata.  He is trying to complete them as quickly as possible.  We will serve the errata as soon as they are done.

**Karen Vogel Weil**
Partner

310-407-3460 Direct

**Knobbe Martens**

INTELLECTUAL PROPERTY LAW

**From:** Hatcher, Michael D. [mailto:MHatcher@Sidley.com]
**Sent:** Wednesday, February 08, 2012 8:00 AM
**To:** Karen.Weil; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters
**Subject:** RE: Wayport password

Karen –

You did not provide the errata or even respond to this email yesterday.  Again, each day of delay further hinders our ability to analyze and respond to Nomadix's reports.  Please respond immediately.

Mike

Michael D. Hatcher
Sidley Austin LLP
717 North Harwood Suite 3400

**Exhibit G**
**-137-**

Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

---

**From:** Hatcher, Michael D.
**Sent:** Tuesday, February 07, 2012 2:31 PM
**To:** Karen.Weil; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL); Michael Sacksteder; David Lacy Kusters
**Subject:** RE: Wayport password

Karen –

I write on behalf of Wayport and Superclick and have cc'ed counsel for Superclick, Michael Sacksteder.  We obviously need the errata you reference.  Please provide it today or tell us by when it will be provided.  Each day of delay further hinders our ability to analyze and respond to Nomadix's reports.

If a compromise is to be reached along these lines, it will depend on whether the errata purports to change theories or rates or is more akin to corrections of the type I indicated in my email to Perry yesterday, and the compromise will also need to include at least two additional points that I would think are non-controversial.  First, Nomadix should commit to agree to reasonable extensions of the rebuttal report deadline if we determine one is needed.  We already did the same for the first round and, given the forthcoming errata among other issues, I assume this is acceptable to Nomadix.  Second, regarding Wayport's experts addressing damages for Superclick, I want to make clear (as it should be from reviewing Nomadix's own reports) that addressing damages goes beyond just the damages experts (Mr. Tregillis for Nomadix and Mr. Reed for Wayport and Superclick).  It also includes sub-issues, such as surveys, market definition, static IP usage rates, non-infringing alternatives and general underlying technical points.  Nomadix already agreed that Mr. Reed can address damages for Superclick as well as Wayport.  We want clarity that this extends to other of Wayport's experts addressing damages-related topics on behalf of Superclick as well.

Mike


Michael D. Hatcher
Sidley Austin LLP

**Exhibit G**
**-138-**

717 North Harwood Suite 3400
Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

**From:** Karen.Weil [mailto:karen.weil@kmob.com]
**Sent:** Monday, February 06, 2012 11:28 PM
**To:** Hatcher, Michael D.; Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David
T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel;
Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY
PERSONNEL)
**Subject:** RE: Wayport password

Mike--

In Doug Muehlhauser's email dated October 28, 2011,
Nomadix timely identified Dr. R. Sukumar as one of its
experts.  In Benedict Frey's letter dated November 18, 2011,
Wayport identified a number of rebuttal experts, but did not
identify Dr. Simonson.  Nomadix had no obligation to identify
in response to discovery anything about Dr. Sukumar's
survey.  Any information regarding a survey was work
product unless and until Nomadix decided it would rely on
it.  Nomadix timely revealed the information about Dr.
Sukumar's survey by serving his expert reports on January
31.

Although we believe that Wayport's designation of Dr.
Simonson on February 3, 2012 was untimely, in the spirit of
cooperation, Nomadix will waive its timeliness objection if
Wayport (and any other defendant who may be relying on
Dr. Simonson) agrees not to make any timeliness objection
to Nomadix's intended service of erratum of Mr. Tregillis'
damages reports.  In addition, we note that Wayport's
disclosure of Dr. Simonson does not comply with Para. 17(c)
of the protective order.  Specifically, that paragraph requires
that the following information be provided:

(iii) an identification of any past or present employment or
consulting relationship with any Party, any related company
or any company whose business relates or related to
computer networks and an identification of the subject
matter of any work performed in the course of such

Exhibit G
-139-

relationship, and (iv) a description of the expert or consultant's employment or consulting during the past four (4) calendar years, including the name and address of each person or entity who employed or used the services of the expert or consultant and an identification of the subject matter of any work performed in the course of such employment or consulting.

Assuming you agree to the proposal I described above, once we receive the missing information from Dr. Simonson, we will promptly review that for any objections.

**Karen Vogel Weil**
Partner
310-407-3460 Direct



INTELLECTUAL PROPERTY LAW

**From:** Hatcher, Michael D. [mailto:MHatcher@Sidley.com]
**Sent:** Monday, February 06, 2012 1:57 PM
**To:** Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL)
**Subject:** RE: Wayport password

Doug –

I left a voicemail for you on Friday following up on this letter.

Perry, I just left one for you as well.

Please let us have Nomadix's position today.

Thanks,
Mike

**From:** Hatcher, Michael D.
**Sent:** Friday, February 03, 2012 5:13 PM
**To:** Doug.Muehlhauser
**Cc:** KMOB.Nomadix; Abrams, Hugh; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel;

Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL)
**Subject:** RE: Wayport password

Doug –

Please see the attached disclosing Dr. Simonson as a rebuttal expert and under the protective order.

