O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation; WAYPORT, INC., a Delaware corporation; IBAHN CORPORATION, a Delaware corporation; GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., a Canadian corporation; GUEST-TEK INTERACTIVE ENTERTAINMENT, INC.; a California corporation; LODGENET INTERACTIVE CORPORATION, a Delaware corporation; LODGENET STAYONLINE, INC., a Delaware corporation; ARUBA NETWORKS, INC.; a Delaware corporation; SUPERCLICK, INC., A Washington corporation; SUPERCLICK NETWORKS, INC., a Canadian corporation, <br><br>　　　　　Defendants. | Case No. CV 09-08441 DDP (VBKx) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THEIR INVALIDITY CONTENTIONS** <br><br>[Docket No. 715] |

　　Defendants Wayport, Inc., Hewlett-Packard Co., iBahn Corp., Aruba Networks, Inc., Superclick, Inc., Superclick Networks, Inc.,

and Solutioninc Technologies Ltd. (collectively, "Defendants") have filed a Motion for Leave to Supplement Their Invalidity Contentions ("Motion"). Defendants' current contentions state that: 1) U.S. Patent No. 6,636,894 ("'894 Patent") is invalid in light of U.S. Patent No. 6,779,118 ("'118 Patent"); and 2) U.S. Patent No. 7,689,716 ("'716 Patent") is invalid in light of the Stanford Secure Public Internet Access Handler ("SPINACH") system and other references.[1] (Decl. of Benedict Frey in Supp. of Mot. ("Frey Decl."), Exs. 2-3.) Defendants now request leave to add invalidity contentions against U.S. Patent Nos. 7,194,554 ("'554 Patent"), 6,868,399 ("'399 Patent"), 6,130,892 ("'892 Patent"), 7,088,727 ("'727 Patent"), and 7,554,995 ("'995 Patent"). (Id., Exs. 8-12.) Having reviewed the parties' moving papers and heard oral argument, the court denies the Motion and adopts the following Order.

**I.   BACKGROUND**

In July 2010, Defendants served initial invalidity contentions against the '894 Patent asserted in Nomadix's original complaint. The contentions included an invalidity chart explaining how the '894 Patent was anticipated by the '118 Patent issued to Dr. Koichiro Ikudome. (Mot. at 2.) Defendant Wayport has been acquainted with Dr. Ikudome's work since at least 2008, when Linksmart Wireless Technologies, LLC - in which Dr. Ikudome is a partner - sued Defendants Wayport and iBahn for infringing the '118 Patent. (Opp'n at 2-3.) During the course of that lawsuit,

---

[1] In both their current and proposed contentions, Defendants have alleged invalidity both for lack of novelty under 35 U.S.C. § 102 and for obviousness under § 103, based on various combinations of references. It is not necessary for purposes of this Order to distinguish between those specific contentions or the particular combinations relied upon.

2

Wayport deposed Dr. Ikudome, with the deposition subject to a protective order. (Id.)  In October 2010, Wayport became a licensee of the '118 Patent.

The July 2010 invalidity contentions also provided a more general 42-page table of prior art references, including the SPINACH system as disclosed in a 1997 article by Elliot Poger and Mary Baker, "Secure public internet access handler (SPINACH)," and a 1999 article by Guido Appenzeller, Mema Roussopolous, and Mary Baker, "User-Friendly Access Control for Public Network Ports." (Frey Decl., Ex. 1.)  Defendants prefaced the table with the general statements that: 1) "[t]he following references may constitute prior art to one or more of U.S. Patent Nos. ['892, '727, '995, '894, '554, '399, '110, and '716]"; and 2) one or more of these references may anticipate or render obvious one or more of the patent claims. (Id.)

The '716 Patent issued to Nomadix in March 2010.  In July 2011, Defendants updated their invalidity contentions to include express assertions that the '716 Patent was invalid in light of the SPINACH system as disclosed in the 1999 article, in combination with other references.  The article's co-author, Dr. Roussopolous, was one of the key developers of the SPINACH system and has been a consultant to Defendant Wayport since September 2009. (Mot. at 1; Opp'n at 3-4.)

In October 2011, Defendants served a subpoena on Dr. Ikudome. (Mot. at 3.)  On November 1, 2011, Defendants deposed him, with Nomadix present.  (Id.)  Based on Dr. Ikudome's deposition testimony, Defendants served Nomadix with supplemental invalidity contentions on November 4, 2011. (Id. at 4.)  The contentions

3

added that the '118 Patent and other references invalidated not only Nomadix's '894 Patent, but its '554 Patent and '399 Patent as well. (Frey Decl., Ex. 1.) Nomadix did not respond to Defendants' request that they stipulate to these supplemental contentions, which are now the subject of this Motion.

Also in October 2011, Defendants discovered a 1996 article by Jos Vos, "Linux firewall facilities for kernel-level screening" ("Vos article"). (Mot. at 4.) Defendants state that they found the article through ongoing Internet searches for prior art. (Id.) However, the Vos article was also cited in the 1997 SPINACH article referenced in Defendants' initial contentions.

Then, on November 3, 2011, Defendant Wayport noticed a deposition of Dr. Roussopolous for November 16, 2011. (Mot. at 3.) Defendants state that they had previously been unable to depose Dr. Roussopolous, because she was unwilling to travel to the United States from her home in Greece. However, Defendants were able to speak with Dr. Roussopolous informally in Greece on November 15, 2011. (Id.) The deposition itself did not take place, as Nomadix had filed a motion to quash. (Id.)

Based on information learned from their conversation with Dr. Roussopolous and disclosed in the Vos article, Defendants served Nomadix with additional supplemental invalidity contentions on November 21, 2011. (Mot. at 4.) Nomadix declined to stipulate to the supplemental contentions, and Defendants therefore filed this Motion on November 30, 2011. (Id.)

