O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NOMADIX, INC., | ) | Case No. CV 09-08441 DDP (VBKx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | ) | |
| | ) | |
| HEWLETT-PACKARD COMPANY, a Delaware corporation; WAYPORT, INC., a Delaware corporation; IBAHN CORPORATION, a Delaware corporation; GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., a Canadian corporation; GUEST-TEK INTERACTIVE ENTERTAINMENT, INC.; a California corporation; LODGENET INTERACTIVE CORPORATION, a Delaware corporation; LODGENET STAYONLINE, INC., a Delaware corporation; ARUBA NETWORKS, INC.; a Delaware corporation; SUPERCLICK, INC., A Washington corporation; SUPERCLICK NETWORKS, INC., a Canadian corporation, | ) | [Docket No. 715] |
| Defendants.. | ) | |

Presently before the court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion").  Having reviewed the parties' moving papers and heard oral argument, the court denies the Motion and adopts the following Order.

## I. BACKGROUND

Defendants Wayport, Inc., Hewlett-Packard Company, iBAHN Corporation, Aruba Networks, Inc., Superclick, Inc., Superclick Networks, Inc., and Solutioninc Technologies Ltd. (collectively, "Defendants") argue that Plaintiff Nomadix, Inc. ("Nomadix") lacks standing and has failed to join an indispensable party, because the University of California ("UC") is a co-owner of the patents at issue.  Defendants therefore ask the court to dismiss the case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7).

## II. LEGAL STANDARD

The Patent Statute provides that "[a] patentee shall have remedy by civil action for infringement of his [or her] patent." 35 U.S.C. § 281.  When a patent is co-owned, each joint owner has equal rights absent an agreement to the contrary.  See 35 U.S.C. § 262.  A joint owner must therefore join all co-owners to establish standing for an infringement action.  See Enovsys LLC v. Nextel Commc'ns, Inc., 614 F.3d 1333, 1341 (Fed. Cir. 2010).  An assignment conveys title in a patent, and a successor in title by assignment is a "patentee."  See 35 U.S.C. §§ 100(d), 261.  "The recording of an assignment . . . creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment."  SiRF Tech., Inc. v. Int'l Trade Comm'n, 601 F.3d 1319, 1327-28 (Fed. Cir. 2010).

Federal Rule of Civil Procedure 19 governs joinder of indispensable parties.  As the Ninth Circuit has explained, the Rule 19 analysis involves "three successive inquiries."  EEOC v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005).  First, the court considers whether joinder of the party is necessary, pursuant to Rule 19(a).  Id.  Joinder of a party is necessary if either: 1) "in [the party's] absence, the court cannot accord complete relief among existing parties"; or 2) the party "claims an interest relating to the subject of the action," such that proceeding in the party's absence would prejudice that interest or subject an existing party to a substantial risk of multiple or inconsistent obligations.  Fed. R. Civ. Pro. 19(a)(1).  If joinder is necessary, the court then asks whether joinder is feasible in terms of jurisdiction and venue.  See Peabody, 400 F.3d at 779.  Last, if joinder is not feasible, the court must determine whether the case can justly proceed in the party's absence, or whether it should be dismissed.  See id.  Rule 19(b) lists four factors courts should consider: 1) prejudice to the existing parties or absentee; 2) the extent to which any prejudice could be mitigated; 3) the adequacy of a judgment without the absentee; and 4) whether plaintiff would have an adequate remedy if the case were dismissed for nonjoinder.

**III. DISCUSSION**

A full recitation of the disputed facts is unnecessary to resolve this Motion.  Relevant here, Nomadix has provided evidence of assignments establishing a presumption of legal title in the patents.  Defendants argue, however, that the named patent inventors and co-founders of Nomadix, Dr. Leonard Kleinrock and Dr. Mark Short, developed the patent technology using resources

3

obtained through UC.  Because Dr. Short signed a "Patent Agreement" agreeing to assign to UC any "possibly patentable" inventions developed using its resources, Defendants contend that UC is co-owner of the patents and therefore must be party to this suit. Specifically, the Patent Agreement provides that all inventions "shall be examined by [UC] to determine rights and equities therein."  Then, "[i]n the event any such invention shall be deemed by [UC] to be patentable, and [UC] desires to seek patent protection thereon, [Dr. Short] shall . . . assign to [UC] all rights, title, and interest therein."  (Decl. of Hugh Abrams in Supp. of Mot. ("Abrams Decl."), Ex. 1.)

