O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, a Delaware corporation; WAYPORT, INC., a Delaware corporation; IBAHN CORPORATION, a Delaware corporation; GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., a Canadian corporation; et al. <br><br> Defendants. | Case No. CV 09-08441 DDP (VBKx) <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION RE TRIAL EXHIBIT EXCHANGE** <br><br> [Docket No. 888] |

    Presently before the court is Plaintiff's Ex Parte Application Re Trial Exhibit Exchange ("Application"). Having reviewed the parties' submissions, the court denies the Application, and adopts the following Order.

    Plaintiff Nomadix, Inc. ("Nomadix") is scheduled to go to trial against Defendant Hewlett Packard Company ("HP") in July 2012. In this Ex Parte Application, Nomadix asks the court to allow Nomadix to disclose to HP certain documents that it received

in discovery from other Defendants.  Defendants had designated these documents as confidential and provided them to Nomadix subject to a September 15, 2010 Protective Order, to which the parties had stipulated.  Although the Protective Order authorizes some disclosure of such documents, it does not permit the receiving party to disclose them to other parties or their counsel.

In support of its Application, Nomadix argues that: 1) it only seeks to disclose a limited number of confidential documents to HP; 2) Defendants have already selectively shared certain confidential documents among themselves; 3) the Protective Order clearly contemplates the use of such documents at trial, since they can be disclosed to the court and jurors in this action; and 4) Defendants have not claimed any actual prejudice from the proposed disclosure of the documents, which Defendants unilaterally designated as confidential.  In their Oppositions to the Application, a number of the non-HP Defendants respond that: 1) the parties carefully crafted and negotiated the Protective Order to balance their needs; 2) Nomadix has not specifically identified why it needs to disclose the proposed documents to HP; and 3) these documents are in fact both quantitatively and qualitatively substantial, since they include thousands of pages and contain highly sensitive technical, financial, and sales information.  In its own Opposition, HP adds that Nomadix's late disclosure of the confidential documents would prejudice HP, since fact discovery has closed and HP has therefore lost the opportunity to conduct any discovery as to information contained in the documents.  All of the opposing Defendants also argue that Nomadix has unduly delayed in seeking this modification

to the Stipulated Protective Order, since it could have done so months ago through a regularly noticed motion.

The court need not address the parties' substantive arguments as to the requested Protective Order modification.  The court agrees with the opposing Defendants that Nomadix has not been sufficiently diligent in seeking this modification.  The court approved the stipulated Protective Order in 2010.  In late January 2012, Nomadix provided to HP an expert report with certain portions redacted, because those portions relied on other Defendants' confidential documents.  In February 2012, the parties conferred and Defendants made clear their objections to Nomadix's disclosure of the documents.  Nomadix, however, did not seek to modify the Protective Order until it filed this Ex Parte Application on April 29, 2012.  Accordingly, Nomadix had ample time to file a regularly noticed motion once the disagreement about confidential documents became apparent.  Nomadix failed to do so, and therefore lacks good cause to now modify the protective order.

For all of these reasons, the court hereby DENIES Nomadix's Ex Parte Application.

IT IS SO ORDERED.

Dated: May 24, 2012

DEAN D. PREGERSON
United States District Judge