Mike

Michael D. Hatcher
Sidley Austin LLP
717 North Harwood Suite 3400
Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

---

**From:** Perry.Oldham [mailto:Perry.Oldham@kmob.com]
**Sent:** Thursday, February 02, 2012 6:22 PM
**To:** Hatcher, Michael D.; Linda.PoncedeLeon; Abrams, Hugh; Tripodi, Paul D.; Kim, Olivia M.; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL)
**Cc:** KMOB.Nomadix
**Subject:** RE: Wayport password

Michael,

The Stubblebine "Third Party Devices" report can be re-designated as Confidential under the protective order.

Best regards,

Perry

**Perry Oldham**
Partner
949-721-2961 Direct

INTELLECTUAL PROPERTY LAW

---

**From:** Hatcher, Michael D. [mailto:MHatcher@Sidley.com]
**Sent:** Wednesday, February 01, 2012 8:14 PM

**Exhibit G**
**-141-**

**To:** Perry.Oldham; Linda.PoncedeLeon; Abrams, Hugh; Tripodi, Paul D.; Kim, Olivia M.; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL)
**Cc:** KMOB.Nomadix
**Subject:** RE: Wayport password

Perry –

Thank you for the reply.  It appears the Tregillis report was uploaded to the FTP site early this morning PT, and the password identified below works.

On a related topic, we have reviewed the Stubblebine "Third Party Devices" report and do not understand why it is marked highly confidential, attorneys eyes only.  It appears to rely solely on publicly available documents from the third-parties and tests of some of their publicly available products.  We have seen no Nomadix-designated confidential information, nor any defendant-designated confidential information.  Indeed, you served it unredacted on all the defendants, indicating that Nomadix does not believe any defendants' confidential information is included.  Please promptly (and in any event by the end of the day tomorrow) either withdraw the confidentiality designation or identify the information in the report Nomadix asserts is confidential.

Thanks,
Mike


Michael D. Hatcher
Sidley Austin LLP
717 North Harwood Suite 3400
Dallas, Texas 75201
(214) 981-3428
(214) 981-3400 (fax)

---

**From:** Perry.Oldham [mailto:Perry.Oldham@kmob.com]
**Sent:** Wednesday, February 01, 2012 9:47 AM
**To:** Hatcher, Michael D.; Linda.PoncedeLeon; Abrams, Hugh; Tripodi, Paul D.; Kim, Olivia M.; Schneider, Lisa A.; Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.; Khan, Nabeel; Cadwell, Kevin (NON-SIDLEY PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL)
**Cc:** KMOB.Nomadix
**Subject:** Re: Wayport password

The password is the same and it should be on the ftp server.  Please let us know if it is not there.

**Exhibit G**
**-142-**

Best regards,

Perry

Sent from T-Mobile G2 with Google

"Hatcher, Michael D." <MHatcher@Sidley.com> wrote:

When are you going to provide the Tregillis report and password?

--------------------------
Sent from my BlackBerry Wireless Handheld

**From**: Linda.PoncedeLeon [mailto:Linda.PoncedeLeon@kmob.com]
**Sent**: Wednesday, February 01, 2012 02:18 AM
**To**: Abrams, Hugh; Tripodi, Paul D.; Kim, Olivia M.; Schneider, Lisa A.;
Pritikin, David T.; Frey, Ben; Greenfield, David; Tarnay, Thomas N.;
Khan, Nabeel; Hatcher, Michael D.; Cadwell, Kevin (NON-SIDLEY
PERSONNEL); Boren, B. C. (NON-SIDLEY PERSONNEL)
**Cc**: KMOB.Nomadix <kmob.nomadix@kmob.com>
**Subject**: Wayport password

Below is the password for accessing the encrypted

Stubblebine report:

**Linda Ponce de Leon**
Litigation Paralegal
linda.poncedeleon@kmob.com
949-721-5242 **Direct**

**Knobbe Martens**
INTELLECTUAL PROPERTY LAW

2040 Main Street, 14th Floor
Irvine, CA 92614
www.kmob.com

NOTICE: This email message is for the sole use of the intended
recipient(s)
and may contain confidential and privileged information. Any
unauthorized
review, use, disclosure or distribution is prohibited. If you are not
the
intended recipient, please contact the sender by reply email and

destroy all
copies of the original message.


--------------------------------------------------------------------------------
--------------------
IRS Circular 230 Disclosure: To comply with certain U.S.
Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice
contained in this
communication, including attachments, was not intended or written
to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties
that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such
tax advice is used or referred
to by other parties in promoting, marketing or recommending any
partnership or other entity,
investment plan or arrangement, then (i) the advice should be
construed as written in connection
with the promotion or marketing by others of the transaction(s) or
matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on
the taxpayer's particular
circumstances from an independent tax advisor.
***************************************************
***********************************************
This e-mail is sent by a law firm and may contain information that
is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and
any attachments and notify us
immediately.

****************************************************
***********************************************

NOTICE: This email message is for the sole use of the intended
recipient(s)
and may contain confidential and privileged information. Any
unauthorized
review, use, disclosure or distribution is prohibited. If you are not
the
intended recipient, please contact the sender by reply email and
destroy all
copies of the original message.

**Exhibit G**
**-144-**

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the

intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

---

This message may contain confidential and privileged information. If it
has been sent to you in error, please reply to advise the sender of the error
and then immediately delete this message.

---

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.