**II.   LEGAL STANDARD**

The parties have adopted a modified version of the Northern District of California's Patent Local Rules. Rule 3-1 requires a

4

defendant asserting an invalidity defense to serve invalidity contentions on the plaintiff within 45 days of receipt of infringement contentions. After this time, the invalidity contentions may only be amended "by order of the Court upon a timely showing of good cause." Relevant here, "[r]ecent discovery of material, prior art despite earlier diligent search" can support a finding of good cause, "absent undue prejudice to the non-moving party." Id. R. 3-6. Courts have also found good cause to supplement contentions where the amendments develop previously identified invalidity theories, and do not add new theories late in discovery. Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc., No. C 06-7477, 2008 WL 2622794, at *4-5 (N.D. Cal. Jul. 1, 2008). However, demonstrating good cause also "requires a showing of diligence," and "[t]he burden is on the movant to establish diligence." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006).

More broadly, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Patent Local Rules are "not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset." Comcast Commc'ns Corp., LLC v. Finistar Corp., No. C 06-04206, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007). However, "the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction." Golden Hour, 2008 WL 2622794, at *2 (internal quotation marks omitted). The Local Rules thus balance "the right to develop new information in

discovery with the need for certainty as to the legal theories."
Id. (internal quotation marks omitted).

**III. DISCUSSION**

As mentioned, good cause requires a showing of diligence by the moving party. Defendants argue that they have met this requirement. First, Defendants note that they timely disclosed the '118 Patent and the SPINACH references in July 2010, in detailed invalidity contentions against the '894 and '716 Patents. Defendants also deposed Dr. Ikudome just one week after having subpoenaed him in October 2011, and would have deposed Dr. Roussopolous two weeks later had Nomadix not objected. (Mot. at 2-3.) Then, after deposing Dr. Ikudome, speaking informally with Dr. Roussopolous, and discovering the Vos article, Defendants promptly served Nomadix with updated contentions. (Id.) Finally, Defendants filed this Motion within a week of Nomadix's refusal to stipulate to the updated contentions. All of this, Defendants emphasize, took place before the close of fact discovery on December 2, 2011.

Defendants offer no explanation, however, for their delay in deposing or otherwise speaking with Dr. Ikudome and Dr. Roussopolous. There is no dispute that Defendants have had the asserted Nomadix patents and, with the exception of the Vos article, the prior art upon which Defendants base their invalidity defenses since at least July 2010. Further, Defendant Wayport has been familiar with the '118 Patent and the work of Dr. Ikudome since its 2008 litigation with Linksmart, and has worked with Dr. Roussopolous as a consultant since 2009. (Opp'n at 3.) Although Defendants respond that their prior deposition of Dr. Ikudome was

6

unavailable in this suit due to a protective order, this does not explain why they did not simply depose him again sooner, instead of waiting until late in discovery. Likewise, Defendants fail to adequately explain their delay in discovering the Vos article, when it was one of only eleven references cited in the 1997 SPINACH paper upon which they based their initial invalidity contentions.

In short, Defendants were aware, or should have been aware, of the three sources underlying their supplemental invalidity contentions – and, at least to some degree, the relevance of these sources – since July 2010 or before. Yet Defendants waited until the eve of the close of fact discovery to schedule the relevant depositions and seek to supplement their contentions. The court finds that this does not constitute due diligence. See Network Appliance, Inc. v. Sun Microsystems, Inc., Nos. C-07-06053 & C-07-05488, 2009 WL 2761924, at *2-3 (N.D. Cal. Aug. 31, 2009) (denying plaintiff leave to amend its infringement contentions, because it failed to exercise diligence in deposing a witness for a third party that it had previously accused of infringement).

Moreover, in making good cause determinations as to prior art in particular, courts have "examined such factors as the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment." Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc., No. C 04-03526, 2008 WL 2168379, at *1 (N.D. Cal. May 22, 2008). Here, Defendants emphasize that the material they would add is highly relevant because it anticipates or renders obvious Nomadix's asserted patents. Taking Defendants' representations as

true, the court agrees that this factor weighs in Defendants' favor. As discussed above, however, the evidence strongly suggests that this material was not at all difficult for Defendants to locate. Because there is no evidence one way or the other as to gamesmanship, these first three factors are inconclusive. But the prejudice analysis tips the balance against Defendants.

Defendants argue that there is no prejudice here, because they are not shifting or adding theories, but simply developing "the same theory set forth in the preliminary invalidity contentions in July 2010 and first supplemental invalidity contentions in July 2011." (Reply at 8.) Specifically, those contentions alleged that the '118 Patent and the SPINACH system rendered invalid Nomadix's '894 and '716 Patents, respectively. As Nomadix explains, however, Defendants seek to go well beyond developing these prior theories. Defendants now contend that the '118 Patent and SPINACH system invalidate several additional Nomadix patents. Likewise, Defendants contend that three other patents are invalidated by a new reference – the Vos article. In short, Defendants now theorize that prior art invalidates seven Nomadix patents, instead of only two. Nomadix therefore reasonably argues that responding to these new contentions would require additional fact discovery, which is now closed.[2]

///

///

///

---

[2] For instance, to rebut arguments of invalidity under 35 U.S.C. § 102(a), Nomadix would likely need to investigate the facts surrounding conception and reduction to practice of its patented invention. (Opp'n at 7.)

**IV. CONCLUSION**

For all these reasons, the court denies Defendants' Motion for Leave to Supplement their Invalidity Contentions.

IT IS SO ORDERED.

Dated: March 22, 2012

DEAN D. PREGERSON
United States District Judge