Dr. Kleinrock and UC also later signed an "Agreement of Non-Assertion of Invention Rights" ("Non-Assertion Agreement"), as to two of the patents at issue.  In the Agreement, UC states that it "is prepared [to] disclaim [any] patent rights" that it "may have had in these patents," if Dr. Kleinrock "assert[s] that no [UC] funds or facilities were used to develop the invention and thus it is outside the scope of [his] employment with [UC]."  (Id. at Ex. 3.)  Defendants contend that the Non-Assertion Agreement therefore fails to transfer any UC rights, since it is contingent on Dr. Kleinrock's allegedly false representation that he did not use UC resources.  Defendants further argue that the Agreement actually confirms UC's ownership rights "because, absent a 'quit-claim' of rights, one cannot agree not to assert what one does not own." (Reply at 6.)  Again, because UC purportedly retains these patent ownership rights, Defendants claim that Nomadix lacks standing and has failed to join an indispensable party.  The court disagrees.

Dispositive as to standing, Defendants correctly concede that UC does not hold "present <u>legal</u> title" to the patents. (Id. at 5 (emphasis added).) As Nomadix explains, promissory language in an agreement to assign is insufficient to transfer legal title, under binding Federal Circuit precedent. <u>See</u> <u>Bd. Of Tr. of the Leland Stanford Junior Univ. v. Roche Molecular Sys.</u>, 583 F.3d 832, 841-42 (Fed. Cir. 2009) (explaining that such language may vest the promisee with certain equitable rights but does not transfer title, and that Federal Circuit law controls on this issue), <u>aff'd</u>, 131 S. Ct. 2188 (2011); <u>IpVenture, Inc. v. Prostar Computer, Inc.</u>, 503 F.3d 1324, 1327 (Fed. Cir. 2007) (vacating a district court decision based in part on California law, and applying federal law in finding similar promissory language to constitute an "agreement to assign," not an assignment of title).

Contrary to Defendants' contention, the Non-Assertion Agreement does not change the analysis. Although Defendants may be correct that the Agreement does not effect a binding transfer of any UC rights to the patents, it certainly does not "<u>confirm</u>[] . . . the [UC's] ownership rights." (Reply at 6 (emphasis added).) Rather, UC states that it will not assert any rights that it "<u>may</u> have had" in the patents, based on Dr. Kleinrock's representations. (Abrams Decl., Ex. 3 at 2 (emphasis added).)

Defendants also mistakenly argue "that the case must be dismissed" because UC may have "<u>equitable</u> rights to the patentable inventions." (Reply at 5 (emphasis added).) Unlike legal title, "a third party's equitable rights in a patent may not be asserted as a defense in an action for infringement brought by the owner of title to the patent." <u>Mercantile Nat'l Bank of Chicago v. Howmet</u>

5

Corp., 524 F.2d 1031, 1034 (7th Cir. 1975); Advanced Magnetic Closures, Inc. v. Rome Fastener Corp., No. 98 Civ. 7766, 2007 WL 1552395, at *7 (S.D.N.Y. May 29, 2007) (explaining that "'it is no defense that the [plaintiff] obtained or retains title in breach of a contractual or other obligation to another (such as a contractual obligation to assign the patent to an employer or former employer)' and '[s]uch equitable interests do not defeat standing to sue for infringement" (quoting 8 Donald S. Chisum, Chisum on Patents § 21.03) (alterations in original)). Defendants cite no cases to the contrary; the cases they do cite for lack of standing all involve legal title, and it is immaterial "that in some circumstances an equitable owner without legal title may pursue equitable remedies." Top Victory Elecs. v. Hitachi, Ltd., No. C 10-01579, 2010 WL 4722482, at *3 (N.D. Cal. Nov. 15, 2010) (citing Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1578-80 (Fed. Cir. 1991)).

    Similarly, as to Rule 19, Defendants cite no decisions requiring joinder of a party who holds only a potential equitable interest in asserted patents. To the contrary, at least one court has found such a party not indispensable on materially identical facts. See Sigma Eng'g Serv., Inc. v. Halm Instrument Co., 33 F.R.D. 129, 130 (E.D.N.Y. 1963). As the court explained there, a third party's equitable rights "would not entitle [that party] to thereafter sue the defendant although it would entitle it to recover against the plaintiff as trustee." Id. For the same reason, joinder of UC is not necessary here: the court can still accord complete relief among the existing parties; and doing so will not prejudice UC's potential equitable interest or subject

6

Defendants to multiple or inconsistent obligations, since UC can later seek relief from Nomadix but not from Defendants.

**IV.  CONCLUSION**

For all of these reasons, the court finds that joinder of UC is not required for standing or under Rule 19.  The court therefore DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: May 7, 2012

                                        DEAN D. PREGERSON
                                        United States District Judge